IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A., AND THE UNKNOWN SPOUSE
OF MONICA L. WELLINGTON,

    Defendant,

and

MONICA WELLINGTON,

    Counter Claimant,

v.

WEINSTEIN & RILEY, P.S., ELIZABETH V.
FRIEDENSTEIN, RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, JP MORGAN CHASE BANK, N.A.,
PROFOLIO HOME MORTGAGE CORPORATION,
MTGLQ INVESTORS, LP,

    Counter Defendants.

## ORDER DENYING MOTION FOR SERVICE
## BY PUBLICATION WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiff's Motion for Service by Publication and

Certification Regarding Due Diligence, filed on August 23, 2017. Doc. 36. In the motion,

plaintiff asks the Court for an order granting permission to serve by publication defendants "The

Monica L. Wellington Declaration of Trust dated December 28, 2007" and The Unknown

Spouse of Monica L. Wellington. *Id*. at 1. Defendant JP Morgan Chase Bank, N.A. concurred in

the motion. *Id*. Defendant Monica L. Wellington filed a response in opposition to the motion. Doc. 40. Plaintiff filed a reply. Doc. 41. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds the motion is not well taken, and it will be denied without prejudice.

Under the Federal Rules of Civil Procedure, a person may be served in a judicial district in the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Thus, in this case, service can be made by following the laws of service for New Mexico, where this Court is located, or by following the laws of service of the state in which the unserved defendants reside. The Court will apply the laws of service for New Mexico. New Mexico's rules governing service allow for both personal service and service "by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint." Rule 1-004(E)(3), (F)(1) NMRA. If personal service and service by mail are unsuccessful, service may be made by "delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of

2

fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process" or by "delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." Rule 1-004(F)(1)–(2) NMRA.

If neither personal service nor service by registered mail is successful, New Mexico's laws of service also allow service to be made by "delivering a copy of the process at the actual place of business or employment of the defendant." *See* Rule 1-004(F)(3) NMRA. Service on an individual trustee is governed by the same rules of service. *See* Rule 1-004(I)(2) NMRA.

If a plaintiff shows by affidavit that service "cannot reasonably be made as provided by this rule," the court may order service by publication. Rule 1-004(J) NMRA. The motion for service by publication must include a copy of the proposed notice. Rule 1-004(K) NMRA. If the Court allows service by publication, the notice must be published once a week for three consecutive weeks in a newspaper of general circulation "in the county which reasonably appears is most likely to give the defendant notice of the action." Rule 1-004(K)(1) NMRA. Courts should permit service by publication only when service has been attempted through the "hierarchy of mechanisms set out under NMRA 1-004(F), and requires that a party requesting service by unconventional methods demonstrate that this hierarchy was followed in detail, although the attempts were unsuccessful." *Soto v. Village of Milan Police Dept., et al*, No. 10cv43 WJ/ACT, Doc. 51 at 5–6 (D.N.M. Sept. 17, 2010); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (due diligence shown in attempt to serve process by carefully following the procedural steps outlined in the state's rule governing service).

In this case, plaintiff submitted an affidavit showing multiple attempts to personally serve defendants "The Monica L. Wellington Declaration of Trust dated December 28, 2007" and the Unknown Spouse of Monica L. Wellington. Doc. 36 at 4-8. The service attempts were made at Monica Wellington's address of record in this case: 13061 Brookpark Rd., Oakland, CA 94619. *Id*. In its complaint, plaintiff asserts that Monica Wellington is the "Trustee of the Monica L. Wellington Declaration of Trust dated December 28, 2007." Doc. 1-1 at 4. Monica Wellington has appeared in this case. Thus, if the complaint is accurate, and if Ms. Wellington is married, it appears likely that "The Monica L. Wellington Declaration of Trust dated December 28, 2007" and the Unknown Spouse of Monica L. Wellington have actual notice of the pendency of this action and are attempting to avoid service of process. Nonetheless, service by publication at this juncture is premature.

Plaintiff states that defendant Monica L. Wellington "has not accepted service on behalf of the Trust, as its Trustee," and that she "has painted an unclear picture as to whether she is married or not," which obviously has hampered plaintiff's attempts to serve these defendants. Doc. 41 at 2.[1] The Court notes that plaintiff has not yet attempted to serve defendants through the hierarchy of means available under New Mexico law—there have been no attempts to serve defendants by registered mail, and no attempts to serve the unknown spouse at his or her place of business or employment. The Court recognizes that service by these methods requires plaintiff

---

[1] Plaintiff further notes that "there is an individual named 'Dave. W' that receives electronic mail Notice from this Court regularly." Doc. 41 at 2. A court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The Court notes that defendant Monica L. Wellington is receiving notice in this case at two email addresses: davew121@hotmail.com, and moniwel@aol.com. The Court also notes that the first of these email addresses appears to belong to David Wellington, who resides at the address that is the subject of the foreclosure in this case, 2124 Altura Verde Ln., Albuquerque, NM 87110. *See Wellington v Daza et al*, 17cv732 KK/LF (D.N.M. July 12, 2017).

to ascertain the identity and location of these defendants. Therefore, rather than granting the motion for service by publication at this time, the Court finds that the better course is to grant plaintiff a period to conduct limited discovery to ascertain the identity and location of the defendants it seeks to serve by publication. Therefore, the Court grants plaintiff a 60-day period to conduct limited discovery to determine whether Monica L. Wellington has a spouse or former spouse, the spouse or former spouse's name, home address, and business address; as well as to obtain copies of trust documents or other information confirming the name and address of the trustee of "The Monica L. Wellington Declaration of Trust dated December 28, 2007." Ms. Wellington must timely comply with all discovery requests that fall within these parameters. At the close of this limited discovery period, plaintiff is granted an additional 30 days to attempt to serve the trustee of "The Monica L. Wellington Declaration of Trust dated December 28, 2007" and any spouse or former spouse of Monica L. Wellington using all methods available under New Mexico law. If these methods are unsuccessful, plaintiff may file a renewed motion for service by publication, documenting its attempts to serve these defendants.

**IT IS SO ORDERED**

_____
Laura Fashing
United States Magistrate Judge