IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

v.                                                                                                   No. 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JPMORGAN
CHASE BANK, N.A., AND THE UNKNOWN SPOUSE
OF MONICA L. WELLINGTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on David Wellington's Motion to Intervene, filed on January 22, 2018.[1] (Doc. 54). Separately, JP Morgan Chase Bank, N.A. ("JP Morgan Chase") and MTGLQ Investors, LP ("MTGLQ") responded on February 5, 2018. (Docs. 58 and 59). Mr. Wellington filed his reply on February 21, 2018. (Doc. 62). Having considered the parties' briefing and the relevant law, the Court denies Mr. Wellington's Motion.

*I. Background*

This Motion is part of a larger foreclosure case. The property in dispute is commonly referred to as 2124 Altura Verde Lane, Albuquerque, NM 87110 ("the Altura Verde property"). (Doc. 1-1) at 3. Mr. Wellington includes three deeds with his Motion. On December 12, 2003, Richard L. Cobb as Trustee of the Ruth E. Michaelsen Revocable Trust Agreement, deeded the Altura Verde property to Ms. Wellington. (Doc. 54, Ex. C). A few years later, on January 28,

---

[1] Monica Wellington consented to Mr. Wellington's Motion. (Doc. 54) at 1.

2007, Ms. Wellington deeded the Altura Verde property to herself as Trustee of the Monica L. Wellington Declaration of Trust. (Doc. 54, Ex. B).

On January 16, 2018, Monica L. Wellington, a Trustee for the Monica L. Wellington Declaration of Trust, conveyed, through a Grant Deed, to Monica L. Wellington and Mr. Wellington the Altura Verde property as joint tenants with right of survivorship. (Doc. 54, Ex. A). Ms. Wellington and Mr. Wellington are siblings. (Doc. 54) at 2. The Grant Deed is accompanied by an Acknowledgment from Guadalupe B. Valdepenas, a Notary Public in the State of California. (Doc. 54, Ex. A).

Mr. Wellington filed this motion six (6) days after Ms. Wellington supposedly created the joint tenancy with right of survivorship, after this foreclosure case commenced.

## II.  Legal Standard

A non-party may intervene in a pending action if he shows "[o]n timely motion…an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation omitted). "The factors of Rule 24(a)(2) are intended to 'capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation,' and '[t]hose factors are not rigid, technical requirements.'" *WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc)).

"While the Tenth Circuit requires that pleadings filed by *pro se* litigants be held to a less stringent standard than that of a lawyer, this District has long insisted that *pro se* parties follow the same rules of civil procedure as any other litigant." *Austin v. Everbank*, 2016 WL 9777221, at *3 (D.N.M.) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Bellmon*, 935 F.2d at 1110. For instance, the Court "will not supply additional facts, nor will [it] construct a legal theory for [a *pro se*] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (*per curiam*).

III. Discussion

MTGLQ and JP Morgan Chase dispute that Mr. Wellington timely filed his Motion and that he has an interest in the Altura Verde property. They also contend Ms. Wellington adequately represents Mr. Wellington's interest, if any. However, there appears to be no dispute as to whether Mr. Wellington's interest in the Altura Verde property may be impaired or impeded by the outcome of the case.[2] (Doc. 58) at 3. The Court will address the disputed issues in turn.

A. Timeliness

"[Courts] determine timeliness 'in light of all of the circumstances.'" *Western Energy Alliance*, 877 F.3d at 1164 (quoting *Okla. ex. rel. Edmonson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010)). "But three non-exhaustive factors are particularly important: (1)

---

[2] MTGLQ contends Mr. Wellington is not a "necessary" party. (Doc. 59) at 1. The Court assumes, however, because the parties do not dispute his interest in the Altura Verde property may be implicated or impaired by this litigation that he is a necessary party. Fed. R. Civ. P. 19(a)(1)(B)(i) (noting that necessary party is one who claims interest that in his absence disposition of action "as a practical matter impair or impede the person's ability to protect the interest"). Moreover, MTGLQ failed to provide any legal citation for its arguments regarding necessity. D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants." *Id.* (internal quotation marks omitted).

Mr. Wellington immediately, within six (6) days, filed his motion after he acquired an interest in the property from Ms. Wellington. Even so, JP Morgan Chase argues it would be prejudiced if Mr. Wellington is allowed to intervene. JP Morgan Chase, however, does not establish how or why it would be prejudiced. Similarly, neither MTGLQ nor Ms. Wellington establish how they would suffer prejudice if Mr. Wellington intervened. Therefore, the Court concludes that the combination of length of time and the lack of prejudice to existing parties together weigh in favor of finding that Mr. Wellington's motion was timely.[3]

### B. Interest in the Subject of the Lawsuit

"Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Coal. of Ariz./New Mexico Ctys. for Stable Econ. Growth v. Dept. of Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (internal quotation marks omitted) (citing *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). "A protectable interest is one that would be impeded by the disposition of the action." *Western Energy Alliance*, 877 F.3d at 1165 (internal quotation marks and citation omitted).

Mr. Wellington has presented evidence he has an interest in the Altura Verde property that is the subject of this foreclosure case. *Cf. Renaissance Ranch, Inc. v. Bluffdale City*, 2007 WL 2815248, at *1 (D. Utah) ("[T]he movants claim an interest relating to the property or transaction that is the subject of this action. More specifically, the movants own property immediately adjacent to or in close proximity to the property at issue in this case."). Specifically, Mr. Wellington attached a Grant Deed conveying to him and Ms. Wellington rights

---

[3] No party addresses the prejudice to Mr. Wellington in the event his Motion is denied.

