IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

v.                                                                                              No. 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JPMORGAN
CHASE BANK, N.A., AND THE UNKNOWN SPOUSE
OF MONICA L. WELLINGTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Mr. Edmund Robinson's "Notice of Disclaimer of Interest and Request for Dismissal," filed on February 12, 2018.[1] (Doc. 60). Plaintiff, MTGLQ Investors, LP ("MTGLQ"), filed a response on February 22, 2018. (Doc. 63). In his notice, Mr. Robinson maintains (1) that this Court lacks personal jurisdiction over him and (2) that he has no interest in the 2124 Altura Verde property ("the Altura Verde property") that is the subject of this case. (Doc. 60). Thus, the Court construes Mr. Robinson's Notice of Disclaimer of Interest and Request for Dismissal as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). For the following reasons, the Court agrees with Mr. Robinson's contentions and dismisses him from this case without prejudice.

"The plaintiff has the burden of proving personal jurisdiction." *Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991) (citation omitted). "When faced with a defendant's motion

---

[1] On March 15, 2018, MTGLQ filed a Certificate of Service explaining that Mr. Robinson was personally served a summons on March 2, 2018. (Doc. 66). Mr. Robinson appears *pro se* before the Court.

to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff is required only to make a *prima facie* showing of personal jurisdiction to defeat the motion." *Tompkins v. Exec. Comm. of S. Baptist Convention*, 2015 WL 1568944, at *4 (D.N.M.) (emphasis added) (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008)). "For the purposes of determining whether a plaintiff has made a *prima facie* showing of personal jurisdiction, the court must accept as true all factual allegations in the complaint." *Id.* (emphasis added) (citing *AST Sports Science, Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)).

Here, MTGLQ fails to provide any helpful factual allegations regarding this Court's jurisdiction over Mr. Robinson. MTGLQ only alleges "[t]he Unknown Spouse of Monica L. Wellington, may claim an interest in the subject Property by reason of Marriage." (Doc. 1-1) at 5, ¶ 21. This allegation alone fails to establish a *prima facie* showing of personal jurisdiction. *See Tompkins*, 2015 WL 1568944, at *4 (explaining that under New Mexico law, courts apply a three-part test to determine specific personal jurisdiction over a defendant, namely, if the defendant's actions fall within New Mexico's long-arm statute, whether plaintiff's claim arises from defendant's actions, and whether defendant's contacts with New Mexico are sufficient to satisfy due process concerns); *see also Willis v. Government Employees Ins. Co.*, 2016 WL 3946782, at *3 (D.N.M.) (same) (citing *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002-NMSC-018, ¶ 8, 132 N.M. 312). MTGLQ fails to establish how its qualified allegation relating to "the Unknown Spouse," shows that Mr. Robinson had contacts with this state and how its claims arise from any of his contacts. Thus, the Court finds that absent a showing of sufficient minimum contacts, MTGLQ has failed to defeat Mr. Robinson's motion pursuant to Rule 12(b)(2). As a result, Mr. Robinson is dismissed from this case without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of

jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Even so, the Court reviews whether MTGLQ has alleged sufficient facts to state a claim pursuant to Rule 12(b)(6) against Mr. Robinson. In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). Nonetheless, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id*.

In its response, MTGLQ broadly asserts that Mr. Robinson "has" an interest in the property, yet it fails to sufficiently plead how Mr. Robinson indeed has an interest. (Doc. 63). As noted above, the only allegation directed at "the Unknown Spouse," Mr. Robinson, is a qualified allegation that he "may" have an interest in the Altura Verde property. (Doc. 1-1) at 5, ¶ 21. This singular allegation alone fails to establish a plausible claim for relief against Mr. Robinson.

Mr. Robinson offers an unqualified statement in his motion that Ms. Wellington acquired the Altura Verde property before their marriage in January 2011, and thus he has no interest in the separate property. *See* NMSA 1978, § 40-3-8(A)(1) (Repl. Pamp. 2014) (" 'Separate property' means:…property acquired by either spouse before marriage or after entry of a decree of dissolution of marriage."). MTGLQ points to Section 40-3-8(C) to argue that the Altura Verde property is quasi-community property, but it fails to allege sufficient facts to plausibly show that the property meets either one of the two statutory definitions of quasi-community property. *See* §§ 40-3-8(C)(1) to -8(C)(2). Thus, MTGLQ fails to allege sufficient facts raising a plausible claim for relief as to Mr. Robinson.

IT IS, THEREFORE, ORDERED that Mr. Robinson's Notice of Disclaimer of Interest and Request for Dismissal be granted and MTGLQ's claims against Mr. Robinson be dismissed without prejudice. Accordingly, "The Unknown Spouse of Monica L. Wellington" will be removed from the caption of this case.

_____
UNITED STATES DISTRICT JUDGE