IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

v.                                                                                No. 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JPMORGAN
CHASE BANK, N.A.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon "Monica Wellington's Motion for Leave to File Second Amended Counterclaim/Third-Party Claim," ("Motion for Leave to Amend") filed June 18, 2018. (Doc. 81). Attached to Ms. Wellington's Motion for Leave to Amend is her proposed "Second Amended Counterclaim/Third-Party Claim of Monica L. Wellington" ("proposed Second Amended Counterclaim"). (Doc. 81-1). On July 2, 2018, MTGLQ Investors, LP ("MTGLQ") filed its response, and, on July 16, 2018, Ms. Wellington filed her reply. (Docs. 84 and 88). Having reviewed the parties' briefing, the proposed Second Amended Counterclaim, and the relevant law the Court grants Ms. Wellington's Motion for Leave to Amend in part, and denies it, in part.

  *I.*    *Background*

This is Ms. Wellington's third attempt at pleading counterclaims against MTGLQ, and third-party claims against Weinstein & Riley, P.S. ("Weinstein & Riley"), Elizabeth V. Friedenstein, and Rushmore Loan Management Services, LLC ("Rushmore"). On May 21,

2017, Ms. Wellington first filed her counterclaims alleging that MTGLQ, Weinstein & Riley, Ms. Friedenstein, and Rushmore violated the Fair Debt Collection Practices Act ("FDCPA") and seeking declaratory judgment against MTGLQ, JPMorgan Chase Bank, N.A., and Profolio Home Mortgage Corporation ("Profolio"). (Doc. 6). Ms. Wellington properly amended her first counterclaims, as a matter of right, and dropped the declaratory judgment claim against Profolio Home Mortgage Corporation. (Doc 12).

MTGLQ, Weinstein & Riley, Ms. Friedenstein, and Rushmore, together and separately, brought motions to dismiss. *See* (Docs. 8, 11, and 24). In a Memorandum Opinion and Order, (Doc. 72), filed April 27, 2018, the Court granted the motions to dismiss Ms. Wellington's amended counterclaims, concluding that she failed to allege sufficient facts to plausibly show that MTGLQ, Weinstein & Riley, Ms. Friedenstein, and Rushmore are debt collectors under the FDCPA. (Doc. 72) at 8-14. Furthermore, the Court determined that Ms. Wellington's declaratory judgment claim failed as a matter of law because she lacked standing to challenge the assignments of her Note and Mortgage. *Id.* at 14-16.

II.   *Motion for Leave to Amend and Proposed Second Amended Counterclaim*

In her Motion for Leave to Amend, Ms. Wellington seeks leave from the Court under Fed. R. Civ. P. 15(a)(2) to file her proposed Second Amended Counterclaim. Ms. Wellington asserts that she has corrected the deficiencies of her previous counterclaims, specifically alleging sufficient facts to plausibly show that MTGLQ, Weinstein & Riley, Ms. Friedenstein, and Rushmore are debt collectors under the FDCPA. In response, MTGLQ argues that Ms. Wellington's Motion for Leave to Amend should be denied because allowing the amendment will create undue delay, result in undue prejudice, the amendment is made in bad faith, and is futile. MTGLQ also urges the Court to consider judicial economy in deciding this motion. In

her reply, Ms. Wellington contends that this case is still in its infancy, there is no prejudice to MTGLQ, and allowing amendment would not be a futile exercise.

Ms. Wellington's proposed Second Amended Counterclaim is largely similar to her previous counterclaims. (Doc. 81-1). The most substantial changes are additional factual allegations as to MTGLQ, Weinstein & Riley, Ms. Friedenstein, and Rushmore's business practices. Otherwise, Ms. Wellington maintains the same thirteen causes of action under the FDCPA that she alleged in her previous filings. Also, Ms. Wellington omits any declaratory judgment claim per the Court's Memorandum Opinion and Order. (Doc. 72).

III.  *Legal Standard*

   A.  *Rule 15(a)(2)*

Rule 15(a)(2) provides that in instances when a party cannot amend as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) also instructs that "[t]he court should freely give leave when justice so requires." Nevertheless, "[t]he Supreme Court has indicated district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

   B.  *Rule 12(b)(6)*

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014) (internal quotation marks and citation omitted). "A complaint is subject to dismissal under [Rule] 12(b)(6) if the

3

plaintiff fails to allege facts that would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1012-1013 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Finally, "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). Nonetheless, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Bellmon*, 935 F.2d at 1110. For instance, the Court "will not supply additional facts, nor will [it] construct a legal theory for [a *pro se*] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (*per curiam*).

IV. Discussion

At the outset, the Court concludes the proposed Second Amended Counterclaim would not create delay, result in undue prejudice, nor was brought in bad faith. The Court also finds

4

that there is no evidence of dilatory motive by Ms. Wellington or failure to cure deficiencies previously noted. Thus, the Court addresses whether Ms. Wellington's proposed amendment would be futile as to any of her thirteen causes of action.

The first cause of action alleges a violation of 15 U.S.C. 1692i; the second, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action allege violations of § 1692e; the third cause of action alleges a violation of § 1692f(1); and, the seventh cause of action alleges a violation of § 1692g(b). Ms. Wellington's FDCPA counterclaims are not futile if she alleges sufficient facts to state plausible claims for relief under the FDCPA. *See Twombly*, 550 U.S. at 570.

"To state a claim under the FDCPA, Plaintiffs must allege sufficient facts to plausibly suggest that [defendant] is a debt collector whose efforts to collect a debt from [them] violated provisions of the FDCPA." *Mbaku v. Carrington Mortgage Servs., LLC*, --- Fed. Appx. ---, 2018 WL 2715055, at *2 (10th Cir.) (citing *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238-1239 (10th Cir. 2013)). Thus, as a threshold matter, to successfully plead a claim under the FDCPA a plaintiff must show that the defendant is a debt collector. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under FDCPA).

### A. Debt Collector Under the FDCPA

There are two primary definitions of "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6). First, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *Id.*; *see also Skinner v. LVNV Funding, LLC*, 2018 WL 319320, at *2-3 (N.D. Ill.) (labeling first definition under Section 1692a(6) the "principal purpose" definition). Second, a debt collector is "[any person] who regularly collects or attempts to collect, directly or indirectly,

5

debts owed or due or asserted to be owed or due another." § 1692a(6); *see also Skinner*, 2018 WL 319320, at *2-3 (labeling second definition under Section 1692a(6) the "regularly collects" definition).

### *1. MTGLQ*

Ms. Wellington alleges that the "main, if not exclusive, business of MTGLQ Investors, LP is obtaining defaulted consumer debts, particularly mortgage claims, and then seeking to collect the full amount of such debts for itself." (Doc. 81-1) at 3, ¶ 5. She also alleges that "[o]ver the last 5 years it [MTGLQ] has sought to collect on thousands of already-defaulted consumer debts it obtained," using the mail or electronic communications in its collections. *Id.*

Taken as true and viewed in the light most favorable to Ms. Wellington, she alleges that MTGLQ has sought to collect on thousands of defaulted debts over the past five years. Perhaps, and taking the allegations as true, the allegations fail to show to any extent this debt collection relative to MTGLQ's general business activity. In other words, Ms. Wellington fails to allege the proportion or percentage of MTGLQ's business that is debt collection. This Court cited approvingly *Hunte v. Safeguard Props. Mgmt., LLC*, 255 F. Supp. 3d 722 (N.D. Ill. 2017).

This Court has quoted *Hunte*: "Congress's use of the definite article to modify 'principal purpose' means that Congress intended to cover only entities having one principal purpose." 255 F. Supp. 3d at 726. While Ms. Wellington's allegations fail to provide context that would illustrate more of MTGLQ's business, the Court finds, in view of the alleged attempt to collect "thousands" of debts over the past five years, that the allegations show a principal purpose to collect already defaulted debts. Furthermore, for purposes of Rule 12(b)(6) the Court does not require the purpose to be "exclusive." Thus, in construing Ms. Wellington's pleadings, the Court

concludes that Ms. Wellington alleges sufficient facts to plausibly show that MTGLQ is a debt collector under the principal purpose definition of the FDCPA.

*2. Weinstein & Riley and Ms. Friedenstein*

Regarding Weinstein & Riley, Ms. Wellington alleges it seeks personal judgments and property foreclosures on behalf of those who acquire already-defaulted consumer debts and to this end have filed thousands of claims within the past few years. *Id.* at 2, ¶ 3. Similarly, Ms. Wellington alleges that Ms. Friedenstein seeks personal judgments and property foreclosures on behalf of her clients, filing dozens of debt collection claims in New Mexico in recent months. *Id.* at 2-3, ¶ 4. Also, Ms. Wellington alleges that Weinstein & Riley, and Ms. Friedenstein are registered as debt collectors under NMSA 1978, § 61-18A-1, et seq. ("Collection Agency Regulatory Act"). *Id.* at 2-3, ¶¶ 3-4.

Viewing these allegations in the light most favorable to Ms. Wellington, she alleges that Weinstein & Riley and Ms. Friedenstein regularly attempt to collect debts on behalf of others. Thus, the Court concludes that Ms. Wellington alleges sufficient facts to plausibly show that Weinstein & Riley and Ms. Friedenstein are debt collectors under the regularly collects definition.

*3. Rushmore*

As to Rushmore, Ms. Wellington alleges that it "has routinely acted on behalf of, and as an agent for, MTGLQ Investors, LP since at least February 2016, and has routinely sought to collect thousands of debt claims acquired by MTGLQ Investors, and others, after they are in default." *Id.* at 3, ¶ 6. Viewing these allegations in the light most favorable to Ms. Wellington, she alleges that Rushmore regularly attempts to collect debts on behalf of others. Thus, the

7

Court concludes that Ms. Wellington alleges sufficient facts to plausibly show that Rushmore is a debt collector under the regularly collects definition.

### B. First Cause of Action – 15 U.S.C. § 1692i

Under the FDCPA, "[f]iling suit in the wrong venue forms the basis for civil liability." *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1502 (D.N.M. 1994) (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1511 (9th Cir. 1994); *Scott v. Jones*, 964 F.2d 314, 318 (4th Cir.1992); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1140 (D.Del.1992)); *see also* 15 U.S.C. § 1692i(a). Ms. Wellington claims that MTGLQ, Weinstein & Riley, and Ms. Friedenstein are liable under Section 1692(i)(a)(2) for bringing a personal judgment claim in New Mexico rather than in California. *See* (Doc. 81-1) at 4, ¶¶ 8-14 (first cause of action). Section 1692i(a)(2) requires that a debt collector's legal action on a debt against a consumer be brought "in the judicial district or similar legal entity…(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." In other words, the personal judgment action could be filed by MTGLQ in either New Mexico or California depending on where Ms. Wellington signed the Note and where she resided at the commencement of this action.

Ms. Wellington alleges that MTGLQ filed a Complaint against her in New Mexico state court, seeking a personal judgment claim. (Doc. 81-1) at 4, ¶¶ 9-10. Ms. Wellington also alleges "Although [MTGLQ's personal judgment] claim alleges Wellington is a resident of Alameda County, California, and the alleged note attached to the complaint fails to show it was executed in New Mexico, the action for this claim was nonetheless filed in New Mexico." *Id.* at 4, ¶ 12. Taking these factual allegations as true, Ms. Wellington fails to plead a plausible claim for relief in that MTGLQ, Weinstein & Riley, and Ms. Friedenstein brought a legal action in an improper

8

venue in violation of Section 1692i(a)(2). Ms. Wellington fails to allege that the Note was executed outside of New Mexico and, therefore, it was improper to file the personal judgment claim in this state. Furthermore, Ms. Wellington fails to allege that she resided in Alameda County at the commencement of this suit. Thus, Ms. Wellington fails to state a plausible claim for relief under the Section 1692i. Therefore, allowing Ms. Wellington leave to amend as to her first cause of action is futile.

> C. *Second, Fourth , Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action – 15 U.S.C. § 1692e*

Ms. Wellington also alleges that MTGLQ, Weinstein & Riley, and Ms. Friedenstein violated the FDCPA by using "false, deceptive, or misleading representation[s] or means in connection with the collection of" the debt at issue in this case. 15 U.S.C. § 1692e. Most of Ms. Wellington's claims under Section 1692e are conclusory allegations that the Note and Mortgage documents attached to MTGLQ's Complaint, *see* (Doc. 1-1) at 8-44, are false, deceptive or misleading. *See* (Doc. 81-1) at 5-10, ¶¶ 15-19, 24-32, 37-48 (second, fourth, sixth, eighth causes of action). Ms. Wellington fails to allege what about the Note and Mortgage documents are false, deceptive, or misleading. At most, Ms. Wellington alleges that swirl markings on the Note, *id.* at 5, ¶ 16, or blacked-out areas on the Mortgage, *id.* at 10, ¶ 46, suggest they are fabrications. However, the Court has already found these documents to not be fabrications or inauthentic, *see* (Doc. 71) at 9-10, and without allegations or evidence to suggest otherwise, the Court finds that Ms. Wellington fails to state a plausible claim for relief as to her second, fourth, sixth, and eighth causes of action. Therefore, because allowing amendment as to these claims is

futile, Ms. Wellington is instructed to omit them from her proposed Second Amended Counterclaim.[1]

In her fifth cause of action, Ms. Wellington alleges that Weinstein & Riley, and Ms. Friedenstein made a false and knowing misrepresentation about MTGLQ notifying her of her default status and demanding payment. (Doc. 81-1) at 8, ¶ 34. Ms. Wellington alleges that MTGLQ "never did any such thing." *Id.* These allegations are inconsistent with other allegations made in Ms. Wellington's thirteenth cause of action that Rushmore, on behalf of MTGLQ, contacted Ms. Wellington about her default and loss mitigation options. *Id.* at 15-16, ¶¶ 76-78. The Court finds Ms. Wellington's fifth cause of action confusing and that it fails to state a plausible claim for relief. Therefore, allowing amendment as to her fifth cause of action is futile.

In her ninth cause of action, Ms. Wellington alleges that Weinstein & Riley and Ms. Friedenstein violated the FDCPA by including false allegations in MTGLQ's Complaint that there was an erroneous release and erroneous assignment of the Mortgage. (Doc. 81-1) at 11, ¶¶ 50-51. Further, Ms. Wellington alleges that the Allonge to Note, attached to MTGLQ's Complaint, indicates that Profolio had no interest in the property to assign, contrary to MTGLQ's statements in its Complaint. *Id.* at 11-12, ¶¶ 53, 56. She also alleges that MTGLQ is barred from bringing a claim in New Mexico because it received its assignment from the Mortgage Electronic Registration Systems, Inc. ("MERS"), which is a foreign corporation and not registered with the New Mexico Secretary of State. *Id.* at 11-12, ¶¶ 54-55. Ms. Wellington

---

[1] Ms. Wellington also alleges violations of the FDCPA that double as arguments raised in her motion to dismiss MTGLQ's Complaint. For example, Ms. Wellington alleges that it was a misrepresentation for MTGLQ to allege in its Complaint that it placed its Mortgage in the hands of Weinstein & Riley and Ms. Friedenstein for collection. Ms. Wellington does not support this allegation and the Court finds that it fails to plausibly show a violation of Section 1692e.

asserts that MERS, and, consequently, MTGLQ violated NMSA 1978, § 53-17-20 (Cum. Supp. 2015), which prohibits foreign corporations from transacting business in this state without a certificate of authority with the Secretary of State.  Viewing these allegations in the light most favorable to Ms. Wellington, she fails to allege facts demonstrating a plausible claim for relief, specifically why the allegations in MTGLQ's Complaint regarding an erroneous release or assignment are misrepresentations or are false.  Regarding Profolio Home Mortgage Corporation and MERS, the Court notes that "a foreign corporation shall not be considered to be transacting business in this state…by reason of…securing or collecting debts or enforcing any rights in property securing them."  § 53-17-1(H) (Repl. Pamp. 2001).  Therefore, the Court finds that allowing amendment to Ms. Wellington's ninth cause of action is futile.

In her tenth cause of action, Ms. Wellington alleges that Weinstein & Riley and Ms. Friedenstein violated 15 U.S.C. § 1692e by alleging in MTGLQ's Complaint that an "Unknown Spouse" may have an interest in the property and serving her husband with a summons and the Complaint.  (Doc. 81-1) at 12, ¶ 60-62.  These allegations fail to state a claim for relief because Ms. Wellington lacks standing to bring a claim on behalf of a spouse.  *See, e.g.*, *Trustees of the Colorado Cement Masons' Pension Trust Fund v. Pellegrini*, 2005 WL 1586565, at *1 (D. Colo.) ("[A] *pro se* party…may respond to claims against her, but she may not file motions or seek relief on behalf of another party.").  Therefore, the Court finds that allowing amendment to Ms. Wellington's tenth cause of action is futile.

In her eleventh cause of action, Ms. Wellington alleges that Rushmore "caused derogatory statements about Wellington to be issued to credit reporting agencies regarding the debt claim" held by MTGLQ and in violation of § 1692e.  (Doc. 81-1) at 13, ¶ 66.  According to Ms. Wellington, some of these statements were based on the action filed by Weinstein & Riley

and Ms. Friedenstein. *Id.* The credit reporting agencies then recorded and published these statements to their subscribers. *Id.* Ms. Wellington alleges that these credit reports resulted in her credit score dropping. *Id.* at 14, ¶ 67. Ms. Wellington alleges, in a conclusory fashion, that the action filed by Weinstein & Riley and Ms. Friedenstein, on behalf of MTGLQ, is baseless. *Id.* at 14, ¶ 68. Viewing these allegations in the light most favorable to Ms. Wellington, the Court finds that she fails to state a plausible claim for relief under the FDCPA. Ms. Wellington asserts that Rushmore's communications were communications of credit information which it knew or should have known were false. This assertion simply reiterates the language of 15 U.S.C. § 1692e(8), and fails to allege facts plausibly suggesting that Rushmore communicated or threatened to communicate credit information it knew to be false or should be known to be false. Moreover, Ms. Wellington's allegation that the action filed by Weinstein & Riley and Ms. Friedenstein, on behalf of MTGLQ, is baseless is a conclusory allegation and not supported by any other facual allegations. Therefore, the Court finds that allowing amendment to Ms. Wellington's eleventh cause of action is futile.

In her twelfth cause of action, Ms. Wellington alleges that Weinstein & Riley and Ms. Friedenstein made a false and misleading representation by filing a Notice of Lis Pendens in the county records. (Doc. 81-1) at 14, ¶ 72. Ms. Wellington supports this allegation by alleging that the Notice of Lis Pendens was false and misleading in that it represented MTGLQ had any "sort of legitimate claim against Wellington and the property at issue." *Id.* at 14-15, ¶ 73. As the Court has demonstrated in its Memorandum Opinion and Order filed April 27, 2018, (Doc. 71), MTGLQ has standing to bring its claim, and, thus, as a matter of law, MTGLQ has a claim against Ms. Wellington regarding the property at issue in this case. Ms. Wellington fails to provide other factual allegations plausibly showing the filing of the Notice of Lis Pendens was

false and misleading. Therefore, the Court finds that allowing amendment to Ms. Wellington's twelfth cause of action is futile.

In her thirteenth cause of action, Ms. Wellington alleges that Rushmore, on behalf of MTGLQ, contacted her through letters since January 2016, attempting to collect the alleged debt owed on her Note. (Doc. 81-1) at 15, ¶¶ 76-78. Ms. Wellington alleges, in a conclusory fashion, that these letters were misrepresentations and false claims that she owed Rushmore in violation of 15 U.S.C. § 1692e. *Id.* at 16, ¶ 79. Viewing Ms. Wellington's factual allegations in the light most favorable to her, she fails to state a claim for relief based only on the fact that Rushmore sent her letters. Therefore, the Court finds that allowing amendment to Ms. Wellington's thirteenth cause of action is futile.

*D. Third Cause of Action – 15 U.S.C. § 1692f(1)*

Ms. Wellington also alleges a violation of 15 U.S.C. § 1692f(1) in her third cause of action. Section 1692f(1) prohibits a debt collector from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* Ms. Wellington alleges that in its Complaint, MTGLQ seeks "any amounts advanced for taxes, assessments, insurance or other expenses…with interest thereon at the current rate of 5.750% per annum from February 1, 2011," and that the Note does not provide for these amounts or at this rate. (Doc. 81-1) at 6, ¶ 21. Although the futility analysis at this point is performed by applying Rule 12(b)(6) to Ms. Wellington's proposed amended counterclaims, the Court recognizes that the Note is in the record before it. The Note explicitly provides that the interest rate before and after default is 5.750%, and that in the case of default, the "Note Holder may require me [Ms. Wellington] to pay immediately the full amount of Principal which has not been paid and all the

13

interest that I owe on that amount." (Doc. 1-1) at 8-9. Furthermore, the Note provides that "[i]f the Note Holder has required me [Ms. Wellington] to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note." *Id.* at 9. Ms. Wellington fails to allege facts showing that the Note is false and that MTGLQ's allegations that it is owed certain amounts at an interest rate of 5.750% is not expressly authorized by the Note. Therefore, the Court finds that allowing amendment to Ms. Wellington's third cause of action is futile.

### E. Seventh Cause of Action – 15 U.S.C. § 1692g(b)

Finally, in her seventh cause of action, Ms. Wellington alleges a violation of 15 U.S.C. § 1692g(b) and § 1692e by Weinstein & Riley and Ms. Friedenstein. Section 1692g(b) governs disputed debts, providing that

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Ms. Wellington alleges that Weinstein & Riley and Ms. Friedenstein attached a document titled "Notice Required by the Fair Debt Collection Practices Act," to MTGLQ's Complaint. (Doc. 81-1) at 9, ¶ 42. Ms. Wellington also alleges that the document states she has thirty (30) days to dispute the validity of the debt claim, but, nevertheless, the debt collector may pursue debt collection immediately. *Id.* While these allegations appear to state an inconsistency, the Court finds that these allegations fail to state a claim for relief under Section 1692g(b). Ms. Wellington does not allege that she attempted to obtain verification of the debt or that Weinstein & Riley or Ms. Friedenstein failed to

14

provide verification of the debt or cease collection of the debt until verification was provided. Ms. Wellington also fails to allege sufficient facts to plausibly suggest that this Notice and the statements therein are misrepresentations or false, thus, failing to state a claim for relief under Section 1692e.

Moreover, the Court has reviewed this document and finds that there is no material inconsistency. The document informs Ms. Wellington that she has an opportunity to dispute the validity of the debt, and upon disputing the debt in writing Weinstein & Riley and Ms. Friedenstein would obtain verification of the debt. (Doc. 1-1) at 7. The document also notes that Weinstein & Riley and Ms. Friedenstein may pursue collection efforts immediately, not that they would continue to pursue collection after a dispute was made by Ms. Wellington. Thus, without any factual allegations that Ms. Wellington disputed the debt or that Weinstein & Riley and Ms. Friedenstein failed to obtain verification of the debt, Ms. Wellington fails to state a plausible claim for relief under Section 1692g(b). Therefore, the Court finds that allowing amendment to Ms. Wellington's seventh cause of action is futile.

V. *Conclusion*

The Court has considered Ms. Wellington's Motion for Leave to Amend and her proposed Second Amended Counterclaim carefully. Ms. Wellington fails to state a plausible claim for relief as to her thirteen causes of actions. Accordingly, the Court denies Ms. Wellington's Motion for Leave to Amend as her proposed Second Amended Counterclaim is futile.

IT IS ORDERED that Ms. Wellington's Motion for Leave to Amend (Doc. 81) is denied.

_____
UNITED STATES DISTRICT JUDGE