IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

v.   No. 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JPMORGAN
CHASE BANK, N.A.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Monica Wellington's [Renewed] Motion to Dismiss Complaint," ("Motion for Reconsideration") filed May 15, 2018.[1] (Doc. 74). On May 29, 2018, MTGLQ filed its response, and on June 6, 2018, Ms. Wellington filed her reply. (Docs. 76 and 78). Having considered the parties' briefing and the relevant law the Court denies Ms. Wellington's motion.

Furthermore, the Court also issued a related Memorandum Opinion and Order (Doc. 97) in which it concluded that Ms. Wellington has sufficiently alleged that MTGLQ is a debt collector, but fails to plead a plausible violation of the Fair Debt Collection Practices Act's ("FDCPA") venue provision, 15 U.S.C. 1692i. In particular, Ms. Wellington fails to allege that the Note was signed outside of New Mexico or that she resided in California at the commencement of this action. As explained below, to the extent that Ms. Wellington moves for

---

[1] Although styled as a Renewed Motion to Dismiss, Ms. Wellington's motion will be analyzed as a motion for reconsideration of the Court's decision denying her previous motion to dismiss MTGLQ Investors, LP's ("MTGLQ") Complaint. (Doc. 71).

a transfer of venue, the Court considers it moot for failure to make an adequate showing for such a transfer.

I. *Background*

This is not Ms. Wellington's first attempt to dismiss MTGLQ's Complaint. MTGLQ's Complaint contains a personal judgment claim and a foreclosure claim. (Doc. 1-1) at 1-6. MTGLQ attached to its Complaint, a copy of the Note, Allonge to Note, Mortgage, and Assignment of Mortgage related to Ms. Wellington's 2124 Altura Verde property ("Altura Verde property") that is at the heart of this dispute. (Doc. 1-1) at 8-47; *see also* (Doc. 71) at 4. On June 23, 2017, Ms. Wellington filed a motion to dismiss MTGLQ's complaint. (Doc. 9). In this motion to dismiss, Ms. Wellington argued that MTGLQ's Complaint should be dismissed (1) for failure to state a claim for relief, (2) for a violation of the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), and (3) seeking the dismissal of "The Unknown Spouse of Monica Wellington." The Court considered these arguments and denied Ms. Wellington's motion in a Memorandum Opinion and Order ("MOO"), filed on April 27, 2018, finding, *inter alia*, that MTGLQ has standing to enforce the Note and foreclose the Mortgage; the documents attached to the Complaint were not altered or fabricated; Fed. R. Civ. P. 9(b) does not apply to MTGLQ's allegations; MTGLQ's personal judgment claim is timely; and, Ms. Wellington cannot represent the interest of another party. (Doc. 71).

II. *Ms. Wellington's Motion for Reconsideration*

In her Motion for Reconsideration, Ms. Wellington requests that the Court either dismiss MTGLQ's Complaint in its entirety, or transfer the personal judgment claim to a California court. Ms. Wellington offers four reasons in support of her motion. First, she asserts that the FDCPA applies to MTGLQ's personal judgment claim and therefore the venue provision of the

2

FDCPA prohibits this Court from hearing that claim. Second, she asserts that MTGLQ's allegation that JPMorgan Chase Bank, N.A., may have an interest in the Altura Verde property demonstrates that MTGLQ lacks standing to foreclose on the property. Third, she asserts that MTGLQ's allegation that the Mortgage is in the hands of its counsel demonstrates that MTGLQ lacks standing to foreclose on the property. Fourth, she asserts that the Court did not apply the heightened pleading standard under Rule 9(b) to MTGLQ's allegations of an erroneous assignment or release of the Mortgage in its Complaint. Ms. Wellington contends that these allegations amount to allegations of mistake that trigger Rule 9(b).

In response, MTGLQ argues that the FDCPA venue argument should be dismissed because the Court concluded in another Memorandum Opinion and Order (Doc. 72), also filed April 27, 2018, that Ms. Wellington failed to allege sufficient facts in her amended counterclaim showing MTGLQ was a debt collector under the FDCPA. MTGLQ notes that the Court decided the standing issue in its MOO (Doc. 71) concluding that MTGLQ has shown standing to enforce the Note and foreclose on the Mortgage. MTGLQ does not address whether the Court erred in failing to apply Rule 9(b) to MTGLQ's allegations of an erroneous assignment or release.

In her reply, Ms. Wellington reiterates her four reasons for dismissal or transfer of the personal judgment claim. Ms. Wellington does request, for the first time, "limited discovery in order to uncover whatever facts may be essential" to the FDCPA venue issue.[2] (Doc. 78) at 4 n.4.

III.    *Legal Standard*

Ms. Wellington's Motion for Reconsideration is "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to

---

[2] Ms. Wellington's discovery request is moot in light of the recent Scheduling Order by Magistrate Judge Laura Fashing. (Doc. 93).

3

entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). The Tenth Circuit analyzes motions to reconsider interlocutory orders, like this one, under Rule 54(b) and looks to Rule 59(e) for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that, in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).").

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g.*, *Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed.R.Civ.P. 59(e)"). Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not precisely defined "manifest injustice" within the meaning of Rule 59(e), that term is commonly defined as "[a] direct, obvious, and observable error in a trial court...." Black's Law Dictionary (10th ed. 2014). Furthermore, Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

IV. Discussion

    A. *Venue*

Ms. Wellington's FDCPA venue argument is unavailing; she has failed to show that the venue provision of the FDCPA requires transfer of MTGLQ's personal judgment action. Here,

MTGLQ brings both a personal judgment claim and a foreclosure claim in its Complaint. Ms. Wellington contends that because the personal judgment claim seeks to collect a debt, the venue provision under the FDCPA requires this Court to transfer the personal judgment claim to California.[3] In its Memorandum Opinion and Order (Doc. 97), the Court concluded that Ms. Wellington alleges sufficient facts to plausibly suggest that MTGLQ is a debt collector under the principal purposes definition.[4] (Doc. 97) at 6. Ms. Wellington has not shown, however, that the FDCPA requires transfer of the personal judgment claim or even that there is a violation of the FDCPA venue provision. Therefore, the Court finds that Ms. Wellington's venue argument is moot.

### B. Ms. Wellington's Standing Arguments

Ms. Wellington argues MTGLQ lacks standing as to his foreclosure claim because of two allegations in its Complaint. This argument, like the others, was raised in the initial Motion to Dismiss. Specifically, Ms. Wellington argues that MTGLQ's allegation that JPMorgan Chase Bank, N.A., may have an interest in the Altura Verde property is contrary to MTGLQ's standing to foreclose on the property. (Doc. 1-1) at 5, ¶ 20. Similarly, Ms. Wellington asserts that MTGLQ's allegation that it placed the "Mortgage in the hands of the undersigned counsel for

---

[3] Ms. Wellington argues that California is the proper venue because the personal judgment action is not an action to enforce an interest in real property and, therefore, it can only be brought "in the judicial district or similar legal entity… (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). Ms. Wellington contends that there is no evidence showing that the contract, Note, was signed in New Mexico. MTGLQ did not address this contention.

[4] The Court emphasizes that its conclusions in its Memorandum Opinion and Order (Doc. 97) concluding that MTGLQ is a debt collector is not an evidentiary determination. Rather, in that Memorandum Opinion and Order, the Court applied a Rule 12(b)(6) analysis to determine whether Ms. Wellington sufficiently alleged that MTGLQ is a debt collector and whether it violated the FDCPA.

collection and foreclosure," is contrary to MTGLQ's standing to foreclose on the property. (Doc. 1-1) at 4, ¶ 17.

Ms. Wellington fails to provide legal authority to support this argument. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Instead, Ms. Wellington presents her renewed standing arguments as a matter of logic. Perhaps there is logic in this argument, but the Court is not persuaded that clear error or manifest injustice results from the conclusion that MTGLQ has shown standing to proceed on its foreclosure claim. MTGLQ has shown standing to enforce the Note by attaching to the Complaint a copy of Ms. Wellington's Note and the Allonge to Note. *See* (Doc. 71) at 8. Accordingly, the Court denies Ms. Wellington's renewed standing arguments.

*C. Ms. Wellington's Rule 9(b) Argument*

Ms. Wellington again raises her Rule 9(b) argument in her Motion for Reconsideration. Ms. Wellington contends that the "Court also seems to re-write Rule 9(b) to exclude the 'mistake' language" based on the Court's analysis in its MOO (Doc. 71). Ms. Wellington asserts that two of MTGLQ's allegations in its Complaint are allegations of mistake:

> 12. The Mortgage was erroneously released by Mortgage Electronic Registration Systems, Inc. by a Release of Mortgage recorded November 1, 2012 as Document No. 2012115594, with the office of the County Clerk of Bernalillo County.
>
> 13. The Mortgage was thereafter erroneously assigned from Mortgage Electronic Registration Systems, Inc. as nominee for Profolio Home Mortgage Corporation, its successors and assigns to JPMorgan Chase Bank, National Association by an Assignment of Mortgage recorded November 13, 2012 as Document No. 2012115594, with the office of the County Clerk of Bernalillo County.

(Doc. 1-1) at 3, ¶¶ 12 and 13.

While there may be legitimate disagreement about whether these allegations amount to allegations of mistake, assuming that Rule 9(b) applies, the allegations are acceptable and need

not be stricken. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006) (quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). The allegations state who: Mortgage Electronics Registration Systems, Inc.; what: erroneously released or assigned the Mortgage; when: on November 1 and 13, 2012; where: recorded in Bernalillo County in the state of New Mexico; and how: by transfer or release of the Mortgage. Accordingly, Ms. Wellington's renewed Rule 9(b) argument is unavailing.

Finally, Ms. Wellington argues that if the Mortgage was released then it is implied that the Mortgage was satisfied, which "contradicts any claim of anything being owed." (Doc. 74) at 4. Ms. Wellington fails to provide citation to legal authority for this argument and therefore the Court does not consider it at this time. Local Rule 7.3(a).

For the foregoing reasons, the Court denies Ms. Wellington's Motion to Reconsider. (Doc. 74).

_____
UNITED STATES DISTRICT JUDGE