IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                            1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

    Defendants.

**ORDER GRANTING IN PART**
**MONICA WELLINGTON'S MOTION TO COMPEL DISCLOSURES**

THIS MATTER is before the Court on Defendant Monica Wellington's Motion to Compel Disclosures, filed on August 20, 2018. Doc 99. Plaintiff MTGLQ Investors, LP ("MTGLQ") filed a Response on August 30, 2018. Doc. 102. Defendant filed a reply on September 7, 2018. Doc. 105. Having reviewed the parties' filings and the relevant law, the Court finds the motion well-taken in part, and will therefore GRANT it IN PART.

Ms. Wellington's motion asks the Court to order MTGLQ to disclose "names and contact information of known witnesses" and "a computation of damages" as required by FED. R. CIV. P. 26(a)(1)(A)(i) and (iii). Doc. 99 at 1–2. Ms. Wellington also complains that plaintiff's attorney Elizabeth Friedenstein did not sign the initial disclosures, as required by FED. R. CIV. P. 26(g). *Id*. at 2–3. "In alternative" to the Court ordering MTGLQ to provide the requested information, Ms. Wellington asks the Court to exclude the non-disclosed information, pursuant to FED. R. CIV. P. 37(c). *Id*. at 4.

MTGLQ argues that it provided all initial disclosures required under Rule 26 "in a timely manner." Doc. 102 at 2–3. MTGLQ argues that some of the initial disclosures were made in the Joint Status Report, as allowed by local rule. *Id*. at 2 (citing D.N.M.LR-Civ. 26.3(c)). In its response to the motion, MTGLQ also provided for the first time a list of employees for Rushmore Loan Management Services, LLC—its loan servicer and agent—that it intends to call as its "corporate witness or witnesses to testify regarding Rushmore's and Plaintiff's relationship, Rushmore's servicing of Defendant Monica Wellington's loan, including any and all workout and loan modification efforts related to the loan, testify to the Note, Mortgage, default, amounts due, as well as all allegations made in the Complaint or any pleading, along with their process in maintaining original documents." *Id*.

For the reasons discussed below, the Court finds that those initial disclosures provided by MTGLQ prior to Ms. Wellington filing her motion to compel were insufficient. However, these insufficiencies have now been remedied. The Court will not exclude the previously non-disclosed information, as the failure to disclose is harmless.

Initial disclosures required under Federal Rule of Civil Procedure 26 include the following:

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> . . .
> **(iii)** a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(i), (iii). Generally, a party must make initial disclosures at or within 14 days after the parties' Rule 26(f) conference. FED. R. CIV. P. 26(1)(C). A party must

2

supplement or correct its disclosure upon learning that it is materially incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1).

In this case, MTGLQ claims that it adequately disclosed "the name and, if known, the address and telephone number of each individual likely to have discoverable information," as required by FED. R. CIV. P. 26 (a)(1)(A)(i), in the Joint Status Report. Doc. 102 at 2, 23. In the witness section of the Joint Status Report, however, MTGLQ stated only that "its representative(s) will testify regarding the allegations in the Complaint and facts related to the Loan." Doc. 90 at 6. Courts have held that "initial disclosures generically listing custodian of records or corporate representatives to be insufficient compliance with Rule 26(a)(1)(A)(i)." *Rogers v. Bank of Am., N.A.*, No. CIV.A. 13-1333-CM-TJ, 2014 WL 4681031, at \*6 (D. Kan. Sept. 19, 2014) (citing *Lyon v. Banks Life and Casualty Co., No.* 09–5070–JLV, 2011 WL 124629, at \*6 (D.S.D. Jan.14, 2011) ("It is not a good faith response to the obligation of a party under Rule 26(a)(1)(A)(i) to simply identify those 'individuals' as corporate representatives, with no reference to the subject areas of their testimony, and then to identify their generic address as the address of defense counsel.")). MTGLQ, however, disclosed specific names and addresses in its response to this motion. *See* Doc. 102 at 3. If Ms. Friedenstein serves as counsel for these witnesses, these witnesses may be contacted through her. *Id*. at 2. Ms. Friedenstein is hereby directed to notify Ms. Wellington if she serves as counsel to these witnesses, <u>or</u> to provide the telephone numbers for these witnesses within seven days of this order. This issue therefore is now moot.

Defendant's second issue—that plaintiff failed to provide "a computation of damages" in its initial disclosures—is also moot. In the complaint, plaintiff asked for foreclosure "in the sum of $125,049.37, plus late charges, plus any amounts advanced for taxes, assessments, insurance

3

or other expenses necessary to preserve the Property with interest thereon at the current rate of 5.750% per annum from February 1, 2011, until paid." Doc. 1-1 at 5. In addition, in response to defendant's motion, plaintiff provided a copy of their business records in relation to defendant's request for damages. Doc. 102 at 3, 26–30. The Court finds that MTGLQ has provided plaintiff with an adequate computation of damages.

Finally, the Court finds Ms. Wellington's complaint that MTGLQ's disclosures were not signed to be without merit. Each of the documents containing the initial disclosures are signed, as required by Federal Rule of Civil Procedure 26(g). *See* Complaint (Doc. 1-1 at 6), Joint Status Report (Doc. 90 at 9), August 10, 2018 email (Doc. 102 at 24), response to instant motion (Doc. 102 at 3).

The Court finds that any delay in providing these disclosures is harmless, and exclusion of this information at a hearing or at trial therefore is not warranted. *See* FED. R. CIV. P. 37(c). Discovery does not end in this case until February 1, 2019. Doc. 93 at 2. This case is in the early days of its scheduling order, and defendant still has ample time to engage in discovery after obtaining these initial disclosures.

Ms. Wellington asks the Court to "impose a monetary sanction of at least $100" for having to make the motion. Doc. 105 at 2-3. Pro se parties are not entitled to attorney's fees, and the Court will not impose any monetary sanction.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

4