IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                                                             1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

    Defendants.

## ORDER DENYING MONICA WELLINGTON'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM JPMORGAN CHASE BANK

THIS MATTER is before the Court on Defendant Monica Wellington's Motion to Compel Interrogatory Responses from JPMorgan Chase Bank ("JPMC"), filed on October 10, 2018. Doc 108. Defendant JPMC filed a response on October 24, 2018. Doc. 110. Ms. Wellington filed a reply on November 7, 2018. Doc. 116. Having reviewed the parties' filings and the relevant law, the Court will DENY the motion because it is untimely.

Ms. Wellington's motion asks the Court to compel JPMC to provide answers to her first set of interrogatories. Doc. 108. JPMC provided answers to the interrogatories via United States Postal Service mail on September 6, 2018. Doc. 108-2.[1] A party served with objections to interrogatories must file his or her motion to compel within twenty-one (21) days of service of the objections. D.N.M.LR-Civ. 26.6. Thus, the deadline for Ms. Wellington to file her motion

---

[1] Interrogatory answers may be served by "mailing [them] to the person's last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C).

to compel was September 27, 2018. Ms. Wellington did not file her motion until October 10, 2018, thirty-four (34) days after she received the objections. *See* Doc. 108. The motion therefore is untimely, and the Court will deny it.

In her reply, Ms. Wellington asks the Court to waive the deadline set in D.N.M.LR-Civ. 26.6 in order to "avoid injustice." Doc. 116 at 2. The Court may change the 21-day period for a party to file a motion to compel if a party shows "good cause" for failure to comply with the deadline. D.N.M.LR-Civ. 26.6. The Court also may waive the local rules in order "to avoid injustice." D.N.M.LR-Civ. 1.7. Ms. Wellington, however, fails to show either "good cause" for her failure to comply with the deadline, or any injustice that would result from the Court enforcing its local rule. The three cases on which Ms. Wellington relies in her reply involved extenuating circumstances, which led the Court to excuse the moving party's late filing or non-compliance with the local rules. *E.g.*, *Benavidez v. Sandia Nat'l Laboratories et al*, 15-cv-00922-JB-LF, Doc. 94 at 54−55 (D.N.M. March 30, 2017) (Court excused plaintiff's failure to meet and confer because plaintiff attempted to confer, and because the motion raised real discovery disputes that the Court needed to resolve); *Pueblo of Jemez v. United States*, 12-cv-00800-JB-JHR, Doc. 218 at 7 (D.N.M. June 13, 2018) (Court excused defendant's late filing of motion to compel because parties had stipulated to a "suspension" the of applicable rules); *Cabot v. Wal-Mart Stores, Inc.*, 11-cv-00260-JB-RHS, Doc. 81 at 19−20 (D.N.M. Feb. 16, 2012) (Court excused plaintiff's late filing of motion to compel because parties had been trying to resolve the dispute, and defendant did not object to the motion as untimely). None of these extenuating circumstances are present here. Ms. Wellington argues only that "21 days is simply an insufficient amount of time" for her to file her motion to compel, given that she was simultaneously involved in a discovery dispute with MTGLQ. Doc. 116 at 2–3. The Court does

not find this to be an extenuating circumstance that would warrant excusing Ms. Wellington's failure to comply with the Court's local rule.

Ms. Wellington next asks the Court for an extension of time under Federal Rule of Civil Procedure 6(b). Doc. 116 at 2. This rule allows the Court to extend the time to act:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b). Thus, a party requesting a post-deadline extension must do so by motion and must demonstrate that the party's failure to meet the deadline was the result of excusable neglect. *Lujan v. Defenders of Wildlife*, 497 U.S. 871, 896 (1990).

First, Ms. Wellington did not file a motion requesting an extension of time, as required under Rule 6(b)(1)(B). Ms. Wellington first requested an extension of time to file the instant motion to compel in her reply, on November 7, 2018. Doc. 116 at 2. Arguments raised for the first time in a reply brief are deemed abandoned or waived. *See United States v. Redcorn*, 528 F.3d 727, 737 n.4 (10th Cir. 2008).

Second, even if Ms. Wellington had filed a motion, she fails to show "excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). The only reason Ms. Wellington offers for her failure to timely file her motion to compel is that "[s]he was dealing with having to analyze all 16 responses from 2 different parties, attempt resolution with each, and then prepare two separate motions. . . . 21 days is simply an insufficient amount of time for doing all the above by one lone lay person." Doc. 116 at 3. However, "it is widely accepted that neglect due to a busy schedule is not excusable." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006)).

3

The Court finds Ms. Wellington's motion to be untimely, and it will be denied on this basis. Ms. Wellington is hereby ordered to pay the reasonable expenses JPMC incurred in opposing this motion, including attorney's fees. *See* FED. R. CIV. P. 37(a)(5)(B). JPMC shall submit its affidavit of expenses no later than December 14, 2018. Ms. Wellington may file objections to the affidavit of expenses no later than December 28, 2018.

Defendant Monica Wellington's Motion to Compel Interrogatory Responses from JPMorgan Chase Bank (Doc. 108) is DENIED.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge