IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                                 1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

    Defendants.

## **ORDER GRANTING MTGLQ's MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on plaintiff MTGLQ Investors, LP's ("MTGLQ") Motion for Protective Order and Notice of Non-Appearance on Defendant's Notice of Deposition of Plaintiff's Counsel, filed on October 26, 2018. Doc. 111. Defendant Monica Wellington filed a response on November 9, 2018. Doc. 118. MTGLQ filed a Notice of Completion on November 13, 2018. Doc. 120. Having reviewed the parties' filings and the relevant law, the Court finds the motion is well-taken and will GRANT it.

MTGLQ asks the Court for an order relieving its counsel, Elizabeth Friedenstein, from attending or responding to defendant Wellington's notice of deposition. Doc. 111. Ms. Wellington served Ms. Friedenstein with a notice of deposition on October 25, 2018. *Id*. at 1, 7. Ms. Wellington advised Ms. Friedenstein via email that she intended to depose her because she was "the sole signatory witness on interrogatory responses," and "stated [she herself] had received (and [is] apparently the custodian of) certain mortgage documents, and your complaint alleges the 'mortgage was placed in [your] hands for collection and foreclosure.'" *Id*. at 5.

Ms. Wellington's claim that she is entitled to depose Ms. Friedenstein because she is the "sole signatory witness on interrogatory responses" is without merit. Under the federal rules governing interrogatories, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(5). In this case, Ms. Friedenstein signed the objections to the interrogatories. Doc. 107-2 at 12. A verification was attached to the interrogatories, signed my Michael Bennett, an employee of Rushmore Loan Management Services, LLC. *Id.* at 14. This verification stated that the answers to the interrogatories were "assembled by employees of the Plaintiff, with the assistance of counsel, based on a review of the loan records and from personnel in the appropriate offices and departments of the corporation. The matters stated herein are true and correct to the best of my knowledge and belief based upon records and information available at this time." *Id*. The verification form is subscribed and sworn. *Id*. This verification meets the requirements of Rule 33(b)(5). The Court discerns no violations of the requirements of Rule 33. Ms. Wellington, thus, is not entitled to depose Ms. Friedenstein on this basis.

Ms. Wellington's claim that she is entitled to depose Ms. Friedenstein because she is the custodian of certain mortgage documents is similarly without merit. Ms. Friedenstein argues that the requested discovery is "purely focused on Defendant's counterclaims and affirmative defenses on standing, that have been overruled and denied." Doc. 111 at 3. The Court agrees. The Court dismissed Ms. Wellington's claims against Ms. Friedenstein in their entirety. Doc. 72. Specifically, the Court held that "Ms. Wellington lacks standing to challenge the assignments of her promissory note and mortgage." *Id.* at 16.[1]

---

[1] MTGLQ also points out that it "has provided business records to show the loan was transferred to Plaintiff on November 1, 2016, and service transferred to Rushmore Loan Management Services, LLC. The documents show that Plaintiff's counsel, Weinstein & Riley, P.S., received

Ms. Friedenstein is not a party to this lawsuit. Ms. Wellington has proffered no legitimate reason to depose plaintiff's counsel. The Court therefore GRANTS MTGLQ's Motion for a Protective Order and finds that Ms. Friedenstein has no duty to attend or respond to Ms. Wellington's Notice of Deposition. Ms. Wellington is hereby ordered to pay MTGLQ's attorney's fees and costs in bringing this motion. *See* FED. R. CIV. P. 26(c)(3); 37(a)(5)(A). MTGLQ shall submit its affidavit of expenses no later than December 14, 2018. Ms. Wellington may file objections to the affidavit of expenses later than December 28, 2018.

MTGLQ Investors, LP's Motion for Protective Order and Notice of Non-Appearance on Defendant's Notice of Deposition of Plaintiff's Counsel (Doc. 111) is GRANTED.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

---

the original Note in its office as bailee/agent of Plaintiff, prior to the filing of the complaint. Again, this Court has already decided the issue of standing in favor of Plaintiff." Doc. 109 at 3.