IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

     Plaintiff,

vs.                                 Civ. No. 17-cv-00487 KG/LF

MONICA L. WELLINGTON;
THE MONICA L. WELLINGTON
DECLARATION OF TRUST DATED
DECEMBER 28, 2007; and
ALTURA VILLAGE HOMEOWNERS'
ASSOCIATION, INC.

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon *pro se* Defendant Monica L. Wellington's

(Wellington) "Notice of Probable Lack of Diversity & Jurisdiction" (Notice), filed November 19,

2018. (Doc. 122). The Court construes the Notice as a motion to (1) order Plaintiff and JP

Morgan Chase Bank, N.A. (JP Morgan) "to disclose their citizenship" so the Court can decide

whether it has diversity jurisdiction, and (2), in the alternative, to vacate rulings related to the

Complaint for Debt and Money Due and for Foreclosure (Complaint) (Doc. 1-1) for lack of

diversity jurisdiction. (Doc. 122) at 4-5. Also, before the Court is "Plaintiff's Motion to Strike

Defendant Wellington's Notice of Probable Lack of Diversity & Jurisdiction and Plaintiff's

Motion for Sanctions" (Motion to Strike), filed December 3, 2018. (Doc. 125). Wellington filed

a response to the Motion to Strike on December 18, 2018. (Doc. 137). Having considered the

Notice, the Motion to Strike, and Wellington's response, the Court denies the Motion to Strike,

grants Wellington's request for information on the citizenship of Plaintiff and JP Morgan, stays

the case pending resolution of the diversity issue, and denies Wellington's request to vacate rulings as premature.

A.      *Plaintiff's Motion to Strike*

Plaintiff brings its Motion to Strike pursuant to Fed. R. Civ. P. 12(f).  Rule 12(f) provides that a court may strike an insufficient defense or certain matters "from a pleading…."  A Colorado district court explained that

> [o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike.

*Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan for Emloyees*, 2009 WL 5210498, at *1 (D. Colo.) (citation omitted).  *Accord Ysais v. New Mexico Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009), *aff'd sub nom. Ysais v. New Mexico*, 373 Fed. Appx. 863 (10th Cir. 2010) (observing that "[g]enerally ... motions, briefs, and memoranda may not be attacked by a motion to strike").  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" *Id.* (quoting Fed. R. Civ. P. 7(a)(1-7)).  Wellington's Notice is not a "pleading" as defined above and is, in effect, a motion.  Consequently, the Court cannot strike the Notice under Rule 12(f).

Plaintiff contends that the Court should also strike the Notice because Wellington failed to comply with the following motion requirements under Local Rule 7.1(a):  to "state with particularity the grounds and the relief sought," and to determine if "a motion is opposed…."  Local Rule 7.1(a) further provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

Although a court cannot strike a "motion" under Rule 12(f), a court has the discretion to strike a filing, including a motion, when it does not comply with local rules. *Ysais*, 616 F.Supp.2d at 1184 (observing that court can "choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court" (citation omitted)). *See also Hernandez v. George,* 793 F.2d 264, 266 (10th Cir.1986) (recognizing "that district courts have discretion in applying local rules."). Even so, Local Rule 1.7 provides that "[t]hese rules may be waived by a Judge to avoid injustice."

Wellington argues that she did not need to follow the Local Rules because they pertain to motions and not to notices like the one she filed. The Court, however, construes the Notice as a "motion" because Wellington raises particular grounds to support specific relief, i.e., Wellington argues that potential lack of diversity jurisdiction requires jurisdictional discovery or, in the alternative, vacating rulings. Because Wellington's Notice is effectively a motion, she must follow the Local Rules related to motions. *See Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002) (noting that although courts "liberally construe *pro se* pleadings," a "*pro se* status does not relieve [the *pro se* litigant] of the obligation to comply with procedural rules").

The Court acknowledges that it must consider the issue of federal jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Accordingly, justice requires that the Court waive the Local Rules to address the jurisdictional issues raised in the Notice. The Court, therefore, will not strike the Notice based on Wellington's failure to comply with the Local Rules.

For the above reasons, the Court will deny Plaintiff's request to strike the Notice. The Court, however, will address the Motion to Strike to the extent it substantively responds to the Notice. The Court will also address Plaintiff's request that the Court sanction Wellington.

B.      *Wellington's Notice*

Wellington argues first that "[d]iversity of citizenship is questionable as between plaintiff MTGLQ Investors, LP, and co-defendant JP Morgan Chase Bank, N.A." (Doc. 122) at 1. In October 2018, Plaintiff responded to an interrogatory asking to identify its partners and the percentage of ownership of each partner by stating that it is a Delaware limited partnership comprised of a limited partner, Goldman Sachs Group, Inc., which holds a 99% interest in the partnership, and a general partner, MLQ, LLC, which holds a 1% interest in the partnership. (Doc. 122-2) at 3-4. Wellington contends that Goldman Sachs Group, Inc. is a New York company but that the membership of MLQ, LLC "is unknown at this time." (Doc. 122) at 2-3. Wellington believes that JP Morgan "is either a citizen of New York, Ohio, or both." *Id.* at 3. Wellington asserts that without diversity of citizenship between Plaintiff and JP Morgan, a jurisdictional defect, the Court did not have diversity jurisdiction at the time of removal and that the Court, thus, lacks subject matter jurisdiction over this lawsuit. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction requires action "between … citizens of different States" as well as an amount in controversy exceeding $75,000).[1]

Second, Wellington argues that removal was improper or procedurally defective for two reasons. Under 28 U.S.C. § 1441(b)(2), the forum defendant rule, an action otherwise removable on the basis of diversity jurisdiction may not be removed if a defendant "is a citizen of the State

---

[1] The amount in controversy requirement is met in this case. *See* Complaint (Doc. 1-1) at 5, ¶ A (Plaintiff seeks $125,049.37, plus interest and other charges).

in which such action is brought." In this case, Defendant Altura Village Homeowners' Association, Inc. (Altura) is a citizen of New Mexico, the forum state, a violation of the forum defendant rule. *See* (Doc. 122-3). Under Section 1446(b)(2)(A), the unanimity rule, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, not all Defendants joined in or consented to the removal proceeding, a violation of the unanimity rule.

C.     *Plaintiff's Response to Wellington's Notice*

Plaintiff argues first that, as a removing Defendant, Wellington cannot now raise "probable" jurisdictional issues, especially since the Court has already entered a judgment as to JP Morgan on August 21, 2018. *See* (Doc. 100). The judgment against JP Morgan specifically states that "[t]his Court has jurisdiction over the parties and the subject matter of this action." *Id.* at 1, ¶ 1. Moreover, Plaintiff cites *Lockwood Corp. v. Black* for the proposition that a court cannot address a subject matter jurisdiction question once a court has entered a judgment. *See* 669 F.2d 324 (5th Cir. 1982). In *Lockwood*, the plaintiff, instead of the defendants, removed the case to federal court and the trial court subsequently entered judgment in favor of the plaintiff. *Id.* at 325. On appeal, the Fifth Circuit observed two jurisdictional issues: (1) improper removal by a plaintiff, *see* 28 U.S.C. § 1441(a) (defendant may remove), a procedural defect in the removal procedure, and (2) lack of amount in controversy to establish diversity jurisdiction, a jurisdictional defect. *Id.* at 326. The Fifth Circuit concluded that it would not consider the procedural defect, which the defendants apparently had not objected to, but would only consider the jurisdictional defect on appeal. *Id.*

In accord with the Fifth Circuit's decision in *Lockwood*, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006)). As stated above, "[i]f the court determines at <u>any time</u> that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). This obligation to examine possible jurisdictional defects continues to exist even after a court has entered a judgment, such as occurred in *Lockwood* when the Fifth Circuit addressed the amount in controversy issue. *See also Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (concluding that complete diversity between parties was lacking, vacating judgment, and remanding case to trial "court with instructions to dismiss the action for lack of subject-matter jurisdiction"). Applying the above principles, the Court has an obligation to address Wellington's recently developed concern about lack of diversity between Plaintiff and JP Morgan, a possible jurisdictional defect, despite the earlier entry of a judgment as to JP Morgan and the statement in the judgment that the Court has jurisdiction.

The issues regarding the forum defendant and unanimity rules are not jurisdictional defect issues but rather procedural defect issues that the parties can waive to continue the litigation in federal court. *See Herrera v. Las Cruces Public Schools*, 695 Fed. Appx. 361, 366 (10th Cir. 2017) (observing that "the forum-defendant rule is a procedural rule, not a jurisdictional one, and can therefore be waived if the plaintiff does not raise a § 1441(b)(2) [forum defendant rule] objection in the district court but instead proceeds with the action"); *Village Apartments Co., L.P. v. Asset Shelters Group., Inc.*, 2008 WL 11414603, at *2 (D.N.M.) (noting that "[t]he failure of all defendants to properly join in the removal proceedings is a

procedural defect that can be waived").  The Fifth Circuit's decision in *Lockwood* to not address

the issue of the plaintiff's improper removal, a procedural defect, implicitly recognized that the

parties' litigation in federal court resulting in a judgment waived that procedural defect.  As in

*Lockwood*, the Court must decide whether the parties in this case waived the violations of the

forum defendant and unanimity rules, regardless of the judgment entered as to JP Morgan.

> Plaintiff further argues that
>
> even if the initial removal was technically incorrect or lacked diversity jurisdiction, upon filing her counterclaims and third-party claims, Ms. Wellington invoked and this Court issued its final Orders dismissing those claims based on federal question subject matter jurisdiction for her FDCPA claims, and supplemental jurisdiction on her state claims and over Plaintiff's state claims.

(Doc. 125) at 4.  The Court and Wellington agree with Plaintiff that the Court had independent

federal question subject matter jurisdiction over Wellington's counterclaims and third-party

claims based on the Federal Debt Collections Practices Act (FDCPA).  Plaintiff, however, does

not provide any legal support for the premise that a Court can exercise supplemental jurisdiction

flowing from federal question subject matter jurisdiction attached to counterclaims or third-party

claims filed after removal.  *See* 28 U.S.C. § 1367 (providing when court can exercise

supplemental jurisdiction).  *See also* D.N.M. LR-Cv 7.3(a) ("A motion … must cite authority in

support of the legal positions advanced.").

Even so, the Court notes that a Northern District of Illinois federal district judge rejected

a premise, like Plaintiff's premise, that "federal counterclaims would give [the court]

supplemental jurisdiction over the entire action under § 1367…."  *U.S. Bank Nat'l Ass'n v.

Collins-Fuller T.*, 2015 WL 1089328, at *5 n.6 (N.D. Ill.), *aff'd*, 831 F.3d 407 (7th Cir. 2016).

The district judge explained that "[u]nder § 1367, in any action 'where [we] have original

jurisdiction,' we may exercise supplemental jurisdiction over claims that are related, even if we

would not have had independent original jurisdiction over those claims (i.e., claims based on state law)." *Id.* (quoting 28 U.S.C. § 1367(a)). The district judged continued, "Supplemental jurisdiction does not flow the other way, however, such that we could exercise jurisdiction over an entire action brought under state law." *Id.* (quoting 13D Wright & Miller, *Fed. Prac. & Proc.* § 3567 (3d ed. 2013) ("[S]upplemental jurisdiction does not—and cannot—operate to get a *case* into federal court.")). The Court agrees with this reasoning. Supplemental jurisdiction flows from the "civil action of which the district courts have original jurisdiction…." 28 U.S.C. § 1367(a). Section 1367(a) does not provide for supplemental jurisdiction to flow from post-removal counterclaims or third-party claims.

Moreover, it is well-established that a defendant properly removes a case to federal court if federal jurisdictional requirements exist at the time of removal. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (noting that "the propriety of removal is judged on the complaint as it stands at the time of the removal") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.41[2][c] (3d. ed. 2011) (stating that "[r]emovability is ordinarily determined as of the date the notice of removal is filed") (quoted in *Predator Intern. Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1181 (10th Cir. 2015)). Thus, the Court must determine at the time of removal, not at some point after removal, whether it had diversity jurisdiction over Plaintiff's state claims raised in the Complaint.

D.      *Possible Jurisdictional Defect:  Diversity of Citizenship Between Plaintiff and JP Morgan*

A corporation is deemed to be a citizen of both the state of its incorporation and the state where it maintains its principal place of business.   *See* 28 U.S.C. § 1332(c)(1).  However, "[t]he citizenship of an unincorporated association, for purposes of diversity jurisdiction, is the

citizenship of its individual members." *Avalon Med. Group. II, LLC v. LPP Mortgage, Ltd.*, 2013 WL 12147619, at \*1 (D.N.M.) (citing *Carden v. Arkoma Assoc.*, 495 U.S. 185, 196-97 (1990)).  In other words, the unincorporated association "is a citizen of each state in which a [member] is a citizen…." *Id.* (quoting *Depex Reina 9 P'ship v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990)).  If a limited liability company has members that "are also limited liability companies, the court must look to the citizenship of the member's members in order to determine citizenship." *Tulsa Specialty Hosp., LLC v. Boilermakers Nat. Health and Welfare Fund*, 2012 WL 2887513, \*4 (N.D. Okla.) (citing *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)).  A national bank, on the other hand, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006) (quoted in *Khan v. Bank of New York Mellon*, 525 Fed. Appx. 778, 780 (10th Cir. 2013) (finding national bank is citizen of California after taking judicial notice that national banks list issued by Officer of Comptroller of Currency identified national bank "as being in Simi Valley, California").  *See also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218–19 (2d Cir. 2016) (agreeing with Ninth, Eighth, Fifth, and Seventh Circuits that "national bank is a citizen only of the state listed in its articles of association as its main office").

With respect to the citizenship of JP Morgan, a national bank, the Court takes judicial notice of JP Morgan's 2004 Articles of Association, on file with the United States Security and Exchange Commission (SEC), which state that the main office is in Columbus, Ohio.  *See* Exhibit A to SEC Form T-1, https://www.sec.gov/Archives/edgar /data/1062336/ 000119312504207055/dex991.htm; *see also High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1175 n.1 (10th Cir. 2019) (holding that courts may "take judicial notice of official government publications").  Federal courts, likewise, have found that JP Morgan's main office is

in Ohio. *See Maitland v. Fishbein*, 712 Fed. Appx. 90, 93 n. 2 (2d Cir. 2018) (finding that "it appears that Chase, a national banking association, is actually a citizen of Ohio, not New York" and citing "*Arthur v. JP Morgan Chase Bank, NA*, 569 Fed.Appx. 669, 673 (11th Cir. 2014) (Chase's principal office is in Ohio); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F.Supp.2d 312, 313–14, 314 n.3 (S.D.N.Y. 2006) (same)"). Furthermore, like the Tenth Circuit in *Khan,* the Court takes judicial notice of the national banks list issued by the Office of the Comptroller of the Currency that identifies JP Morgan as located in Columbus, Ohio, as of April 30, 2019. *See* https://www.occ.treas.gov/topics/ licensing/ national-banks-fed-savings-assoc-lists/index-active-bank-lists.html. The above documents and cases indicate that JP Morgan's state of citizenship was Ohio when Wellington removed this case in April 2017.

As to Plaintiff's citizenship, Plaintiff's answer to an interrogatory is it has a limited partner, Goldman Sachs Group, Inc., and a general partner, MLQ, LLC. The Court takes judicial notice of SEC Form 10-K, for the fiscal year ending December 31, 2016, about four months prior to the removal of this case in April 2017, which states that Goldman Sachs Group, Inc. is incorporated in Delaware and has a principal place of business in New York. Goldman Sachs Group, Inc., therefore, appears to be a citizen of Delaware and New York. Determining MLQ, LLC's citizenship is more problematic. Plaintiff does not provide any information on MLQ, LLC's citizenship, which as an LLC, would include information on the citizenship of its members.

A court can permit discovery on jurisdictional issues, as Wellington requests. *See Sizova v. Nat. Institute of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (stating that when party moves to dismiss for lack of subject matter jurisdiction "either party should be allowed discovery on the factual issues raised by that motion") (quoting *Budde v. Ling–Temco Vought,*

*Inc.,* 511 F.2d 1033, 1035 (10th Cir.1975)). A court "has discretion in the manner by which it resolves an issue of subject matter jurisdiction" but "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant…." *Id.* "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977)).

In *Avalon Medical Group II, LLC*, a plaintiff asserting diversity jurisdiction only on "information and belief" did not sufficiently identify the members of a defendant limited partnership nor their citizenship. 2013 WL 12147619 at *2. The district judge stated that the court would "not proceed to a determination on the merits until it is satisfied that it has jurisdiction." *Id.* (citing and quoting *Galdin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000)). Recognizing "that the facts relating to the identity of the partners of Defendant and the citizenship of those partners are in the control of Defendant," the district judge ordered jurisdictional discovery from the defendant and "stay[ed] the proceedings, other than jurisdictional discovery, pending a determination of subject matter jurisdiction." *Id. See also United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, 2014 WL 1268659, at *2 (M.D. Fla.) (stating that although defendant should have sought citizenship information "prior to seeking removal," court permitted post-removal jurisdictional discovery to resolve issue early "in litigation rather than remand the case to state court, only to later discover that diversity does exist").

Relying on the above caselaw, the Court determines that limited jurisdictional discovery is appropriate to satisfy the Court that diversity of citizenship between Plaintiff and JP Morgan existed at the time of removal. Specifically, the Court will require Plaintiff to file an affidavit

from an appropriate official setting forth the citizenship of the members of MLQ, LLC and

confirming the Delaware and New York citizenship of Goldman Sachs Group, Inc., as of April

26, 2017, the date of removal.  *See, e.g., Truck Ins. Exchange v. The Manitowoc Co.*, 2010 WL

4961618, at *2–3 (D. Ariz.) (ordering party to file affidavit or declaration from appropriate

official setting forth citizenship information for members of insurance exchange).  The Court

will also require JP Morgan to file an affidavit from an appropriate official confirming its Ohio

citizenship, as of April 26, 2017.  In light of this forthcoming jurisdictional discovery, the Court

will otherwise stay the proceedings pending a resolution of this diversity issue.  Finally, the

Court will deny Wellington's request to vacate rulings for lack of diversity jurisdiction as

premature.

*E.  Procedural Defects:  Forum Defendant and Unanimity Rules*

As noted above, failure to comply with the forum defendant and unanimity rules are

procedural defects that are not fatal to removal if the parties waive those requirements.  *Village

Apartments Co., L.P.* provides guidance in this matter.  In that case, the district judge explained

that

> [a] party who undertakes affirmative action in the federal district court may be found to
> have waived any objections to removal.  There is no bright line rule defining what
> qualifies as "affirmative action" sufficient to constitute acquiescence, however, a helpful
> description of the principle has been stated as follows:
>
>> To constitute a waiver or consent to the federal court's assumption of jurisdiction
>> ... there must be affirmative conduct or unequivocal assent of a sort which would
>> render it offensive to fundamental principles of fairness to remand, as where the
>> party seeking remand has been unsuccessful in litigation of a substantial issue,
>> such as the right to a jury trial or the right to take depositions or has filed an
>> amended complaint seeking further or different relief from the federal court.
>
> *Beard v. Lehman Bros. Holding Co.*, 458 F.Supp.2d 1314, 1323 (M.D. Ala. 2006)
> (ellipses in original) (citation omitted).  For example, where a plaintiff vigorously briefs
> and argues a substantive motion and presses for remand only after receiving an
> unfavorable ruling, it may be found to have waived a defective removal.  The district

court has broad discretion in deciding whether a party has waived its right to object to procedural irregularities.

2008 WL 11414603, at *2–3 (citations omitted).

Here, more than two years has elapsed since Wellington removed the case to federal court. In that time, the parties have affirmatively engaged in discovery, extensive litigation of merit-based issues as well as discovery issues. The totality of the circumstances of this federal litigation indicates the parties have waived any procedural defects to the removal process. Hence, those procedural defects do not bar the Court from exercising diversity jurisdiction assuming it exists.

## F. Plaintiff's Motion for Sanctions

If the Court decides to remand the case for lack of subject matter jurisdiction, Plaintiff seeks an award of attorney's fees and costs under 28 U.S.C. § 1447(c). Considering the need for jurisdictional discovery, the Court will deny Plaintiff's request for a Section 1447(c) award of attorney's fees and costs as premature.

Next, Plaintiff seeks sanctions against Wellington under Fed. R. Civ. P. 11. Plaintiff argues that "Wellington has provided hearsay and mere unsubstantiated allegations that are speculative and based on the incorrect jurisdictional basis used in this matter." (Doc. 125) at 7. Plaintiff further contends that Wellington filed the Notice to delay the case and "to overturn every order and judgment that has been an undesirable outcome for Defendant Wellington." *Id.*

The Court finds that Wellington raises legitimate concerns about diversity of citizenship between Plaintiff and JP Morgan. Wellington, proceeding *pro se*, did not learn of the basis for that concern until late October 2018 when Plaintiff answered an interrogatory asking for the identification of its members and their ownership interests. Wellington filed her Notice less than

a month later, hardly a dilatory action.  For these reasons, Rule 11 sanctions are not appropriate and the Court will deny the request for Rule 11 sanctions.

IT IS ORDERED that

1.  Plaintiff's Motion to Strike Defendant Wellington's Notice of Probable Lack of Diversity & Jurisdiction and Plaintiff's Motion for Sanctions (Doc. 125) is denied;

2.  no later than 15 days from the date of the entry of this Memorandum Opinion and Order, Plaintiff must file an affidavit from an appropriate official setting forth the citizenship of the members of MLQ, LLC, as of April 26, 2017;

3.  no later than 15 days from the date of the entry of this Memorandum Opinion and Order, Plaintiff must file an affidavit from an appropriate official confirming the Delaware and New York citizenship of Goldman Sachs Group, Inc., as of April 26, 2017;

4.  no later than 15 days from the date of the entry of this Memorandum Opinion and Order, JP Morgan must file an affidavit from an appropriate official confirming its Ohio citizenship, as of April 26, 2017;

5.  other than the above limited jurisdictional discovery, proceedings in this case are stayed pending resolution of the subject matter jurisdiction issue; and

6.  Wellington's request to vacate rulings for lack of diversity jurisdiction is denied at this time.

_____
UNITED STATES DISTRICT JUDGE