IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, L.P.,

    Plaintiff,

vs.                                          Civ. No. 17-487 KG/LF

MONICA WELLINGTON;
THE MONICA L. WELLINGTON
DECLARATION OF TRUST DATED
DECEMBER 28, 2007; and
ALTURA VILLAGE HOMEOWNERS'
ASSOCIATION, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon its June 5, 2019, Memorandum Opinion and Order. (Doc. 161). The Court ordered that

> 2. no later than 15 days from the date of the entry of this Memorandum Opinion and Order, Plaintiff must file an affidavit from an appropriate official setting forth the citizenship of the members of MLQ, LLC, as of April 26, 2017;
> 3. no later than 15 days from the date of the entry of this Memorandum Opinion and Order, Plaintiff must file an affidavit from an appropriate official confirming the Delaware and New York citizenship of Goldman Sachs Group, Inc., as of April 26, 2017;
> 4. no later than 15 days from the date of the entry of this Memorandum Opinion and Order, JP Morgan must file an affidavit from an appropriate official confirming its Ohio citizenship, as of April 26, 2017;
> 5. other than the above limited jurisdictional discovery, proceedings in this case are stayed pending resolution of the subject matter jurisdiction issue….

(Doc. 161) at 14. In accordance with the Court's order, Plaintiff and Defendant JP Morgan filed appropriate sworn affidavits. (Docs. 162 and 163).

The sworn affidavits demonstrate that at the time of removal, April 26, 2017, Plaintiff was a Delaware and New York citizen, and Defendant JP Morgan was an Ohio citizen. *Id. See also* (Doc. 161) (discussing citizenship of unincorporated associations, corporations, and national

banks). At the time of removal, Defendant Monica Wellington was a California citizen as well as the trustee of Defendant The Monica L. Wellington Declaration of Trust Dated December 28, 2007, which was recorded in New Mexico and concerned the subject New Mexico property. (Doc. 1-1) at ¶¶ 5, 6, and 15. Defendant Altura Village Homeowners' Association, Inc. was also a New Mexico citizen at the time of removal. (Doc. 122-3). Defendants, therefore, had citizenship diverse from Plaintiff's citizenship at the time of removal. Moreover, as the Court states in the June 5, 2019, Memorandum Opinion and Order, the requisite $75,000 amount in controversy is met in this case. (Doc. 161) at 4 n.1; (Doc. 1-1) at 5, ¶ A.

The Court has satisfied itself that it has federal diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Consequently, the Court (1) denies Defendant Wellington's request to vacate this Court's rulings for lack of subject matter jurisdiction; and (2) lifts the stay imposed in the June 5, 2019, Memorandum Opinion and Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE