IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

 Plaintiff,

v.              Civ. No. 17-00487 KG/LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

 Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant Monica L. Wellington's Motion to Vacate Stipulated Judgment, filed February 4, 2019. (Doc. 147). Plaintiff filed a response on February 18, 2019, and Defendant JP Morgan Chase, N.A. (Chase) filed a response on February 19, 2019. (Docs. 151 and 154). Wellington filed a reply on March 4, 2019. (Doc. 158). Having considered the Motion to Vacate Stipulated Judgment, the "Stipulated Judgment Foreclosing the Interest of JP Morgan Chase Bank, N.A." (Stipulated Judgment), and the briefing on the Motion to Vacate Stipulated Judgment, the Court denies the Motion for Stipulated Judgment.

*A. Background*

The Court entered the Stipulated Judgment on August 21, 2018. (Doc. 100). The Court, in the Stipulated Judgment, found that it "has jurisdiction over the parties and the subject matter of this action." *Id.* at ¶ 1. The Court further found that Plaintiff has "a first and prior lien upon" the subject property and that Chase claims no interest in that property. *Id.* at ¶¶ 2 and 3. The Court concluded "as a matter of law that Plaintiff has standing and is entitled to the relief

demanded in the Complaint as against" Chase. *Id.* at ¶ 3. Consequently, the Court adjudged that the interests Chase had in the property are foreclosed in favor of Plaintiff and that the "Judgment is hereby entered as a final Judgment herein as to the matters encompassed hereby," but the "Court retains jurisdiction of these proceedings for all other issues arising from the Complaint...." *Id.* at ¶ C.

Nearly six months after the Court entered the Stipulated Judgment, Wellington filed this Motion to Vacate Stipulated Judgment. Wellington seeks to vacate the Stipulated Judgment or, in the alternative, to amend the Stipulated Judgment

> to remove the statements about the existence of jurisdiction, plaintiff's standing, the existence of a lien clam, and any entitlements to relief; or to make it plain and clear that the 'stipulated judgment' is *inapplicable to*, and has *no effect* on Wellington whatsoever.

(Doc. 147) at 5. Plaintiff and Chase oppose the Motion to Vacate Stipulated Judgment in its entirety. Plaintiff also seeks an award of attorney's fees and costs from Wellington.

*B. Discussion*

Wellington makes several arguments in support of her Motion to Vacate Stipulated Judgment. Wellington argues that the Stipulated Judgment is not a "judgment" under Fed. R. Civ. P. 54 and does not constitute a "separate document" as required by Fed. R. Civ. P. 58. She further argues that Plaintiff and Chase cannot stipulate to the Court's subject matter jurisdiction. Finally, Wellington argues that Plaintiff and Chase cannot stipulate to dispositive legal questions like Plaintiff's standing, the existence of a lien claim, and Plaintiff's entitlement to relief.

Rule 54(b) states, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This

2

portion of Rule 54(b) applies to the Stipulated Judgment which addresses only Plaintiff's claims against Chase. As such, the Stipulated Judgment is not a final judgment "from which an appeal lies" and the separate document requirement under Rule 58 does not apply. *See Schulz v. United States*, 2017 WL 3475506, at *2 (N.D.N.Y.) (finding no need to enter separate judgment on non-final order). The Court, thus, construes the Motion to Vacate Stipulated Judgment as a Rule 54(b) "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991).

In analyzing a Rule 54(b) motion to reconsider an interlocutory order, courts look to Fed. R. Civ. P. 59(e) for guidance. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)"). A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) (deciding that "court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e)"). Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is

fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.*, 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting *In re Roemmele*, 466 B.R. 706 (Bankr. E.D. Pa. 2012)).

Wellington does not suggest that there is new controlling law or new evidence not available previously to support her Motion to Vacate Stipulated Judgment. The Court construes Wellington's arguments as asserting that the Court must vacate or amend the Stipulated Judgment "to correct clear error or prevent manifest injustice." In addressing whether the Court clearly erred or caused manifest injustice by entering the Stipulated Judgment, the Court bears in mind that it "is vested with broad discretion in deciding whether to enforce [the] parties['] stipulation or not." *Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1116 (10th Cir. 2005).

Wellington argues first that Plaintiff and Chase cannot stipulate to the Court's subject matter jurisdiction. *See United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) (acknowledging that "neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction"); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (finding "motion contained an improper stipulation to diversity jurisdiction"). The Stipulated Judgment, however, does not state that Plaintiff and Chase stipulate to jurisdiction. The Stipulated Judgment states that the Court "FINDS" it has jurisdiction over the case after "having read and reviewed the file and being otherwise fully advised on the premises...." (Doc. 100) at 1. Furthermore, the Court recently determined that it indeed has diversity subject matter jurisdiction over this case. (Doc. 165). Wellington's concern about a stipulation to subject matter jurisdiction, therefore, is unfounded.

4

Next, Wellington argues that Plaintiff and Chase cannot stipulate to "dispositive legal questions such as plaintiff's standing, the existence of a lien claim, and entitlement to relief." (Doc. 147) at 4 (citing *Holman v. United States*, 505 F.3d 1060, 1070 (10th Cir. 2007) (holding that parties cannot stipulate to ultimate legal question affecting another party's legal rights). Notably, these stipulations only pertain to Plaintiff's claims against Chase. These stipulations are not "dispositive" of the ultimate legal question concerning Wellington: whether Wellington defaulted on the Note at issue. Wellington does not explain how the Stipulated Judgment affects Plaintiff's claim that she defaulted on the Note. Moreover, the Court has already ruled, as a matter of law, that Wellington does not have standing to challenge the assignments of the Note or Mortgage, such as the alleged erroneous assignment of the Mortgage to Chase. (Doc. 72) at 15-16; (Doc. 1-1) at ¶ 13. Finally, Wellington does not provide any factual or legal support indicating that Plaintiff's lien claim does not, in fact, exist, or that Plaintiff is not entitled to relief with respect to Chase. *Cf. Derrick v. Standard Nutrition Co.*, 2019 WL 2717150, at *1 (D.N.M.) (noting that in deciding motion to reconsider interlocutory order court can consider direct evidence produced by party). *See also* D.N.M. LR-Civ. 7.3 (movant "must cite authority in support of the positions advanced" and movant "must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact.").[1] Wellington simply alleges in a conclusory fashion that Plaintiff's counsel and Chase "colluded" to obtain the Stipulated Judgment.[2]

---

[1] Although Wellington is proceeding *pro se*, she must still follow the Local Rules related to motions. *See Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002) (stating that although courts "liberally construe *pro se* pleadings," a "*pro se* status does not relieve [the *pro se* litigant] of the obligation to comply with procedural rules").

[2] Wellington observes that Chase did not answer the Complaint, and that Chase did not file a disclaimer of interest and request to be dismissed but instead chose to agree to the Stipulated Judgment. Wellington appears to suggest that these actions are somehow nefarious.

In sum, Wellington has not convinced the Court that the entry of the Stipulated Judgment was "arbitrary, capricious, whimsical, or manifestly unreasonable...." *Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1236. Additionally, Wellington has not convinced the Court that entry of the Stipulated Judgment was "fundamentally unfair in light of governing law." *Smith*, 2015 WL 4324167 at *3. Wellington, therefore, has not shown that the Court committed clear error or acted in a manifestly unjust manner when it entered the Stipulated Judgment, especially considering the broad discretion the Court has to enforce a stipulation. Hence, the Court will deny the Motion to Vacate Stipulated Judgment for those reasons.

The Court also notes the untimely nature of the Motion to Vacate Stipulated Judgment. Nearly six months elapsed between the entry of the Stipulated Judgment and Wellington's filing of the Motion to Vacate Stipulated Judgment. Wellington does not provide any reason for the delay. *See Derrick*, 2019 WL 2717150 at *1 (noting that in deciding motion to reconsider interlocutory order court can consider "the motion for reconsideration's timeliness relative to the ruling it challenges") (citation omitted). The unjustified delay in filing the Motion to Vacate Stipulated Judgment provides another reason to deny that motion.

In deciding whether to grant Plaintiff's request for an award of attorney's fees and costs, the Court necessarily considers Wellington's *pro se* status and the fact that the Court recently resolved the issue of federal subject matter jurisdiction, a basis for the Motion to Vacate Stipulated Judgment. Furthermore, Plaintiff does not cite any legal authority in support of the request for an award of attorney's fees and costs. The Court, therefore, does not find sufficient grounds for granting Plaintiff's request for an award of attorney's fees and costs.

IT IS, THEREFORE, ORDERD that

1. the Motion to Vacate Stipulated Judgment (Doc. 147) is denied; and

2. Plaintiff's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE