IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                               1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

    Defendants.

## **ORDER DENYING MOTION FOR SANCTIONS**

THIS MATTER is before the Court on defendant Monica Wellington's Motion for Sanctions for Failure to Obey Order, Failure to Make Disclosures, and Rule 26(g) Violations, filed on January 24, 2019. Doc. 146. Plaintiff MTGLQ Investors, LP ("MTGLQ") filed a response (Doc. 150), and Ms. Wellington filed a reply (Doc. 152). Having reviewed the briefing and the applicable law, the Court finds the motion is not well-taken and it will be DENIED.

### A. Motion to Reconsider

Ms. Wellington asks the Court to reconsider its Order Granting in Part Monica Wellington's Motion to Compel Disclosures (Doc. 128). Doc. 146 at 1. Arguments revisiting the issues addressed in that order are interspersed throughout her motion. The Court finds Ms. Wellington's request to reconsider its prior ruling is not well taken and it will be denied.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  Courts should not grant relief where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*

Ms. Wellington fails to point to any change in controlling law, new evidence, or clear error.  Ms. Wellington argues that the Court should reconsider its order because "the Court's order on the motion [to compel] failed to even discuss anything about the lack of witness disclosures concerning the MERS release and or/assignment allegations in plaintiff's Complaint."  Doc. 146 at 3.  Ms. Wellington also states that the Court failed to consider her request to strike portions of the complaint.  *Id*.  Neither of these issues were raised in Ms. Wellington's Motion to Compel.  *See* Doc. 99.  Ms. Wellington raised these issues for the first time in her reply to the motion to compel.  Doc. 105 at 3–4.  New issues raised for the first time in a reply brief will not be considered. *See, e.g., Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (citing Tenth Circuit's "general rule that we do not consider issues raised for the first time in a reply brief"); *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n.7 (10th Cir. 1994) (issue waived if not raised in opening brief); *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir. 1993) (generally, issues raised for first time in reply brief will not be considered).  Because these issues were not properly raised in the motion to compel, the Court did not consider them, and therefore cannot "reconsider" them here.  Finally, Ms. Wellington urges the Court to reconsider its ruling on the Rule 26(g) sanctions she requested in her motion to compel.  Doc. 146 at 12–13.  Ms. Wellington fails to point to any change in controlling law, new evidence, or clear error.  Ms. Wellington seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012.  Ms. Wellington provides no basis for the Court to reconsider its prior order and the Court declines to do so.

### B. Sanctions for Failing to Comply with Court's Order

Next, Ms. Wellington asks the Court to impose sanctions on MTGLQ or its counsel for failure to comply with the Court's December 6, 2018 order. Doc. 146 at 1. On August 20, 2018, Ms. Wellington filed a Motion to Compel Disclosures asking the Court to order MTGLQ to disclose "names and contact information of known witnesses." Doc. 99 at 1–2. In its response to the motion to compel, MTGLQ provided for the first time a list of employees for Rushmore Loan Management Services, LLC—its loan servicer and agent—that it intends to call as its

> corporate witness or witnesses to testify regarding Rushmore's and Plaintiff's relationship, Rushmore's servicing of Defendant Monica Wellington's loan, including any and all workout and loan modification efforts related to the loan, testify to the Note, Mortgage, default, amounts due, as well as all allegations made in the Complaint or any pleading, along with their process in maintaining original documents.

Doc. 102 at 2–3. On December 6, 2018, the Court granted Ms. Wellington's Motion to Compel Disclosures (Doc. 99) in part and ordered MTGLQ's counsel, Elizabeth Friedenstein, to either inform Ms. Wellington if she served as counsel for the newly disclosed Rushmore witnesses, or to provide the telephone numbers for these witnesses within seven days of the order. Doc. 128 at 3. Ms. Wellington argues that as of January 24, 2019, the date she filed her motion to compel, she had "not received any such notification." Docs. 146 at 5, 146-1 (Declaration of Monica Wellington). The Court finds this statement is inaccurate, and further finds that any delay in complying with the Court's order is harmless.

Rule 26(a) requires a party to provide the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). Disclosures made under Rule 26(a) must be supplemented "in a timely manner" or "as ordered by the court." FED. R. CIV. P. 26(e).

Rule 37 allows the Court to sanction a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . .unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* However, the Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [non-disclosing] party's bad faith or willfulness." *Id.* The Court may also impose sanctions for failure to comply with its discovery orders. *See* FED. R. CIV. P. 37(b)(2)(A).

Ms. Wellington states that Ms. Friedenstein failed to either notify her as to whether she served as counsel for the newly disclosed witnesses, or to provide phone numbers for the witnesses, in violation of the Court's order. Docs. 146 at 5, 146-1. The Court ordered Ms. Friedenstein to provide this information to Ms. Wellington by December 13, 2019. *See* Doc. 128 at 3. Ms. Friedenstein does not dispute that she failed to comply with the letter of the Court's order. See Doc. 150 at 3–4. However, Ms. Friedenstein argues that she repeatedly advised Ms. Wellington that the Rushmore witnesses could be contacted through her:

1) She entered an appearance for Rushmore Loan Services, LLC on June 9, 2017. Doc. 8.

2) She stated in her response to the motion to compel that the Rushmore witnesses could be contacted through her office and telephone number. Doc. 102 at 2.

3) Ms. Wellington emailed Ms. Friedenstein on October 20, 2018 stating that she planned to depose plaintiff's 30(b)(6) representative. Docs. 111 at 6, 150 at 3.

4) Ms. Friedenstein verbally confirmed that she was the contact person for the Rushmore witnesses at the January 8, 2019 status conference.[1] Doc. 150 at 4.

*See* Doc. 150 at 3–4.

Given these facts, Ms. Friedenstein argues that Ms. Wellington's claim that "she didn't know who to contact or where to hold the deposition" is without merit. Doc. 150 at 3–4. The Court agrees. While Ms. Friedenstein did not send a letter or email to Ms. Wellington confirming that she represented the Rushmore witnesses, Ms. Wellington fails to show how this failure caused her any harm. Ms. Wellington could have served notice(s) of deposition on the disclosed witnesses at either Ms. Friedenstein's address, or at the addresses provided for the witnesses, or both. Ms. Wellington contacted Ms. Friedenstein to set up a 30(b)(6) deposition, but then failed to follow through on it. Ms. Wellington knew that that she should go through Ms. Friedenstein to set up depositions. Finally, any ambiguity as to whom Ms. Friedenstein should

---

[1] At the January 8, 2019 status conference, Judge Fashing asked Ms. Friedenstein if she had advised Ms. Wellington whether she represented the Rushmore defendants or provided telephone numbers for those defendants. Ms. Friedenstein stated the following:

> Your honor, it's always been my position that I do represent these [Rushmore witnesses] and I provided my phone number and if she had needed to contact them and to serve discovery or to request their appearance that she could always do so through my office. All documentation has always been presented as and represented as [such] so if that has not been clarified, that has definitely been our position. She has contacted me previously to maybe set up a deposition for a 30(b)(6) representative. I gave her dates and she never moved forward to make that happen. . . . I don't know what else needed to have happened. We are willing to provide any additional information, but otherwise those representatives are . . . service representatives of my client and can be contacted at any time through my office, and should be contacted through my office.

*Liberty6thFloorNorth Recording* of 1/8/2019 conference. Judge Fashing held that response sufficient and found that the discovery issue had been resolved. Ms. Wellington did not challenge this holding at the hearing.

5

contact regarding the Rushmore witnesses was resolved definitively at the January 8, 2019 status conference. Ms. Wellington does not indicate how this short delay hindered her ability to comply with the Court's scheduling order, or to prosecute her case. Any prejudice to Ms. Wellington due to this short delay is slight, and any prejudice was cured no later than the January 8, 2019 status conference. There is no indication that this delay would disrupt the yet unscheduled trial. Furthermore, Ms. Wellington has not shown that Ms. Friedenstein purposely acted in bad faith; instead, it appears that Ms. Friedenstein believed that it was abundantly clear that Ms. Wellington could contact the Rushmore witnesses through her. These factors weigh in favor of finding that Ms. Friedenstein's delay in complying with the Court's order is harmless. *Woodworker's Supply, Inc.*, 170 F.3d at 993. Because the Court finds Ms. Friedenstein's delay in complying with the Court's order is harmless, the Court declines to impose any sanctions.

### C. Affidavit Used in Support of the Motion for Summary Judgment

Finally, Ms. Wellington complains that the declaration MTGLQ filed in support of its pending Motion for Summary Judgment (Doc. 123) was executed by a person who was not disclosed as a potential witness. Doc. 146 at 5. The Court notes that Ms. Wellington raised this issue in her opposition to the motion for summary judgment. Doc. 135 at 7–9. MTGLQ replied to this issue in its reply to the motion for summary judgment. Doc. 138 at 1. Because this issue is before the Court in connection with the pending motion for summary judgment, the Court will not address it here. Whether the declaration is admissible is for the presiding judge to decide. Similarly, Ms. Wellington's arguments that witnesses should be excluded from trial are not ripe and will not be addressed here. *See* Doc. 146 at 9. Ms. Wellington may raise these issues before the presiding judge if and when a trial is set, and plaintiff files a witness list.

Ms. Wellington's Motion for Sanctions for Failure to Obey Order, Failure to Make Disclosures, and Rule 26(g) Violations (Doc. 146) is DENIED.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge