IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                            1:17-cv-00487-KG-LF

MONICA L. WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., JP MORGAN
CHASE BANK, N.A.,

    Defendants.

## **ORDER DENYING MOTION TO AMEND/MODIFY SCHEDULING ORDER**

THIS MATTER is before the Court on defendant Monica Wellington's Motion to Amend/Modify Scheduling Order, filed on July 11, 2019. Doc. 166. MTGLQ Investors, LP ("MTGLQ") and JP Morgan Chase Bank, N.A. ("JP Morgan") filed responses opposing the motion. Docs. 170, 171. Ms. Wellington filed a reply. Doc. 172. Having reviewed the briefing and the applicable law, the Court finds the motion is not well-taken and it will be DENIED.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also* D.N.M.LR-Civ. 16.1 (a scheduling order may be modified only when there is a "showing of good cause.") Ms. Wellington fails to show the requisite good cause to modify the scheduling order. On June 5, 2019, the honorable District Judge Kenneth Gonzales ordered MTGLQ to file an affidavit within 15 days "setting forth the citizenship of the members of MLQ, LLC as of April 26, 2017" and "confirming the Delaware and New York Citizenship of Goldman Sachs Group, Inc. ["GSG"] as of April 26, 2017." Doc. 161 at 14. Judge Gonzales entered this order "to address [Ms.] Wellington's recently developed concern about lack of diversity between [MTGLQ] and JP Morgan." *Id*. at 6. MTGLQ filed the affidavit

on June 20, 2019. Doc. 163. The affidavit disclosed that "MTGLQ Investors, LP is a Delaware limited partnership, whose general partner is MLQ, LLC., which holds a 1% interest in MTGLQ, and whose limited partner is GSG ["Goldman Sachs Group, Inc."], which holds a 99% interest in MTGLQ Investors, LP." *Id*. at 2. The affidavit further disclosed that the members of MLQ, LLC were Goldman Sachs Global Holdings, LLC (a Delaware limited liability company), and GSG (a publicly traded Delaware corporation with a principal place of business located in New York). *Id*. On July 1, 2019, District Judge Gonzales issued an order dismissing Ms. Wellington's request that the Court vacate its rulings for lack of subject matter jurisdiction and stating that "[t]he Court has satisfied itself that it has federal diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)." Doc. 165 at 2.

In her motion to modify the scheduling order, Ms. Wellington asks the Court to extend the pretrial motions deadline, which expired on March 4, 2019. Doc. 166 at 1. As a basis for this extension, Ms. Wellington claims that the affidavit MTGLQ filed on June 20, 2019 (Doc. 163) "raises serious questions about the validity, and very existence, of the purported 'partnership' entity, and its status as a real party in interest under Rule 17." *Id*. at 2.[1] Ms. Wellington does not explain what "serious questions" it raises, but in a footnote argues that "the purported 'partnership' ultimately consists of only a single party." *Id*. n.1. This is not correct. The affidavit states that MTGLQ consists of a general partner (MLQ, LLC) and a limited partner (GSG). Doc. 163 at 2. This meets the definition of a limited partnership. *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (A limited partnership is "[a] partnership composed of one or more persons who control the business and are personally liable for the partnership's debts (called

---

[1] As MTGLQ points out, Ms. Wellington's challenges to MTGLQ's standing as a real party in interest have already been addressed by the Court. *See* Doc. 71 at 8 ("[T]he Court determines that MTGLQ has shown standing to enforce the Note."); and Doc. 98 ("[T]he Court denies Ms. Wellington's renewed standing arguments."). Ms. Wellington does not show good cause to revisit these issues.

2

general partners), and one or more persons who contribute capital and share profits but who cannot manage the business and are liable only for the amount of their contribution (called limited partners)."). Judge Gonzales found the affidavit sufficient to show diversity jurisdiction. Ms. Wellington provides no reason to revisit this issue. Ms. Wellington fails to show the requisite good cause to modify the scheduling order.

Ms. Wellington's Motion to Amend/Modify Scheduling Order (Doc. 166) is therefore DENIED.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge