IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                         Civ. No. 17-487 KG/LF

MONICA L. WELLINGTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Appointment of Receiver, filed August 28, 2019. (Doc. 174). *Pro se* Defendant filed a response on September 11, 2019, and Plaintiff filed a reply on September 24, 2019. (Docs. 177 and 180). On October 1, 2019, Defendant filed a Notice of Appeal. (Doc. 184). Having considered the Motion for Appointment of Receiver and the accompanying briefing, the Court denies the Motion for Appointment of Receiver.[1]

Plaintiff moves the Court pursuant to the New Mexico Receivership Act to appoint a receiver to collect rental payments Defendant is receiving by leasing the property at issue in this foreclosure action. In the alternative, Plaintiff suggests in its reply that Defendant deposit the

---

[1] The Court notes that it has jurisdiction to decide whether to appoint a receiver pending an appeal. *See Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922) ("Undoubtedly, after appeal, the trial court may, if the purposes of justice require, preserve the *status quo* until decision by the appellate court."); *United States v. Queen's Court Apartments, Inc.*, 288 F.2d 253, 255 (9th Cir. 1961) (remanding case to district court to appoint receiver with power to collect rents while matter was on appeal); 4 *C.J.S. Appeal and Error* § 518 ("As long as the main case is on appeal, the trial court has jurisdiction to appoint … a receivership related to the main case.").

rental payments in the court registry on a monthly basis and disclose to Plaintiff the rental agreement.

Defendant does not contest that she does not occupy the subject property, she rents the subject property in violation of the Mortgage agreement, she defaulted on her mortgage payments eleven years ago, and that Plaintiff will likely not be able to collect the full amount owed on the property. Instead, Defendant argues that (1) Plaintiff is not a legal entity that has the capacity to sue, (2) Plaintiff moves under the wrong rule for an appointment of a receiver, and (3) Plaintiff does not meet the requirements for appointing a receiver.

*1. Whether Plaintiff is a Legal Entity that has the Capacity to Sue*

Defendant argues that, despite its name, Plaintiff is not a limited partnership and, thus, does not have the capacity to sue. On August 29, 2019, the Magistrate Judge addressed Defendant's concern about Plaintiff's business status and determined that Plaintiff is a limited partnership. (Doc. 176) at 2-3. Defendant is now trying to bring, in essence, a motion to reconsider that determination within her response to the Motion to Appoint Receiver. To bring a motion to reconsider, Defendant must follow the Federal Rules of Civil Procedure and the Local Rules related to the filing of motions. *See Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002) (noting that although courts "liberally construe *pro se* pleadings," a "*pro se* status does not relieve [the *pro se* litigant] of the obligation to comply with procedural rules"). Because Defendant has not done so, the Court will not address her arguments to reconsider the Magistrate Judge's determination that Plaintiff is a limited partnership.

*2. Whether Plaintiff Refers to the Wrong Rule on Appointment of Receivers*

Plaintiff relies on the New Mexico Receivership Act as the basis for this Motion to Appoint Receiver. However, federal law governs the appointment of a receiver in this case. *See*

*Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) ("Federal law governs the appointment of a receiver by a federal court exercising diversity jurisdiction."). Consequently, the Court will look to Fed. R. Civ. P. 66, the federal rule governing appointment of receivers in federal court, to decide the Motion to Appoint Receiver.

*3. Whether to Appoint a Receiver*

"The Tenth Circuit has emphasized that the appointment of a receiver is an extraordinary equitable remedy that is only justified in extreme situations." *LPP Mortg. Ltd. v. Worldwide Christian Aid, Inc.*, 2014 WL 12495345, at *2 (D.N.M.) (citations omitted). This Court has recognized that

> [a]lthough there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are: (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good.

*Id.* at *3 (citations omitted).

Although Plaintiff has shown the existence of a valid claim, it has not demonstrated that Defendant has probably engaged in fraudulent conduct to frustrate that claim or will do so. Defendant's breach of the Mortgage agreement by renting the subject property does not necessarily amount to a fraudulent act. Moreover, Plaintiff has not shown that the subject property is in imminent danger of being lost, concealed, or diminished in value. On the other hand, the amount of money Plaintiff can potentially collect from Defendant, including rental income, to pay the amounts owed under the Note could be lost or concealed without a receiver. As such, legal remedies may not be adequate for Plaintiff to recover all amounts due to it. On the other hand, a less drastic equitable remedy than the appointment of a receiver exists, i.e.,

requiring the deposit of rental payments in the court registry. Furthermore, the appointment of a receiver will do more harm than good. The costs and expense of a receiver could be significant and add to an already costly lawsuit. Also, the "appointment of a receiver would unnecessarily complicate" this already lengthy and contentious action. *Id.* Considering the above factors and circumstances as well as the extreme nature of an appointment of a receiver, the Court declines to appoint a receiver.

*4. Whether to Require Defendant to Deposit Rental Payments in the Court Registry*

The Court construes Plaintiff's alternative suggestion for deposits of rental payments in the court registry as a request for injunctive relief, raised for the first time in Plaintiff's reply. The Court "does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). To do so would circumvent the Court's motion practice and deny Defendant the ability to respond to the alternative suggestion. Until Plaintiff raises its alternative suggestion in an appropriate motion, considering the pending appeal and subject to full briefing, the Court declines to rule on Plaintiff's alternative suggestion at this time.

IT IS ORDERED that Motion for Appointment of Receiver (Doc. 174) is denied in that

1. Plaintiff's request for an appointment of receiver is denied; and

2. Plaintiff's alternative suggestion to require Defendant to deposit rental payments in the court registry is denied without prejudice to the filing of an appropriate motion.

_____
UNITED STATES DISTRICT JUDGE