IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                     Civ. No. 17-487 KG/LF

MONICA L. WELLINGTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant Monica L. Wellington's Motion for Stay of Execution of Judgment Pending Appeal (Motion for Stay), filed October 7, 2019. (Doc. 189). Plaintiff MTGLQ Investors, LP filed a response on October 21, 2019, and Defendant filed a reply on November 1, 2019. (Docs. 191 and 195). Having considered the Motion for Stay and the accompanying briefing, the Court grants the Motion for Stay as described below.

On September 23, 2019, the Court entered summary judgment in favor of Plaintiff and against Defendant. (Doc. 179). On that same day, the Court ordered Plaintiff to file a proposed judgment of foreclosure and sale within 21 days of the entry of the Memorandum Opinion and Order granting Plaintiff's Motion for Summary Judgment (Doc. 123). (Doc. 178) at 16. The Court, then, provided Defendant 14 days to file any objections to the proposed judgment of foreclosure and sale, and provided Plaintiff 14 days to respond to objections. *Id.* On October 1, 2019, Defendant filed a notice of appeal. (Doc. 184). On October 14, 2019, Plaintiff filed its proposed judgment of foreclosure and sale, and the Court extended Defendant's time to object to the proposed judgment of foreclosure and sale until November 7, 2019. (Docs. 192 and 194).

Defendant now moves under Fed. R. Civ. P. 62(a) for an automatic 30-day stay of the execution of the judgment and the proceedings to enforce it. The automatic 30-day stay provided for in Rule 62(a) began after the entry of summary judgment on September 23, 2019, and has now expired. Accordingly, a Rule 62(a) stay is moot.

Defendant also moves under Rule 62(b), as amended in 2018, for a stay of the execution of the judgment and the proceedings to enforce it pending resolution of the appeal. Rule 62(b) states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."

Plaintiff does not object to a Rule 62(b) stay if Defendant posts a supersedeas bond in the amount of the proposed judgment, $214,405.40, plus interest from November 1, 2018, at 5.750%, or in the alternative, in the amount of the estimated value of the property as listed on Zillow.com, $210,084.00. (Doc. 191) at 1. Plaintiff further seeks an award of attorney's fees it incurred in responding to the Motion for Stay.

On the other hand, Defendant argues that a supersedeas bond is not necessary because Plaintiff's lien on the property at issue in this foreclosure action fully secures the judgment. Defendant also declares under penalty of perjury that the property is fully insured and not rented. (Doc. 189-1).

The Seventh Circuit recently explained how it views the 2018 version of Rule 62(b) in the context of a foreclosure action. *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 Fed. Appx. 503 (7th Cir. 2019). The Seventh Circuit observed that

> [u]nder the new version of Rule 62, the newly expressed flexibility for the form of security to protect the appellee gives more explicit support for treating the property in a mortgage foreclosure appeal as sufficient security, at least as long as the property is occupied and cared for.

*Id.* at 510. The majority of the Seventh Circuit then concluded "that the norm should be a stay pending appeal, absent unusual circumstances showing that the security interest in the underlying property does not provide sufficient protection for the lender-appellee."[1] *Id.*

Applying the Seventh Circuit's rationale to this case, the Court does not find any unusual circumstances that would prevent the Court from staying the execution of the judgment and the proceedings to enforce it without Defendant posting a bond. The property that is the subject of this foreclosure action provides sufficient security for the stay. Consequently, the Court grants the Motion for Stay pursuant to Rule 62(b), as Defendant requested.

Considering the Court's determination, the Court declines to award Plaintiff any attorney's fees it incurred in responding to the Motion for Stay.

IT IS ORDERED that

1. the Motion for Stay of Execution of Judgment Pending Appeal (Doc. 189) is granted;

2. the execution of the summary judgment is stayed pending resolution of the appeal;

3. any further action on the proposed judgment of foreclosure and sale is stayed pending resolution of the appeal;

4. upon either the Tenth Circuit Court of Appeals' entry of a dismissal of the appeal or an issuance of a mandate, if necessary, Defendant will have seven days to file objections to the proposed judgement of foreclosure and sale, and Plaintiff will have 14 days from the filing of any objections to respond to the objections; and

5. Plaintiff's request for an award of attorney's fees it incurred in responding to the Motion for Stay of Execution of Judgment Pending Appeal (Doc. 189) is denied.

---

[1] The Court could not find a Tenth Circuit case addressing this issue.

_____
UNITED STATES DISTRICT JUDGE