IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                        Civ. No. 17-487 KG/LF

MONICA L. WELLINGTON,

    Defendant.

## JUDGMENT OF FORECLOSURE AND SALE, AND APPOINTMENT OF SPECIAL MASTER

This matter comes before the Court upon the Court's entry of Summary Judgment in Favor of Plaintiff in which the Court determined that Plaintiff "is entitled to foreclose on the property which is the subject of the Note and Mortgage at issue in this foreclosure action." (Doc. 179). The Court having read and reviewed the filings in this case and being otherwise fully advised on the premises FINDS:

    1. This Court has jurisdiction over the parties and the subject matter of this action.

    2. Plaintiff has standing to pursue this foreclosure action. (Doc. 71).

    3. On June 22, 2018, the Court dismissed Plaintiff's claims against Defendant Monica L. Wellington's unknown spouse. (Doc. 83).

    4. On August 21, 2018, the Court entered a Stipulated Judgment Foreclosing the Interest of JP Morgan Chase Bank. N.A. (Doc. 100).

    5. On July 22, 2019, the Court entered default foreclosure judgments in favor of Plaintiff and against The Monica L. Wellington Declaration of Trust Dated December 28, 2007, and Altura Village Homeowners' Association, Inc. (Doc. 169).

6. The allegations of the Complaint for Debt and Money Due and for Foreclosure (Doc. 1-1) are sustained by the evidence and are hereby adopted as findings of fact, and the Court concludes as a matter of law that Plaintiff is entitled to the relief demanded in the Complaint for Debt and Money Due and for Foreclosure.

7. Payment of the principal and interest on the Note described in the Complaint for Debt and Money Due and for Foreclosure are in default and there is due and owing on the Note the following amounts:

| | |
|---|---:|
| Principal Balance | $125,049.37 |
| Interest (from Nov. 1, 2018, at the rate of 5.750%) | $55,724.67 |
| Corporate Advances<br>- Property Inspections $725.22<br>- Property Preservation $35.00 | $760.22 |
| Escrow Advance<br>- Hazard Insurance $7,631.50<br>- Taxes $10,063.45 | $17,694.95 |
| | |
| **Total Amount** | **$199,229.21** |

Excluding any subsequent award of reasonable attorney fees and costs, the total amount of judgment is $199,229.21, plus interest from November 1, 2018, at the rate of 5.750% per year, until the property is sold pursuant to this Judgment of Foreclosure. The judgment amount is a first and prior lien upon the following described real property:

> Lot numbered Twenty-nine (29) of ALTURA VILLAGE, being a Replat of Tracts A1 Netherwood Park, Addition, as the same is shown and designated on the Plat of said addition, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on December 3, 1997, in Plat Book 97C, folio 341.

which property is more commonly described as 2124 Altura Verde Ln NE, Albuquerque, NM 87110.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

A.  Plaintiff shall have an *in personam* judgment against Defendant Monica L. Wellington of $199,229.21, plus interest from November 1, 2018, at the rate of 5.750% per year, until the date of the Special Master's sale, plus the costs of the sale, including the Special Master's fee of $225.00, plus tax, plus any additional attorney fees and costs actually expended from the date of this Judgment of Foreclosure until the date of the Special Master's sale, plus those additional amounts, if any, which Plaintiff will be required to pay prior to termination of this action for property taxes and insurance premiums or any other cost of upkeep of the property of any sort. The entire judgment amount, as described herein, is secured by a Mortgage upon the above described property and constitutes a first lien on that property.

B.  Plaintiff reserves the right to petition the Court for entry of a deficiency judgment in the event sale proceeds are insufficient to satisfy its judgment.

C.  The interests in the property of all parties hereto are foreclosed and the real property described above is ordered sold by Margaret Lake, appointed Special Master, at public auction to the highest bidder for cash according to the laws of this state and the practices of this Court. In the event the Special Master is unable to conduct the sale when scheduled, she may designate a successor to act as Special Master.  Without further notice, said successor may conduct the sale, notice of which may have been published in the name of the original Special Master. The Special Master is empowered to postpone the date and time of the sale in the event she deems such postponement advisable, and may sell the property at such postponed public sale on the terms set forth herein. Postponement of the public sale of the property may be effected by the Special Master appearing and

announcing to all persons attending at the time, date, and place originally published for the public sale, the fact that the sale is postponed and the new time, date, and place at which the postponed public sale will be conducted. In addition, a notice of the postponement of the public sale shall be filed with the Court and served in the same manner and upon the same persons or entities as were served with the original Notice of Sale; no additional newspaper publication of such postponed public sale shall be required. The purchaser shall have the right to immediate possession of the property.

    D. The proceeds of the sale shall be applied in the following priorities:

        1) FIRST, the costs and expenses of the sale including a fee of $225.00, plus tax for a Special Master's fee;

        2) SECOND, any additional advances made by Plaintiff as allowed by this Judgment of Foreclosure;

        3) THIRD, to Plaintiff in the amount of its judgment as described above;

        4) FOURTH, additional surplus monies, if any, to be distributed in accordance with the further order of the Court.

    E. If personal property remains at the real property after the occupants vacate, the personal property is deemed abandoned, and the purchaser may dispose of the property in any manner allowed by law.

    F. Plaintiff may bid for and acquire the property and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the indebtedness secured by the Mortgage the net sales price after deducting therefrom the costs and expenses of the sale and any additional advances made by Plaintiff as allowed by this Judgment of Foreclosure and the Mortgage.

G. The property will be sold free and clear of all liens of the parties hereto and of all persons claiming an interest by virtue of any instrument filed for record after January 26, 2017, at 8:11 AM, the date and time Plaintiff recorded its Notice of Lis Pendens in the records of Bernalillo County, New Mexico. All the defendants and all persons claiming under them, and all other persons bound by these proceedings are barred and foreclosed of any right, title, interest, or claim in or to the property, subject only to a one month period of redemption set forth in the Mortgage, provided that the right of redemption shall not apply to any defendant found and adjudged to have disclaimed an interest in and to the property.

H. This Judgment of Foreclosure is hereby entered as a final Judgment herein as to the matters encompassed hereby, and this Court retains jurisdiction of these proceedings for the purpose of confirming the foreclosure sale; assisting the purchaser at the foreclosure sale, or its successors or assigns, in obtaining possession of the property, if necessary; entering a deficiency judgment upon approval of the Special Master's Report subsequent to the foreclosure sale, if necessary, and for determining all other issues presented in this action and not specifically ruled on in this Judgment of Foreclosure.

_____
UNITED STATES DISTRICT JUDGE