IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                          Civ. No. 17-487 KG/LF

MONICA L. WELLINGTON,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Award of Attorney Fees and Costs (Motion), filed January 3, 2020. (Doc. 209). *Pro se* Defendant filed a timely response on January 17, 2020, and Plaintiff filed a timely reply on March 12, 2020.[1] (Docs. 211 and 217). Having reviewed the Motion, Plaintiff's exhibits, and the accompanying briefing, the Court grants the Motion in part as described below.[2]

*I. Attorney's Fees and Costs Sought by Plaintiff*

On December 20, 2019, the Court entered a Judgment of Foreclosure and Sale, and Appointment of Special Master (Judgment). (Doc. 204). Plaintiff filed the Motion within 30

---

[1] On February 27, 2020, the Court allowed Plaintiff to file a reply by March 12, 2020. *See* (Doc. 216).

[2] The Court notes that Defendant's appeal is currently pending before the Tenth Circuit. *See* (Doc. 205). "Although filing [a] notice of appeal generally divests the district court of jurisdiction over the issues on appeal … the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations and quotation omitted). "Attorney's fees awards are collateral matters over which the district court retains jurisdiction." *Id.* Moreover, the district court retains jurisdiction over costs awards, another collateral matter. *See Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 120 (7th Cir. 1991) (holding that notice of appeal "does not prevent the court from handling collateral matters such as the award of costs"). Hence, the Court has jurisdiction to decide this Motion.

1

days of the entry of that Judgment.  Plaintiff supports its Motion with an "Affidavit by Attorney" and costs documents.  Plaintiff's attorney emphasizes that "[a]n award of reasonable attorneys' fees is authorized by the terms of the subject promissory note and mortgage," which Defendant agreed to pay.  (Doc. 209) at 30, ¶ 7.

Plaintiff's attorney attests that "Plaintiff's attorney fees for an uncontested foreclosure action are incurred on a flat fee basis amount of $4,000.00, plus gross receipts tax."  (Doc. 209) at 26, ¶ 2.  Plaintiff provides a handout that describes the various legal services for which "such uncontested portions of the foreclosure action are compensated on a flat fee basis according to industry and market standards."  (Doc. 217) at 6-7.

Plaintiff's attorney also attests that "[c]ontested foreclosure services are billed on an additional hourly fee schedule and incurred pursuant to the lode star [sic] method."  (Doc. 209) at 26, ¶ 3.  Plaintiff's attorney itemized her work on the case, by date, beginning after Defendant filed her second motion to dismiss on May 15, 2018.  *See id.* 26-30, ¶ 4; (Doc. 74).  For each date, Plaintiff's attorney provided a description of her work and the time spent on the work.  *Id.* at 26-30, ¶ 4.  According to that itemization, Plaintiff's attorney expended a total of 45.1 hours, the amount of time Plaintiff seeks as a basis for a lodestar award of fees.[3]

Plaintiff's attorney also attests that she charges $215.00 per hour.  *See* (Doc. 209) at 26-30, ¶ 4.  In addition, Plaintiff states in the reply that its attorney "has been practicing Creditor's Rights litigation for almost 10 years…."  (Doc. 217) at 2.

Plaintiff notes that the "fees do NOT include any work done by its staff, that this is work done by attorney Elizabeth V. Friedenstein."  (Doc. 217) at 2-3.  Moreover, Plaintiff's attorney notes that her fees "do[] not include the $258.00 of attorney fees disallowed or the $623.50 plus

---

[3] Plaintiff incorrectly states in the Motion that its attorney spent 49.2 hours.  *See* (Doc. 209) at ¶ 10.

gross receipts tax allowed in the Order Awarding Expenses under Rule 37 filed on 1.18.19 as Document 145."[4] (Doc. 209) at 30, ¶ 4.

Multiplying the time expended on the case by the hourly rate, Plaintiff's fees amount to $9,696.50. Adding the $4,000 flat fee to $9,696.50, as Plaintiff requests, results in a total fees award of $13,696.50, plus the applicable gross receipts tax.

Lastly, Plaintiff's attorney attests that she incurred costs for a title search, to "Record NLP,"[5] for a title update, to file the complaint, for service of process, and to file the summons return. *Id.* at 30, ¶ 8. Those costs total $971.59.[6]

II. Standard

   A. Attorney's Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). To arrive at a lodestar amount, the court "multipl[ies] the hours … counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citation omitted). "[T]he fee

---

[4] Those excluded attorney's fees are the subject of the pending "Plaintiff's Motion to Enforce Order Awarding of Attorney Fees (Order Awarding Expenses Under Rule 37 filed January 18, 2019 as Document 145)," filed January 3, 2020. (Doc. 208). The Magistrate Judge entered the Order Awarding Expenses Under Rule 37 (Doc. 145) after having denied Monica Wellington's Motion to Compel Interrogatory Responses (Doc 107). *See* (Doc. 114).

[5] "NLP" refers to a notice of *lis pendens*.

[6] Plaintiff's attorney incorrectly attests that the costs total $971.30. (Doc. 209) at 30, ¶ 8. That amount is erroneous because the title search fee cost $241.46, not $241.17, as Plaintiff's attorney reports. *See* (Doc. 209) at 32.

applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* (citation omitted).

### B. Taxable Costs and Nontaxable Expenses

Federal Rule of Civil Procedure 54(d) distinguishes between taxable costs "allowed to the prevailing party," which the Clerk determines, and "nontaxable expenses" which an attorney can claim by filing a motion before the Court. Local Rule 54.1 provides that "[a] motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment" while 28 U.S.C. § 1920 defines taxable costs to include, for instance, "[f]ees of the clerk and marshal…."[7]

## III. Defendant's Objections

### A. Violation of Local Rule 7.1(a)

Defendant argues first that the Court should deny the Motion because Plaintiff violated Local Rule 7.1(a) by failing to include a "recitation of a good-faith request for concurrence…." Even if Plaintiff had asked for a concurrence prior to filing the Motion, Defendant still would have opposed the Motion on other grounds. That being the case, the Court waives Local Rule 7.1(a) and will address the merits of the Motion in order "to avoid injustice." *See* D.N.M. LR-Cv 1.7 (stating that "[t]hese rules may be waived by a Judge to avoid injustice").

### B. Attorney's Fees

#### 1. Reasonable Hourly Rate

Defendant argues that Plaintiff has not shown that the requested $215.00 an hour is reasonable considering prevailing market rates, and the attorney's skills and experience. As Defendant correctly observes, fee applicants bear the burden of showing that the requested rates

---

[7] Local Rule 54.2, which lists specific taxable costs, supplements the more general taxable costs set forth in Section 1920. *See Baca v. Berry,* 2014 WL 12650989, at *2, n.2 (D.N.M.) (noting that Tenth Circuit appears to recognize Local Rule 54.2 does not limit court's authority under Section 1920).

are consistent with the prevailing rates in the community. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" (citation omitted)). To carry that burden, fee applicants must show by "satisfactory evidence — in addition to the attorney's own affidavits — that the requested" hourly rates are the prevailing market rates. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

Here, Plaintiff's attorney provides only her affidavit to support her hourly rate and Plaintiff states in the reply that its attorney has almost 10 years of experience practicing "Creditor's Rights" litigation. That evidence falls short of establishing a prevailing market rate for a comparably experienced attorney. Nonetheless, "[w]here a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002).

To start with, the Court notes that in 2018 it observed that it "has previously stated that $200.00 per hour is a 'relatively low rate' for attorneys in New Mexico." *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1087 n.14 (D.N.M. 2018). In fact, awards of hourly rates of $225.00 and higher are not atypical in this District for attorneys with 4 years or more of legal experience. *See id.* (summarizing awards of attorney rates in District of New Mexico)*; see also Rehburg v. Bob Hubbard Horse Transportation, Inc.,* 2019 WL 5653958, at *2 n.1 (D.N.M.) (same). Considering the previous hourly rate awards in this District and the Court's own knowledge of prevailing market rates, the Court determines that the $215.00 hourly rate is reasonable.

*2. The $4,000.00 Flat Fee*

Defendant also seems to suggest that the $4,000.00 flat fee is the only "reasonable rate" Plaintiff can recover. *See* (Doc. 211) at 2 n.1. Although Plaintiff describes the kinds of legal activities a flat fee can entail in a handout, Plaintiff's attorney does not describe what hours she worked to receive the flat fee or what she did to earn the flat fee. "Even where there is a flat rate agreement, the Court must still examine whether the fee is reasonable, and it does so by calculating the presumptively reasonable fee via the lodestar method and comparing it to the flat fee amount." *Onewest Bank, N.A. v. Cole*, 2016 WL 11395013, at *5 (E.D.N.Y.), *report and recommendation adopted sub nom. One W. Bank, N.A. v. Cole*, 2016 WL 1069951 (E.D.N.Y.); *see also In re McMullen*, 273 B.R. 558, 562 (Bankr. C.D. Ill. 2001) (stating that "[w]here reasonableness of a flat fee is at issue, the court must establish a baseline for comparison by engaging in a lodestar analysis, taking into consideration the number of hours reasonably expended times a reasonable hourly rate").

Without additional information from which the Court can determine the reasonableness of the $4,000.00 flat fee, Plaintiff fails to carry its burden that it is entitled to that particular fee. It follows then, that the Court cannot accept Defendant's suggestion that the $4,000.00 flat fee is the "reasonable rate." For the foregoing reasons, the Court will exclude the $4,000.00 flat fee from its determination of reasonable attorney's fees.

*3. Reasonable Hours*

Defendant complains about a handful of billing entries in footnote 1 of her response. *See* (Doc. 211) at 2. Having reviewed those complaints, the Court concludes that they have no merit. Considering Defendant proceeded *pro se* and engaged in extensive, and often unwarranted, litigation, the Court determines that an expenditure of 45.1 hours is reasonable.

### 4. Gross Receipts Tax

Next, Defendant argues that Plaintiff cites no authority for including a gross receipts tax in a fee award. It is well-established, however, that "[t]he New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award." *Olivo v. Crawford Chevrolet, Inc.*, 526 Fed. Appx. 852, 856 (10th Cir. 2013) (citing, e.g., *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 901-02 (10th Cir. 1986)). Consequently, the Court will include the gross receipts tax in the fees award.

### 5. Conclusion

Applying the lodestar method to the above determinations, the Court will enter a judgment awarding Plaintiff the following reasonable attorney's fees: $9,696.50 (45.1 hours x $215.00), plus the applicable gross receipts tax.

## C. Costs

Defendant argues that the Court should deny the requested costs because Plaintiff did not file a bill of taxable costs with the Clerk as required by Rule 54(d)(1). Plaintiff responds to that argument by requesting that the Court allow it to file a timely motion to tax costs with the Clerk "should the court determine that the motion for attorneys [sic] fees and motion for costs should be separate and titled 'Bill of Costs'…." (Doc. 217) at 3.

Indeed, the Court determines that the fees for filing the complaint, service of process, and for filing the summons return are taxable costs. *See Nevada Prop. 1, LLC v. Kiwibank Ltd.*, 2020 WL 5633048, at *3 (D. Nev.) (stating that "[f]iling fees and service of process fees are taxable costs"); *Baca*, 2014 WL 12650989 at *2, n.2 (concluding that "Section 1920(1) clearly allows the court filing fee to be recovered as a taxable cost and its omission in D.N.M. LR-Civ. 54.2 does not preclude recovery"); *Carleton v. Wal-Mart Stores, Inc.*, 2001 WL 37125271, at *3

(D.N.M.) (determining that "private service of process fees are taxable, so long as those costs do not exceed what the U.S. Marshal Service would have charged for the task and so long as the charged tasks are those which marshals are authorized to perform").  Given that Plaintiff requested the above taxable costs within the time frame provided in Local Rule 54.1, the Court will allow Plaintiff to file a motion to tax costs with the Clerk.

As to the fees for a title search, to "Record NLP," and for a title update, the Court determines that those are nontaxable expenses allowable under both the Note and Mortgage.  *See* (Doc. 209) at 6, ¶ 6(E) (Note Holder is entitled to "costs and expenses" expended to enforce Note) and at 15, ¶ 9 (Borrower must reimburse Lender for costs related to appearing in court to protect interest in property and rights under mortgage).  Consequently, the Court will award Plaintiff those nontaxable expenses, a total of $356.95.

IT IS ORDERED that Plaintiff's Motion for Award of Attorney Fees and Costs (Doc. 209) is granted in part in that

1.  the Court will enter a judgment awarding Plaintiff $9,696.50 in reasonable attorney's fees, plus the applicable gross receipts tax, and $356.95 in nontaxable expenses; and

2.  Plaintiff has 14 days from the date of the entry of this Memorandum Opinion and Order to file a motion to tax costs with the Clerk.

_____
UNITED STATES DISTRICT JUDGE