IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                                           1:17-cv-00487-KG-LF

MONICA WELLINGTON, THE MONICA L.
WELLINGTON DECLARATION OF TRUST
DATED DECEMBER 28, 2007, ALTURA VILLAGE
HOMEOWNERS' ASSOCIATION, INC., and JP
MORGAN CHASE BANK, N.A.,

    Defendants,

and

MONICA WELLINGTON,

    Counter Claimant,

v.

WEINSTEIN & RILEY, P.S., ELIZABETH V.
FRIEDENSTEIN, RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, JP MORGAN CHASE BANK, N.A.,
PROFOLIO HOME MORTGAGE CORPORATION,
MTGLQ INVESTORS, LP,

    Counter Defendants.

## ORDER DENYING MOTION TO AMEND/VACATE
## JUDGMENT AWARDING ATTORNEY FEES

THIS MATTER comes before the Court on defendant Monica Wellington's Motion to

Amend/Vacate 'Judgment Awarding Attorney Fees,' filed November 23, 2020.  Doc. 223.

Defendant MTGLQ Investors, LP ("MTGLQ") filed its response on December 4, 2020.  Doc.

225.  Ms. Wellington filed her reply on December 15, 2020.  Doc. 226.  Having read the

submissions of the parties, reviewed the relevant law, and being fully advised, the Court finds that the motion is not well taken and will DENY it.

## I.   Background and procedural posture

To understand Ms. Wellington's motion, the Court must go back to October of 2018.  On October 1, 2018, Ms. Wellington filed a motion to compel interrogatory responses from plaintiff MTGLQ.  Doc. 107.  On November 5, 2018, United States Magistrate Judge Laura Fashing denied Ms. Wellington's motion to compel.  Doc. 114.  Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), the Court ordered Ms. Wellington "to pay the reasonable expenses MTGLQ incurred in opposing this motion, including attorney's fees," and ordered MTGLQ to submit an affidavit of expenses.  *Id*. at 3.  On January 18, 2019, the Court ordered Ms. Wellington to pay a portion of MTGLQ's requested expenses of $623.50 no later than February 8, 2019.  Doc. 145 at 2.  Ms. Wellington did not pay MTGLQ by February 8, 2019, in violation of the Court's order.  On January 3, 2020, MTGLQ filed a motion to enforce the order awarding attorney's fees.  Doc. 208.  On October 30, 2020, in a Judgment Awarding Attorney Fees, the Court granted MTGLQ's motion and ordered that MTGLQ recover the $623.50, plus applicable gross receipts tax, from Ms. Wellington.  Doc. 222.

Meanwhile, on September 23, 2019, the Court granted MTGLQ's motion for summary judgment and ordered that "[p]laintiff MTGLQ Investors, LP is entitled to foreclose on the property which is the subject of the Note and Mortgage at issue in this foreclosure action."  Doc. 179.  Following a stay of execution, on December 20, 2019, the Court entered a Judgment of Foreclosure and Sale, and Appointment of Special Master.  Doc. 204.  On December 31, 2019, Ms. Wellington appealed the Court's judgment of foreclosure and sale.  Doc. 205.  On January 3, 2020, MTGLQ filed a motion for attorney's fees and costs pursuant to the provisions of the

promissory note and mortgage agreement between the parties.  Doc. 209 at 1, 6, 15, 20.  On October 7, 2020, the Court granted that motion and awarded MTGLQ its reasonable attorney's fees and costs.  Doc. 220, 221.

In the instant motion, Ms. Wellington asks the Court to amend or vacate its judgment awarding attorney's fees entered on October 30, 2020 (Doc 222).  Ms. Wellington argues that the judgement is procedurally improper.  First, she contends that Rule 54(d) allows only one post-judgment fee award and that Rule 37 does not allow for a post-judgment proceeding.  Doc. 223 at 3–4.  Second, she argues that the issuance of the judgment in Doc. 222 "could seriously interfere with the pending appeal by calling into question the finality of the earlier 'Judgment of Foreclosure' order."  *Id*. at 4.  Ms. Wellington 's arguments are without merit.

## II.     Discussion

Ms. Wellington brings her motion to amend or vacate the judgment awarding attorney's fees pursuant to Rule 59(e).  Doc. 223 at 1.  Rule 59(e) simply states "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).  A judgment may be amended or vacated under Rule 59(e) where (1) there is an intervening change in the controlling law, (2) the party presents new evidence previously unavailable, and where (3) there is the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (*citing Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete*, 204 F.3d at 1012.  Ms. Wellington neither argues that there has been an intervening change in the controlling law, nor does she present new evidence.  Accordingly, the Court examines whether there is a need to correct clear error or

prevent manifest injustice. For the reasons stated below, the Court finds that there is no clear error or manifest injustice. Thus, the Court will DENY Ms. Wellington's motion to amend/vacate the judgment awarding attorney fees.

In her motion, Ms. Wellington argues that the Court erred in filing two attorney fee awards and contends that Rule 54(d) allows for only one post-judgment fee award. Doc. 223 at 3. This argument fails for several reasons.

First, Rule 54(d)(2) governs attorney's fees and nontaxable expenses to the prevailing party. FED. R. CIV. P. 54(d)(2) (A)–(D) (describing the procedure to claim attorney's fees). In this case, MTGLQ was the prevailing party and sought fees pursuant to the promissory note and mortgage agreement between the parties. Doc. 209. The Court granted MTGLQ's motion and awarded attorney's fees on October 7, 2020. Docs. 220, 221. The attorney's fees awarded by the Court's October 7, 2020 judgment are separate from the attorney's fees previously awarded as a sanction by the Court on January 18, 2019. Doc. 145. On January 18, 2019, the Court awarded attorney's fees to MTGLQ—and later enforced the award in the October 30, 2020 judgment—as a sanction pursuant to Rule 37. Rule 54 is not applicable to Rule 37 sanctions. Rule 54 states "[s]ubparagraphs (A)–(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." FED. R. CIV. P. 54(d)(2)(E). Because Rule 54 does not apply to the attorney's fee awarded as sanctions pursuant to Rule 37, there are not two judgments for attorney's fees under Rule 54, as Ms. Wellington contends.

Second, the Court appropriately awarded and enforced attorney's fees as a sanction under Rule 37. Rule 37 governs the failure to make disclosures or cooperate in discovery, and sanctions for violations of discovery orders. FED. R. CIV. P. 37. Rule 37 requires the Court to order sanctions if a motion for discovery is denied. FED. R. CIV. P. 37(a)(5)(B) ("If the motion is

4

denied, the court . . . must, after giving an opportunity to be heard, require the movant, . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."). Ms. Wellington filed a motion to compel that the Court denied. *See* Docs. 107, 114. The Court then awarded MTGLQ its reasonable expenses incurred in opposing the motion, including attorney's fees. Doc. 145. Ms. Wellington's failure to pay the sanction prompted MTGLQ's motion to enforce and the Court's October 30, 2020 judgment granting that motion. Docs. 208, 222.

Ms. Wellington does not cite any legal authority for the proposition that orders for sanctions made pursuant to Rule 37 cannot be later enforced by a judgment. Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, including an order under . . . 37(a), the court where the action is pending may issue further just orders." Here, the "further just order" came in the form of a judgment enforcing the sanctions imposed on Ms. Wellington under Rule 37(a).

Further, while Ms. Wellington is correct that Rule 37 itself contains no provision for any post-judgment proceedings (Doc. 223 at 3), the Court retains jurisdiction to rule on collateral matters such as discovery sanctions. "Although filing [a] notice of appeal generally divests the district court of jurisdiction over the issues on appeal . . . the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations and quotation omitted). "Attorney's fees awards are collateral matters over which the district court retains jurisdiction." *Id.* As the Tenth Circuit Court of Appeals explains:

> While the cases typically discuss attorney's fees awards in the context of statutory grants of attorney's fees to the prevailing party . . ., we see no basis to distinguish those cases from one like the present case in which fee awards are granted as sanctions. In either context, the award is collateral to the merits of the

5

underlying action. Accordingly, we conclude the district court had jurisdiction to grant the Rule 37 motion.

*Id*. Thus, the Court had authority to decide MTGLQ's post-judgment motion to enforce the order awarding attorney's fees pursuant to Rule 37.

Third, Ms. Wellington argues that no appeal can be taken from a judgment solely for a discovery sanction. Doc. 223 at 3. Ms. Wellington is incorrect. A party may appeal a discovery sanction after the conclusion of the lawsuit. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (describing the legal standard under which the appeals court views challenges to discovery sanctions); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1222 n.1 (10th Cir. 2015) (explaining that a sanctioned attorney may not take an interlocutory appeal for discovery sanctions, counsel must wait until the conclusion of the underlying lawsuit to appeal the discovery sanctions.).

Finally, Ms. Wellington contends that the issuance of the judgment enforcing the sanctions "could seriously interfere with the pending appeal by calling into question the finality of the earlier 'Judgment of Foreclosure' order." Doc. 223 at 4. This argument is also without merit.

> The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for "collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (internal quotation marks omitted). But an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court. *Id*. Accordingly, the Supreme Court has laid down "a uniform rule that an unresolved issue of attorney's fees for the litigation in question " doesn't prevent a district court judgment from being final and appealable; rather, the district court retains jurisdiction over the fee issue while the court of appeals has jurisdiction over the appeal. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202, 108 S. Ct. 1717, 100 L.Ed.2d 178 (1988) (emphasis added). . . . [T]he question of attorney fees for the litigation at hand is a collateral issue, one that remains within the district court's jurisdiction even after judgment is entered on the merits and an appeal of that judgment is underway.

6

*McKissick v. Yuen*, 618 F.3d 1177, 1196–97 (10th Cir. 2010).  Consequently, Ms. Wellington's concern that the judgments for attorney's fees will disrupt the finality of the judgment of foreclosure is unfounded.

### III.     Conclusion

Rule 54 does not apply to the Rule 37 judgment for sanctions.  The October 30, 2020 judgment for attorney's fees was appropriate to allow MTGLQ to collect previously ordered sanctions for discovery violations.  The judgment for attorney's will not disrupt the finality of the judgment of foreclosure.[1]  For these reasons, the judgment for attorney's fees (Doc. 222) does not present clear error or a manifest injustice.

IT IS THEREFORE ORDERED that defendant Monica Wellington's Motion to Amend/Vacate 'Judgment Awarding Attorney Fees' (Doc. 223) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] On January 7, 2021, the Tenth Circuit Court of Appeals affirmed the judgment of foreclosure by this Court after concluding that "the only matters left for the district court's determination are ancillary to the Judgment of Foreclosure, and therefore the Judgment is final for all purposes of our jurisdiction under 28 U.S.C. § 1291." *MTGLQ Investors v. Monica Wellington*, No. 20-2000, Order and Judgment at 5.