IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

     Plaintiff,

vs.                                                         Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendant Monica L. Wellington's two post-judgment motions. First, Ms. Wellington filed a Motion to Continue Stay of Execution of Judgment Pending Resolution of Action for Relief from Judgment (Motion to Continue) on August 12, 2021. (Doc. 238). Plaintiff MTGLQ Investors, LP responded in opposition and cross-motioned to lift the stay. (Doc. 239). Ms. Wellington timely replied. (Doc. 240). Second, Ms. Wellington filed a Motion to Vacate Appointment of Master (Motion to Vacate), on September 15, 2021. (Doc. 242). That Motion is also fully and timely briefed. (Docs. 234 and 244). Having reviewed the briefing and the relevant law, the Court denies both motions.

*I.*    *Background*

Because this Court and the Tenth Circuit Court of Appeals have both previously described the course of this litigation at length, the Court declines to do so again here. *See, e.g.*, (Docs. 178, 204, 235-1). In brief, this case is a foreclosure action, first brought on January 25, 2017. (Doc. 1). Both motions currently before the Court refer to this Court's Judgment of Foreclosure and Sale, and Appointment of Special Master (Judgment), entered December 20, 2019. (Doc. 204).

After that Judgment, Ms. Wellington appealed on multiple grounds and subsequently motioned for a stay of execution of the judgment. (Docs. 205, 210). This Court granted that motion pending the appeal. (Doc. 213). The Tenth Circuit Court of Appeals, in turn, entered an Order and Judgment affirming in all respects on March 31, 2021. *See MTGLQ Investors, LP v. Wellington*, 854 Fed. Appx. 146 (10th Cir. 2021); *see also* May 5, 2021 Mandate (Doc. 235). The Tenth Circuit entered an Order and Judgment on a second appeal, this time affirming the award of attorney's fees, on July 20, 2021. *See MTGLQ Investors, LP v. Wellington*, 854 Fed. Appx. 295, 296 (10th Cir. 2021); *see also* August 11, 2021 Mandate (Doc. 236).

II.     *Motion to Continue*

Ms. Wellington's Motion to Continue asks this Court to maintain its stay of the execution of the judgment pending resolution of a distinct case related to the foreclosed property, *David Wellington v. Profolio Home Mortgage Corporation et al*, 21-cv-00322-JB-GBW. This Court, in its discretion, declines to continue the stay for the duration of the separate action.

The second case was brought by David Wellington, the brother of Defendant Monica L. Wellington, claiming to be a joint tenant of the property. *See David Wellington*, 21-cv-00322 JB/GBW, Doc. 1, Ex. A at 1. Mr. Wellington filed his suit in New Mexico's Second Judicial District Court on March 4, 2021—well over a year after Judgment of Foreclosure was entered in this case. *Id*. Mr. Wellington's complaint seeks to quiet title in his favor and asks for a declaratory judgment that the mortgage held by MTGLQ is invalid and that "any debt or obligation and lien securing said debt owed to Profolio Home Mortgage Company... is barred and these parties are estopped from asserting any rights thereunder." *Id*. at 4.

The Court notes those claims are substantively similar to those brought by Ms. Wellington in her counterclaims, which this Court dismissed, and the Tenth Circuit affirmed that

dismissal. *See* (Docs. 6, 12, 72, 235-1).  The Court also notes that Mr. Wellington sought to

intervene in this case, and this Court denied his motion, concluding his interests were adequately

represented by Ms. Wellington.  *See* (Docs. 54, 77).  Mr. Wellington did not appeal that ruling at

the time.  *See, e.g., United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir.

2009) ("The denial of a motion to intervene of right is immediately appealable as a final

judgment."); *Alternative Rsch. & Dev. Found. v. Veneman*, 262 F.3d 406, 410 (D.C. Cir. 2001)

("[W]e conclude that the district court's denial of [ ] motion to intervene as of right is an

independently appealable, final order.").

This Court finally notes that Magistrate Judge Gregory B. Wormuth entered Proposed

Findings and Recommended Disposition (PFRD) in Mr. Wellington's case which recommends

dismissing all claims with prejudice, reasoning that Mr. Wellington's action is precluded by *res*

*judicata. David Wellington*, Doc. 22.

Those observations aside, the decision to grant a stay is discretionary.  *In re Kozeny*, 236

F.3d 615 (10th Cir. 2000) (recognizing federal courts' inherent discretion to order stay); *Pet Milk*

*Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).  The Court has "broad discretion to stay

proceedings as an incident to its power to control its own docket."  *Baca v. Berry*, 806 F.3d

1262, 1269 (10th Cir. 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520

U.S. 681, 708 (1997). To justify suspending the regular course of litigation, the proponent "must

make out a clear case of hardship or inequity in being required to go forward, if there is even a

fair possibility that the stay for which he prays will work damage to someone else." *Landis v.*

*North Am. Co.*, 299 U.S. 248, 255 (1936); *accord Creative Consumer Concepts, Inc. v. Kreisler*,

563 F.3d 1070, 1080 (10th Cir. 2009).  Ultimately, a court must exercise its own judgment to

3

"weigh competing interests and maintain an even balance among those fulfilled by a stay and those frustrated by such action." *Topsnik v. United States*, 114 Fed. Cl. 1, 4 (2013) (quoting *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). "[O]verarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.*

Here, the stay currently in place is specifically a stay of an execution of a judgment arising under Federal Rule of Civil Procedure 62. That Rule covers post-judgment stays in several situations. First, it imposes an automatic thirty-day stay after entry of judgment. Fed. R. Civ. P. 62(a). Next, it allows for a discretionary stay with the posting of a bond or security, which is the authority for the current stay. Fed. R. Civ. P. 62(b). The Court notes that Rule 62(b) is usually used during pending appeals or post-judgment motions—as it was here. *See, e.g.*, *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) ("The purpose of a stay is to preserve the status quo pending appellate determination."). The Court finds no authority, and Ms. Wellington points to none, authorizing use of the stay for the duration of a separate action.

The Court finds no reason to continue the stay. This Court imposed the stay of the execution of the judgment "pending resolution of the appeal." (Doc. 197). All pending appeals are now resolved. (Docs. 235 and 236). The justification for the stay, therefore, has ended.

Ms. Wellington argues, essentially, that since the bond posted for the original stay of execution—the home at issue in this case—is still valid, the stay should be continued. (Doc. 238) at 3. Even if the Court were to accept that argument, however, it concludes that the validity of the bond is insufficient reason to maintain the stay.

The Court further determines that Ms. Wellington has not carried her burden of showing "a clear case of hardship or inequity" if the stay were lifted. Neither has she shown how such hardship outweighs the harm which would accrue to MTGLQ. The Court notes that MTGLQ has already weathered the stay for two full years. *Cf. Topsnik v. United States*, 114 Fed. Cl. 1, 3 (2013) ("A stay that is immoderate or indefinite may be an abuse of discretion." (internal quotation marks omitted) (quoting *Cherokee Nation*, 124 F.3d at 1416)). The longer the foreclosure sale is delayed, the greater the market volatility risk borne by the lienholder relying on the sale.

For those reasons, the Court denies Ms. Wellington's Motion to Continue the Stay. (Doc. 238). MTGLQ cross-motioned the Court to lift the stay. (Doc. 239). For the same reasons, the Court finds that Motion well-taken and grants it. The Court orders the stay lifted.

III.    *Motion to Vacate*

Ms. Wellington also moves this court to vacate its appointment of a special master to execute the foreclosure sale of the home. (Doc. 242). Ms. Wellington contends that the Court's appointment order did not meet the technical directives of Federal Rule of Civil Procedure 53. *See generally* (Doc. 242). Finding Ms. Wellington's objections to the appointment of the special master untimely, the Court deems them waived, and denies the Motion.

To provide some important background, this Court ordered MTGLQ to file a proposed judgment of foreclosure and sale, including an appointment of special master, on September 23, 2019. (Doc. 178) at 16. MTGLQ entered a Proposed Summary and Default Judgment, Decree of Foreclosure, and Appointment of Special Master on October 14, 2019. (Doc. 192). That proposed order included the appointment of Margaret Lake as special master.

Ms. Wellington had an opportunity to object to that proposal, and indeed filed several objections on November 7, 2019. (Doc. 198). She specifically objected to the inclusion of attorney's fees and costs, as well as corporate and escrow advances. *Id.* at 2. She also objected to the Plaintiff's reservation of the right to a deficiency judgment. *Id.* She further objected to clauses which (i) allowed for the purchaser to have immediate possession of the property, (ii) deemed any remaining personal property abandoned, and (iii) retained jurisdiction over the matter in this Court to assist in the foreclosure sale. *Id.* at 3. Finally, she objected to allowing the Plaintiff to bid the value of its judgment in lieu of cash. *Id.* at 4. She did not object to the sufficiency of the order appointing Ms. Lake special master. Furthermore, the Court sustained Ms. Wellington's objections in part and entered its Judgment accounting for the sustained objections. (Docs. 203 and 204).

Now, Ms. Wellington raises several new objections. Specifically, Ms. Wellington argues that the special master, Ms. Lake, did not submit an affidavit disclosing any grounds for disqualification. (Doc. 242) at 3; *see* Fed. R. Civ. P. 53(b)(3)(A). Ms. Wellington argues the clause in the order allowing Ms. Lake to appoint a successor is also violative of the same rule. Ms. Wellington next argues that the order does not "state any limits on the master's authority." (Doc. 242) at 3. That clause of Rule 53(b)(2)(A), however, is written permissively.

Third, Ms. Wellington argues that the order fails to address any of the requirements in Rule 53(b)(2)(B) to (D), such as (1) when the master may communicate *ex parte* with the Court, (2) the materials to be preserved or filed, and (3) the time limits and standards of review of any report or findings made by the master. (Doc. 242) at 4. Ms. Wellington does not take into account that Ms. Lake was not appointed to adjudicate any legal issues or propose any findings but simply to sell the house and report on the completion of the task. Finally, Ms. Wellington

argues that "satisfaction of all these conditions [of Rule 53] are mandatory for a valid appointment of a master." (Doc. 242) at 3.

Regarding the law on point, "whether to appoint a special master, and the scope and extent of the master's duties, rests with the sound discretion of the Court." *TracFone Wireless, Inc. v. LaMarsh*, 98 F. Supp. 3d 828, 831 (W.D. Pa. 2015). Specifically, a court may appoint a special master to address pretrial and post-trial matters that cannot be effectively and timely addressed by an available District Judge or Magistrate Judge. Fed. R. Civ. P. 53(a)(1)(C). Federal courts "routinely appoint special masters to conduct foreclosure sales." *Stearns Bank Nat'l Assoc. v. Marrick Props.*, LLC, 2012 WL 1155657, at *3 (M.D.Fla. April 5, 2012) (collecting cases); *see also, e.g.*, *M & I Marshall & Ilsley Bank v. FD-RE, L.L.C.*, No. 08-CIV-00778-MCA/WDS, 2009 WL 10707119 (D.N.M. July 24, 2009). One requirement imposed by the rules, which undoubtedly was met in this case, is that the court must give notice of any appointment and allow parties an opportunity to be heard. Fed. R. Civ. P. 53(b)(1).

The corollary to that requirement is the well-settled rule that if objections to the appointment of a special master are not made in a timely fashion, they may be waived. *E.g.*, *Regents of Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1127 (Fed. Cir. 2003); *Clark v. Poulton*, 963 F.2d 1361, 1367 (10th Cir. 1992); *First Iowa Hydro Elec. Coop. v. Iowa–Ill. Gas & Elec. Co.*, 245 F.2d 613, 628 (8th Cir. 1957). Here, Ms. Wellington had an opportunity to make objections to the order appointing Ms. Lake, and in fact made many objections, but did not raise these specific objections at that time. *See* (Docs. 198, 203). Now, nearly two years later, Ms. Wellington raises new objections. The new objections are, therefore, deemed waived.

This Court is further concerned that Ms. Wellington's Motion promotes technicality over substance in an effort to undermine the prompt and effective administration of justice. Ms.

Wellington here does not make substantive claims about the special master, but instead rests her Motion on procedural rules governing the form of the order appointing the master.   The Court notes that Rule 1 of the Federal Rules of Civil Procedure mandates that all other rules should be used by the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding."   The Court further notes that Rule 11 requires parties to bring forth meritorious arguments and prohibits improper purposes such as unnecessary delay.   Fed. R. Civ. P. 11.

For these reasons, Ms. Wellington's Motion to Vacate is denied.   The stay having been lifted and the Motion to Vacate denied, the special master is hereby ordered to proceed with the sale of the property.

IT IS THEREFORE ORDERED THAT:

1.  Ms. Wellington's Motion to Continue Stay of Execution of Judgment Pending Resolution of Action for Relief from Judgment (Doc. 238) is denied;

2.  MTGLQ Investors, LP's Cross-Motion to Lift the Stay (Doc. 239) is granted;

3.  The Stay of Execution of Judgment Pending Appeal (Doc. 213) is lifted;

4.  Ms. Wellington's Motion to Vacate Appointment of Master (Doc. 242) is denied; and,

5.  Special Master Margaret Lake is ordered to proceed with the sale of the home in accordance with the Judgment of Foreclosure and Sale, and Appointment of Special Master (Doc. 204).

UNITED STATES DISTRICT JUDGE