IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                           Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

    Defendant.

ORDER

This matter is before the Court upon receipt of a Notice of Related Cases and Potential Void Actions by Master (Notice), filed May 4, 2022. (Doc. 252). That Notice was filed by David Wellington, who has brought now a third case related to the property at issue in this case. *See David Wellington v. MTGLQ Investors, LP, and Margaret Lake*, No. 22-cv-0069-KK ("*MTGLQ III*") (newest case referenced in Notice); *see also Wellington v. Profolio Home Mortgage Corp.*, No. 21-cv-00322-JB-GBW ("*MTGLQ II*") (second case in trilogy). He has simultaneously filed for a writ of prohibition at the Tenth Circuit Court of Appeals. *See MTGLQ III*, (Docs. 8 and 8-1). In the instant Notice, Mr. Wellington states that this Court should "issue an order for [Special Master Margaret] Lake to cease and desist any further actions pending the outcomes of these proceedings." (Doc. 252) at 3. The Court thus construes the Notice as a Motion for a Stay. The Court denies the Motion.

The Court first notes that Mr. Wellington is not a party to this case. The Court second notes that Mr. Wellington cites to no rule or authority justifying a stay. *See generally* (Doc. 252). His argument is essentially that the existence of his new lawsuit and application for a writ of prohibition justifies staying the home sale pending resolution of the new actions. *See id.* The

1

Court, however, is not persuaded that Mr. Wellington's repeated cries of "wolf!" prove that one may now materialize. Indeed, Judge Khalsa entered an Order to Show cause in *MTGLQ III* why it should not be dismissed based on its legal insufficiency and noting repeatedly that it raises issues already addressed in the previous two cases. *See MTGLQ III*, (Doc. 5) at 4–6.

This Court recently denied a Motion to Continue a stay in this case, filed by Monica Wellington, Mr. Wellington's sister. *See* (Doc. 246) at 3-5. There, the Court noted that "the decision to grant a stay is discretionary." *Id.* at 3 (citing *In re Kozeny*, 236 F.3d 615 (10th Cir. 2000); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). The Court also explained that "a court must exercise its own judgment to 'weigh competing interests and maintain an even balance among those fulfilled by a stay and those frustrated by such action'" and that "'overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" *Id.* at 4 (quoting *Topsnik v. United States*, 114 Fed. Cl. 1, 4 (2013)). The Court reasoned that Ms. Wellington had not shown a clear case of hardship nor had she shown how her hardship "outweighs the harm which would accrue to MTGLQ," which had "already weathered the [then-existent] stay for two full years." *Id.* at 5.

Adopting the same reasoning here, the Court denies Mr. Wellington's Motion for a Stay. (Doc. 252). The Court directs Special Master Margaret Lake to proceed with the sale as noticed.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE