IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

Plaintiff,

vs. Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Monica L. Wellington's Motion to Vacate the Order Approving Sale (Doc. 258) and Motion to Disqualify Judge (Doc. 259). Ms. Wellington also filed a Supplement to the Motion to Vacate (Doc. 260). Plaintiff MTGLQ Investor, LP responded in opposition to all three filings. (Doc. 261). Having considered the briefing and the applicable law, and finding no manifest injustice, unfair prejudice, or bias, the Court denies both Motions.

*I. Background*

This is a mortgage foreclosure case. Plaintiff MTGLQ Investors, LP, first brought this action in state court on January 25, 2017. (Doc. 1-1). The Court previously found that Ms. Wellington has been in default since February 1, 2011, and that she has made no good faith effort to comply with the terms of her note over that time. (Doc. 178) at 15. Ms. Wellington has not made mortgage payments for over a decade and has litigated this case for over five years.

This Court entered a Judgment of Foreclosure in December 2019. (Doc. 204). Ms. Wellington appealed that decision, and the Tenth Circuit Court of Appeals reviewed and affirmed

the judgement in all respects. *MTGLQ Investors, LP v. Wellington*, 854 Fed. Appx. 146 (10th Cir. 2021); *also* May 5, 2021 Mandate (Doc. 235).

The house was sold at auction to the highest bidder by Special Master Margaret Lake on May 6, 2022. (Doc. 254). Special Master Lake then filed her Special Master's Report on May 12, 2022. *Id.* Plaintiff MTGLQ Investors, LP filed a Motion to Approve the Foreclosure Sale and Discharge Special Master Lake on May 13, 2022. (Doc. 255). Six days later, on May 19, 2022, this Court entered its Order granting Plaintiff's Motion, approving the sale, and discharging the Special Master. (Doc. 257).

Now, the Motions before the Court allege procedural defects in the approval of the sale. First, in the Motion to Vacate, Ms. Wellington urges the Court to vacate its order approving the sale because a combination of D.N.M. LR-Civ. 7.4 and various caselaw confers on her a right to object to the Special Master's Report for 14 days while the Court entered its Order Approving the Sale after only six days. *Generally* (Doc. 258). In her Supplement to the Motion, Ms. Wellington adds a new argument: relying on Federal Rule of Civil Procedure 53, she contends that the Report, contrary to the fact that it was signed by Special Master Lake and was served on all parties via the Court's electronic filing system, was not actually filed on the docket by Special Master Lake and therefore that the Special Master did not "file" or "give notice" to the parties. (Doc. 260) at 2. Ms. Wellington urges the Court to "strike the alleged master report as improperly/invalidly filed." *Id.*

In her Motion to Disqualify this Judge, Ms. Wellington asks the Court to disqualify itself because of bias. *Generally* (Doc. 259). Her circuitous argument is that Special Master Lake, by preparing a Special Master's Deed, participated in an "unauthorized practice of law." (Doc. 259) at 1-2. Because the Court approved the sale and deed, she argues, it must have "approve[d] of,

and even adopt[ed]" the unauthorized practice of law in violation of the "rules of professional conduct of judges." *Id.* at 5. This adoption of "illegal activities in favor of a party" combined with not allowing sufficient time for Ms. Wellington to object is "evidence of extreme bias and prejudice." *Id.*

*II. The Order Approving the Sale*

The Court begins by addressing the alleged procedural deficiency of its Order Approving the Sale. Ms. Wellington is correct on the procedural facts. The Court entered its Order six days after the Motion and seven days after the filing of the Special Master's Report.

MTLGQ argues that the Court is well within its discretion to control its docket to approve the sale without allowing an opportunity to object. *See* (Doc. 261). The Court is inclined to agree, but having been presented a legitimate question about its process by a *pro se* litigant, the Court will address the issue more fully.

What standard to apply to the Motion to Vacate is not clear. One option would be to construe this as a motion for reconsideration.[1] Ordinarily, a court will reconsider a prior decision only if there has been an intervening change in law, if new evidence has become available, or if there is a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule

[1] Ms. Wellington does not invoke any rule of procedure in her Motion. Typically, a motion to reconsider, such as this one, may be considered under either Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148 (N.D. Okla. 2017) (explaining distinction at length). While it likely does not matter to the outcome, this Court concludes Rule 59(e) is the correct rule to apply. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("Because the plaintiffs' motion was filed within ten days of the district court's judgment, and the motion seeks to alter the substantive ruling of the district court, we construe the plaintiffs' motion as a motion to alter or amend the judgment pursuant to Rule 59(e).").

59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

Another option is to consider the issue under a harmless error standard:

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61.

Under either standard, the Court conducts a similar analysis. Ms. Wellington does not argue that there has been a change in law, present new evidence, or assert the Court misapprehended her position. Rather, she argues that the Court made a procedural error. Thus, the Court considers only whether there is a clear error which affects her substantial rights or whether there is a need to prevent manifest injustice. For the reasons below, the Court finds none.

First, the Court concludes no substantial rights are at risk in part because, at this late stage, there are few, if any, remedies remaining for Ms. Wellington. The Court emphasizes that at this point in the litigation, judgment has been entered, the house has been sold, and the maximum remedy Ms. Wellington could possibly obtain is the resale of her house a second time. Nothing, except Ms. Wellington's still-remaining right to redeem, could prevent the sale of the home. The Court is concerned that all Ms. Wellington may accomplish is further delay.[2] For this reason, the

[2] In fact, it is not clear to this Court that the Special Master's Report or Order Approving the Sale are necessary or that vacating the order would necessarily stop the sale. The New Mexico

Court is skeptical that Ms. Wellington's Motion could vindicate a substantial right and fears continued litigation will be frivolous and futile.

The Court also concludes no substantial rights have been affected by any procedural mistake because even if Ms. Wellington were allowed to object to the Special Master's Report, the Court finds no underlying substantive issues affecting the sale of the house. The Court reviewed the Special Master's Report, (Doc. 254), the filings evidencing advertisement of the sale, (Doc. 249, 251), and the Motion to Approve, (Doc. 255), and the Court determines that the sale was properly noticed and conducted, and that the sale price did not shock the conscience. *See* NMSA 1978 § 39-5-1 (establishing notice requirements for foreclosure sales); *Armstrong v. Csurilla*, 1991-NMSC-081, ¶¶ 39 (establishing "shocks the conscience" standard of review of judicial sale price). The Court, therefore, concludes as a matter of law that no colorable objection could have been advanced to preclude the sale, and any additional objections would be futile.

Third, the Court concludes no manifest injustice has occurred that warrants reconsideration of its Order. Ms. Wellington does not offer any substantive arguments explaining her opposition to the Special Master's Report or Order Approving the Sale, but rather alleges procedural defects and demands additional process. Given that Ms. Wellington has litigated this case for five years and has appealed to the Tenth Circuit twice, this Court concludes she has enjoyed an abundance of process—both substantive and procedural—well beyond any constitutional or other requirements.

---

Supreme Court has pointedly said: "There is no provision in our statutes requiring confirmation of a judicial sale by the court that orders it." *Armstrong v. Csurilla*, 1991-NMSC-081, ¶ 36.

Finally, the Court notes a lack of prejudice to Ms. Wellington because the Order Approving the Sale does not extinguish Ms. Wellington's right to redeem. In fact, the Order affirms that right. (Doc. 257).

For all of these reasons, the Court finds no violation of a substantial right, no manifest injustice, and no unfair prejudice has resulted from it entering its Order after six days rather than fourteen. Accordingly, to the extent the Motion to Vacate (Doc. 258) is based on a timeliness argument, it is denied.

*III. All Other Issues Raised*

The Court next addresses the remainder of the allegations raised in these filings—for example that the Court has approved of illegal behavior or that the Special Master's Report was filed in a way that violated procedural rules. The Court reviewed and considered Docs. 258, 259, and 260, and finding that the arguments do not alter the Court's analysis or conclusion, it summarily denies each Motion and all requests for remedy contained therein.

*IV. Rules Governing Filings*

The Court concludes by addressing the rules of procedure which govern court filings. In its last Memorandum Opinion and Order, filed January 7, 2022, the Court emphasized that

> Rule 1 of the Federal Rules of Civil Procedure mandates that all other rules should be used by the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court further notes that Rule 11 requires parties to bring forth meritorious arguments and prohibits improper purposes such as unnecessary delay. Fed. R. Civ. P. 11.

(Doc. 246) at 7-8. The Court also then wrote that it was "concerned that Ms. Wellington's Motion promotes technicality over substance in an effort to undermine the prompt and effective administration of justice." *Id.* The Court reaffirms those statements here.

To the extent there is any chance for relief, Ms. Wellington has exhausted all such avenues. At this point in the litigation, the Court construes Ms. Wellington's arguments as a delay tactic. The Court reminds Ms. Wellington that Rule 11(b) applies to *pro se* parties and that the Court has discretion to sanction parties for raising frivolous arguments or making filings in bad faith. Continued filings in this case may result in Ms. Wellington being required to appear in court, in person, for a hearing to show cause why monetary or other sanctions are not appropriate.

*V. Conclusion*

The Court's entry of a *pro forma* Order approving the foreclosure sale of a home six days after a motion, rather than fourteen days, has not been a source of manifest injustice requiring reconsideration of the Order, nor was it an error which affected any substantial rights. The remaining allegations being without merit, the Motion to Vacate (Doc. 258) and Motion to Disqualify (Doc. 259) are hereby denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE