IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                          Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

    Defendant.

## ORDER GRANTING MOTION

This matter is before the Court on Plaintiff MTGLQ Investors, LP's Motion for Writ of Assistance (Doc. 273), seeking to evict any occupants from the property which has been the subject of this mortgage foreclosure case. Defendant Monica Wellington responded in opposition. (Doc. 274). The Court, being fully advised and determining that a reply would not aid its adjudication of the matter, grants the Motion.

A preliminary note: the Court previously entered final judgment and closed this case, (Doc. 272), but it agrees with MTGLQ that it nonetheless maintains jurisdiction to enforce the judgment, *see* (Doc. 273) at 1. "While a district court's jurisdiction typically ends when a case is closed and judgment entered, a district court retains ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees." *FDIC v. Harger*, No. 89-CV-0237 JB/RLP, 2009 WL 1232087, *2 (D.N.M. Apr. 27, 2009), *vacated on other grounds by* 778 F. Supp. 2d 1123 (D.N.M. 2011) (citing *Jenkins v. Kan. City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008)).

MTGLQ brought its Motion under Federal Rule of Civil Procedure 70. Rule 70(d) states, "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue

a writ of execution or assistance." Ms. Wellington argues that the Court has no authority to issue the writ because no "'judgment or order for possession' has ever been issued." (Doc. 274) at 1. She cites no authority for this narrow interpretation of the Rule and the Court is unpersuaded by frivolous procedural objections while rightful transfer of the underlying property has been delayed for years.

By the time MTGLQ sought the Writ of Assistance, this Court had entered a Judgment of Foreclosure and Sale (Doc. 204), MTGLQ purchased the property at auction (Doc. 254), a sale which this Court approved (Doc. 257)—and which the Tenth Circuit affirmed (Doc. 271)—in an Order which granted to MTGLQ a deed which entitled it to "immediate possession of the real property," subject only to the redemption period which has long expired, (Doc. 257) at 1. Thus, MTGLQ is entitled to possession of the property, and also entitled to a writ of assistance to enforce its previously adjudicated right to possession. *See, e.g.*, *United States v. Young*, 806 F.2d 805, 807 (8th Cir.1986) (affirming the issuance of a writ of assistance to put a purchaser in possession after a foreclosure sale because the purchaser was clearly entitled to possession of the property), *cert. denied*, 484 U.S. 836 (1987).

The Court, therefore, grants the Motion. Writ of Assistance to follow.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE