IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

     Plaintiff,
vs.                                              Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

     Defendant.

## SUMMARY ORDER

This matter is before the Court on Defendant Monica Wellington's Motion for Relief from Judgment. (Doc. 285). Ms. Wellington bases her Motion on Fed. R. Civ. P. 60(b)(5), which allows relief from judgment where "applying it prospectively is no longer equitable" and Rule 60(b)(6), which allows relief for "any other reason that justifies relief." Ms. Wellington advances her long-maintained argument that MTGLQ was not the owner of the mortgage in this foreclosure case and now submits tax documents which purportedly show that MTGLQ has "disclaimed interest in the property title," (Doc. 285) at 5, has not "written off" any loan balance, *id.* at 2, and is allegedly engaging in tax fraud, *id.* at 2–3.

The Court determines that Rushmore Loan Management Services' tax documents and MTGLQ's internal accounting practices do not bear on the validity of this Court's Judgment of Foreclosure, (Doc. 204 ), Order Approving the Sale, (Doc. 257), or Writ of Assistance to enforce the judgment by evicting the occupants, (Doc. 276). Finding the Motion frivolous, the Court summarily denies it.

Not only that, but the theory that MTGLQ is not the proper mortgage owner in this case has been argued and adjudicated repeatedly by both this Court and the Tenth Circuit. *See, e.g.*, Motion to Dismiss (Doc. 9) (arguing MTLGQ does not have standing to enforce note and that

documents were altered or fabricated); Memorandum Opinion and Order (Doc. 71) (denying Motion to Dismiss); *MTGLQ Invs., LP v. Wellington*, No. 20-2000, 856 Fed. Appx. 146 (10th Cir. March 31, 2021), *available at* (Doc. 235-1) (affirming the Judgement of Foreclosure, rejecting arguments that MTGLQ was not a real party in interest and lacked standing to enforce the Note). Thus, even acknowledging that this Motion references a new factual theory (*i.e.*, the tax documents), it is duplicative of previous arguments which have been rejected in addition to being frivolous.

Furthermore, Ms. Wellington has made multiple attempts to undo the Judgment and foreclosure in this case. *See, e.g.*, Motion to Continue Stay of Execution of Judgment Pending Resolution of Action for Relief from Judgment (Doc. 238); Motion to Vacate Appointment of Special Master (Doc. 242); Memorandum Opinion and Order (Doc. 246) (denying both prior Motions); Motion to Vacate (Doc. 258); Memorandum Opinion and Order (Doc. 262) (denying Motion); *MTGLQ Invs., LP v. Wellington*, No. 22-2070, 2022 WL 17660784 (10th Cir. Dec. 14, 2022), *available at* (Doc. 271-1) (affirming the approval of the sale); Motion to Vacate Writ (Doc. 278); Order (Doc. 279) (denying Motion). More process than is due has been provided.

At this stage, Final Judgment has been entered in this case. (Doc. 272). Though the Court continues to address the Writ of Assistance, the case is closed. While the Court will not restrict Ms. Wellington from filing, it warns her that future frivolous filings—especially those furthering another iteration of the same argument—will be struck from the docket and Ms. Wellington will risk being required to appear personally before this Court to explain why her electronic privileges should not be revoked.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE