IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

v.                                                                                                 Case No. 17-cv-00487 KG/LF

DAVID WELLINGTON,

    Defendant.

ORDER

        This matter comes to the Court on Movant Cyprexx Services, LLC's Motion for a Preliminary Injunction, Temporary Restraining Order, and Permanent Injunction to Enjoin David Wellington Continuing to Litigate this Matter in State Court (Motion), filed on April 17, 2024. (Doc. 301). Having considered the Motion and applicable law, the Court denies the Motion.

        In its Motion, Cyprexx Services, LLC (Cyprexx) argues that the Court should enjoin the state court proceeding under the exceptions to the Anti-Injunction Act. (Doc. 301) at 7. Before this Court considers whether these exceptions warrant granting Cyprexx's Motion, the Court considers whether the issues Cyprexx presents are ripe for review. *See Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) ("Ripeness is a justiciablility doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements") (quoting *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807 (2003)). The Court concludes the issues are not ripe.

        "Determining whether the issues presented by this case are ripe for review 'requir[es] us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Morgan*, 365 F.3d at 890 (quoting *Abbott Labs. v. Gardner*,

1

387 U.S. 136, 149 (1967)), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). The fitness standard considers "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995)). Similarly, the hardship standard considers "whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* (quoting *New Mexicans for Bill Richardson*, 64 F.3d at 1499). Because the issues Cyprexx presents are uncertain and contingent future events and do not appear to create a direct and immediate dilemma, the Court determines the issues are not ripe.

Cyprexx's primary concern is "becoming embroiled in litigation that was fully decided by this Court." (Doc. 301) at 9. At Cyprexx's urging, the Court takes judicial notice of the state court docket. (Doc. 301) at 6; *see also Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) ("A district court…may 'take judicial notice of its own files and records, as well as facts which are a matter of public record.'") (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)). Based on a review of the state court docket and Cyprexx's briefing, it appears that Cyprexx is not a party to the state court lawsuit. While it has been issued a subpoena, there is a pending Motion to Quash. (Doc. 301) at 9 ("MTGLQ filed a valid Motion to Quash this subpoena that remains pending.") (citing Mot. To Quash, Dec. 11, 2023, filed in D-202-CV-2023-05422, p. 8). And, as Cyprexx noted in its Motion, "it is not sued and is not required to respond to subpoenas as a valid Objection and Motion to Quash have been filed." (Doc. 301) at 11 (citing Rule 1-045(2)(a)(c)(iii) NMRA).

As far as the Court can tell, the demand that Cyprexx responds to the subpoenas by April 19, 2024, comes from David Wellington—not the state court. *Id.* at 9 (citing (Doc. 301-4)). Cyprexx does not explain why it is required to comply with Mr. Wellington's email given

the outstanding Motion to Quash. Because Cyprexx is not a party to the state court suit and the state court has not yet ruled on the Motion to Quash the subpoenas, the Court finds the issues Cyprexx presents are not ripe.

IT IS THEREFORE ORDERED that Cyprexx's Motion for a Preliminary Injunction, Temporary Restraining Order, and Permanent Injunction, (Doc. 301), is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE