IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                           Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

    Defendant.

## ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff MTGLQ Investors, LP's (MTGLQ) Motions for an Order Declaring Monica L. Wellington and David Wellington Vexatious Litigants, to Show Cause, a Preliminary Injunction, a Permanent Injunction, and Approving the Destruction of Forfeited Abandoned Personal Property. (Doc. 306). The Court grants, in part, Plaintiff's Motion and holds in abeyance the Plaintiff's remaining requests for relief.

This case has a long and tortured history that the Court need not recount in this order. Relevant here is this Court's Amended Writ of Assistance, (Doc. 297), issued on June 28, 2023, and executed the same day, (Doc. 298). In the Amended Writ of Assistance, this Court ordered that "Defendant Monica Wellington and her brother David Wellington, shall cooperate with MTGLQ to remove any personal property no later than 5:00 pm on July 3, 2023," and that "[f]ailure to comply will result in the forfeiture of any personal property left at the property to MTLGQ." (Doc. 297).

Clearly, this Court has personal jurisdiction over Defendant Monica Wellington. This Court also exercises its personal jurisdiction over her brother, David Wellington, due to his involvement in MTGLQ I, II, III, IV. *See* (Doc. 306). Even if it is determined that David

Wellington's involvement in MTGLQ I–IV does not provide this Court with personal jurisdiction over David Wellington, this Court nevertheless exercises personal jurisdiction over him as a nonparty in this case pursuant to Tenth Circuit precedent. *See ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1215–16 (10th Cir. 2011) (holding that "a district court may properly exercise personal jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order.")

Here, there is no doubt that David Wellington has actual notice of the Amended Writ of Assistance, and it appears that he and his sister, Defendant Monica Wellington, continue to violate this Court's Amended Writ of Assistance, including filing yet another lawsuit in New Mexico state court, Case No. D-202-CV-2023-05422, based on the same operative facts surrounding this Court's orders. *See* (Doc. 306) (summarizing the extensive history of frivolous filings and violations of this Court's Amended Writ of Assistance). This Court also "retains an interest in the parties' obedience to its authority." *Lundahl v. Halabi*, 600 Fed. Appx. 596, 606 (10th Cir. 2014) (quoting *United States v. Straub*, 508 F.3d 1003, 1009 (11th Cir. 2007)). And the Court has "inherent power to sanction a party if it acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' including 'willful[] abuse [of the] judicial processes. *Id.* at 607 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

Because David and Monica Wellington appear to be abusing the judicial process by failing to comply with this Court's Amended Writ of Assistance, the Court grants MTGLQ's Motion as it relates to ordering David Wellington and Defendant Monica Wellington to show cause as to why they should not be held in contempt of court. The Court, however, holds in abeyance MTGLQ's other requests for relief.

IT IS, THEREFORE, ORDERED that Defendant Monica Wellington and David Wellington appear in person at the United States Courthouse, 100 N. Church St., 3rd Floor Animas Courtroom, in Las Cruces, New Mexico, on Thursday, June 6, 2024 at 2:00 p.m., in order to explain why they should not be held in contempt of court and sanctioned for failing to comply with this Court's Amended Writ of Assistance, (Doc. 297).  Failure to appear as ordered may be construed by this Court as Monica Wellington's and/or David Wellington's waiver of their right to contest any order of contempt.

IT IS FURTHER ORDERED that Plaintiff shall assure expeditious personal service of this Order to Show Cause on Monica Wellington and David Wellington.

_____
UNITED STATES DISTRICT JUDGE