4

in the Altura Verde property as joint tenants with right of survivorship. This Grant Deed is evidence of Mr. Wellington's interest in the Altura Verde property.

MTGLQ, nonetheless, argues that Mr. Wellington cannot intervene because he holds an unperfected interest in the Altura Verde property because the Grant Deed is unrecorded. MTGLQ further argues that even if Mr. Wellington's interest was recorded, it would be subject to MTGLQ's Notice of Lis Pendens recorded January 26, 2017. (Doc. 59) at 1. The Court is not persuaded for at least two reasons. First, MTGLQ fails to establish, and the Court has not discovered otherwise, why an unperfected interest in the Altura Verde property precludes this Court from finding that Mr. Wellington has an interest in the property. Second, MTGLQ fails to show why notice of *lis pendens* prevents Mr. Wellington from having an interest in the property.

A plaintiff may record a *lis pendens* which "shall be constructive notice to a purchaser or encumbrancer of the property concerned." NMSA 1978, Section 38-1-14 (Cum. Supp. 2015). "[A]ny person whose conveyance is subsequently recorded shall be considered a subsequent purchaser and encumbrancer and shall be bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action." *Id.* "The result of filing a formal notice of *lis pendens* is that anyone dealing with the property in a subsequent transaction is prevented from being a bona fide purchaser without notice." *Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 14, 148 N.M. 322 (emphasis added) (internal quotation marks omitted) (citing 14 Richard R. Powell, *Powell on Real Property* § 82A.03[2] at 82A-20 (2008 ed.) (1949)).

The Court also is not persuaded that Mr. Wellington cannot have an interest in the Altura Verde property simply because MTGLQ filed a Notice of Lis Pendens. A notice of *lis pendens* merely serves to put Mr. Wellington on notice of litigation involving the Altura Verde property.

5

The Grant Deed establishes that Mr. Wellington has an interest in the Altura Verde property, even if that interest arose after the MTGLQ Notice of Lis Pendens was filed. Thus, the Court concludes Mr. Wellington meets the interest requirement to intervene under Rule 24(a)(2). But the inquiry goes further.

### C. Adequate Representation

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its interest is adequately represented by existing parties." *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Regulation Com'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) (internal quotation marks and citations omitted). "This requirement is satisfied where the applicant 'shows that representation of his interest *may be* inadequate'—a 'minimal' showing." *Id.* (alteration in original) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Nonetheless, "[t]he most common situation in which courts find representation *adequate* arises when the objective of the applicant for intervention is identical to that of one of the parties." *Bottoms v. Dresser Industries, Inc.*, 797 F.2d 869, 872 (10th Cir. 1986) (alteration in original).

The Court finds that Mr. Wellington's objective in this case is identical to that of Ms. Wellington. Mr. Wellington notes as much when he states that he joins Ms. Wellington in the then pending motion to dismiss MTGLQ's complaint, and in seeking declaratory relief.[4] (Doc. 54) at 2.

---

[4] On April 27, 2018, this Court issued Memorandum Opinions and Orders explaining why it granted MTGLQ's motion to dismiss Ms. Wellington's amended counterclaims, and why it denied Ms. Wellington's motion to dismiss MTGLQ's complaint. (Docs. 71 and 72). In granting MTGLQ's motion to dismiss, the Court dismissed Ms. Wellington's declaratory judgment claim with prejudice.

Mr. Wellington argues two reasons why Ms. Wellington is an inadequate representative of his interest. First, he asserts that conceptually he has an interest in the Altura Verde property separate from his sister's by the nature of the joint tenancy. This separate interest, he alleges, can only be represented by the person who holds it. Mr. Wellington misconstrues the nature of a joint tenancy. Assuming the joint tenancy creates an interest for Mr. Wellington separate from Ms. Wellington's interest, they are identical interests in the entire property and each is an equal undivided share. *See* NMSA 1978, § 47-1-36 (Cum. Supp. 2015) ("A joint tenancy in real property is one owned by two or more persons, each owning the whole and an equal undivided share."). Mr. Wellington and Ms. Wellington are in the same position with identical interests in the Altura Verde property, and Ms. Wellington is an adequate representative of those interests. *See Bottoms*, 797 F.2d at 872 ("if Bottoms and Foster are partners or co-owners of the patent as Foster claims, they are in the same position as the stockholder and corporation in those derivative actions in which the stockholder sues to vindicate the corporation's rights: Each has an identical interest and motivation in obtaining the greatest possible recovery."). Moreover, Mr. Wellington fails to establish that Ms. Wellington's position in this case is adversarial to or harmful to his interest.

Second, Mr. Wellington argues that Ms. Wellington cannot represent him as his attorney. True enough. Nevertheless, Mr. Wellington fails to show why Ms. Wellington's inability to be his attorney prevents her from adequately representing his interest in the Altura Verde property. Ms. Wellington adequately represents Mr. Wellington's interest because apparently they are in identical positions and they share the same goal: prevent the foreclosure of the Altura Verde property by MTGLQ.

Thus, the Court denies Mr. Wellington's Motion to Intervene. (Doc. 54).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE