IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MTGLQ INVESTORS, LP,

    Plaintiff,

vs.                                                  Case No. 17-CV-487-KG-LF

MONICA L. WELLINGTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff MTGLQ Investors, LP's (MTGLQ) and Movant Solomon S. Krotzer's Motions for an Order Declaring Monica L. Wellington and David Wellington Vexatious Litigants, to Show Cause, a Preliminary Injunction, a Permanent Injunction, and Approving the Destruction of Forfeited Abandoned Personal Property filed on May 23, 2024. (Doc. 306). The next day, Movant Cyprexx Services, Inc. (Cyprexx) joined MTGLQ's and Mr. Krotzer's Motions in its Renewed Motion for a Preliminary Injunction, Temporary Restraining Order, and Permanent Injunction to Enjoin David Wellington from Continuing to Litigate this Matter in State Court (Renewed Motion). (Doc. 309). On June 5, 2024, Defendant Monica Wellington filed a Response and Motion to Vacate/Quash Order to Show Cause. (Doc. 313). On June 12, 2024, Movant International Protective Service, Inc. (IPS) joined MTGLQ's, Mr. Krotzer's, and Cyprexx's Motions. (Doc. 318). For the following reasons, the Court grants MTGLQ's Motion Approving the Destruction of Forfeited Abandoned Personal Property and denies MTGLQ's, Mr. Krotzer's, Cyprexx's, and IPS's (collectively, "Movants") other requested relief.

I.      *Background*

This case stems from a 2017 foreclosure action that MTGLQ brought against Monica Wellington. On April 26, 2017, Ms. Wellington removed the case to this Court. (Doc. 1). On July 22, 2019, this Court entered default foreclosure judgments in favor of the Plaintiff and against Defendant Monica L. Wellington Declaration of Trust Dated December 28, 2007. (Doc. 169). On January 16, 2018, more than a year after the case was removed to this Court, "Monica Wellington, a Trustee for the Monica L. Wellington Declaration of Trust, conveyed, through a Grant Deed, to Monica L. Wellington and [David] Wellington the Altura Verde property as joint tenants with right of survivorship." (Doc. 77) (citing (Doc. 54-1)).

On December 20, 2019, this Court entered a Judgment of Foreclosure and Sale, and Appointment of Special Master. (Doc. 204). The Tenth Circuit affirmed, holding "MTGLQ had the right to foreclose the mortgage." *MTGLQ Invs., LP v. Wellington*, 856 F. Appx 146, 162 (10th Cir. 2021). Later, the special master held a foreclosure sale, which this Court approved. *See* (Doc. 257). On appeal, the Tenth Circuit again affirmed this Court's ruling. *See MTGLQ Invs., LP v Wellington*, 2022 WL 17660784 (10th Cir.).

On June 28, 2023, this Court issued an Amended Writ of Assistance "directing the U.S. Marshals to remove current occupants and deliver possession to MTGLQ." (Doc. 297) at 2. The Amended Writ of Assistance instructed the U.S. Marshal go to 2124 Altura Verde Ln NE, Albuquerque, NM 87110 (Property) and "remove from the property all and every person holding or detaining it or any part of it, and take any steps as necessary to deliver possession of the poetry to MTGLQ or its assigns." *Id.* The Court further ordered that Monica Wellington and her brother, David Wellington, "shall cooperate with MTGLQ to remove any personal property

no later than 5:00 pm on July 3, 2023. Failure to comply will result in the forfeiture of any personal property left at the property to MTLGQ [sic]." *Id.*

Shortly thereafter, David Wellington filed a FRCP 60(d)(1) appeal for relief from judgment, claiming that the foreclosure judgment and writ of assistance against him were unlawful and unenforceable. *See Wellington v. MTGLQ Invs. LP*, 2024 WL 1573948 (10th Cir.). On April 11, 2024, the Tenth Circuit once again affirmed this Court's order. *Id.*

On July 11, 2023, before the Tenth Circuit issued its April 2024 ruling, David Wellington filed suit against Mr. Krotzer (dba MTGLQ Investors, LP), IPS, Timothy Roberts, and Unknown Does 1, 3, 4, and 5 in New Mexico state district court. *See* (Doc. 307-3) at 2. A few months later, Mr. Wellington filed his First Amended Complaint for Damages and Declaratory Relief (FAC). *Id.* at 7. The FAC includes six counts against Mr. Krotzer, IPS, Mr. Roberts, and Unknown Does 1, 3, 4, and 5. *Id.* at 7–15. These Counts include:

    (1) Malicious Abuse of Process against Defendant Krotzer,
    (2) Civil Conspiracy against Krotzer, Roberts, and IPS,
    (3) Intentional Infliction of Emotional Distress against Krotzer, Roberts, and IPS,
    (4) Constructive Bailee against Krotzer, Roberts, and IPS,
    (5) Constructive Trust against Krotzer, Roberts, and IPS,
    (6) Conversion against Krotzer, Roberts, and IPS.

*Id.*

Based on the FAC, Movants request a preliminary injunction and permanent injunction, ordering that:

    (1) Wellington immediately dismiss the Wellington III action without prejudice;[1]
    (2) Wellington and Defendant immediately seek a stay of the 7th Appeal until further notice from this Court;[2]

---

[1] The Wellington III action is the current New Mexico state district court action, *Wellington v. Krotzer*, D-202-CV-2023-05422 (2d Jud. Dist. Ct.).

[2] The 7th Appeal refers to the action that Monica Wellington and David Wellington brought in the Central District of California. According to Movants, the court dismissed that action under the doctrine of *res judicata*. This case is currently up on appeal to the Ninth Circuit.

> (3) Wellington and Defendant are prohibited from filing any motions in any lawsuit herein mentioned; and
>
> (4) Wellington and Defendant are enjoined from commencing any further lawsuit in any court that arises from the same subject matter as MTGLQ I–V or Wellington I–III

(Doc. 306) at 20. MTGLQ also requests "an order authorizing the destruction or disposal of the forfeited personal property abandoned at the Property." *Id.* at 20–21. Movants further request the Court order Monica Wellington and David Wellington to show cause and declare them vexatious litigants.

*II.    Standards of Law*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). As "an extraordinary remedy, the right to relief must be clear and unequivocal." *Hunter v. Hirsig*, 614 F. Appx. 960, 962 (10th Cir. 2015) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). The grant of a preliminary injunction is "the exception rather than the rule." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)); *see also United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established.").

To prevail on a preliminary injunction, a party must demonstrate: (1) it is likely to succeed on the merits; (2) it will suffer irreparable harm without an injunction; (3) its threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) the injunction is not adverse to the public interest. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citing *Beltronics USA, Inc. v. Midwest Inventory*

*Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)). It is the movant's burden to "establish that each of these factors tips in his or her favor." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

*III.   Discussion*

    *A.  Anti-Injunction Act*

Movants request that the Court enjoin Defendant Monica Wellington and David Wellington "from continuing to relitigate the issues, raising claims upon the same set of operative facts or usurping this Court's multiple orders declaring that they do not have an interest in the Property and any interest or claim in the forfeited personal property." (Doc. 306) at 25. In Response, Ms. Wellington argues that the Anti-Injunction Act prohibits the Court from enjoining any state court proceedings. (Doc. 313) at 1, 11.

Movants argue the All Writs Act allows federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions." (Doc. 306) at 24 (quoting 28 U.S.C. § 1651(a)).[3] The Anti-Injunction Act, however, limits the power federal courts have under the All Writs Act. Specifically, the Anti-Injunction Act prohibits federal courts from enjoining state-court proceedings barring three narrow exceptions: (1) when Congress has "expressly authorized" an injunction; (2) the injunction is "necessary in aid of the [federal district court's] jurisdiction;" and (3) the injunction is necessary to "protect or effectuate" a federal district court's pervious judgment. *Toole County v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016) (quoting 28 U.S.C. § 2283). As narrow exceptions, "courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to

---

[3] Plaintiff MTGLQ's and Movant Mr. Krotzer's arguments in their Motions encompass Cyprexx's arguments in its Renewed Motion. *Compare* (Doc. 306) *with* (Docs. 301, 309). Thus, for the sake of simplicity, the Court cites only MTGLQ's and Mr. Krotzer's Motions, (Doc. 306).

5

continue." *Id.* (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)). Only the Anti-Injunction Act's second and third exceptions are relevant in this case. The court discusses each in turn.

### 1. *Necessary in Aid of Jurisdiction Exception*

Under the second exception, federal district courts can only enjoin state-court proceedings when both the federal and state suits are in rem or quasi in rem proceedings. *Id.* "An action in rem is one founded upon the right in or to property." *Id.* (quoting *Housley v. Anaconda Co.*, 19 Utah 2d 124, 427 P.2d 390, 392 (1967)); *see also Quint v. Vail Resorts, Inc.*, 89 F. 4th 803, 814 (10th Cir. 2023) ("In an action in rem a court has already 'reduced the res to its actual possession' or 'it may later become necessary in order to effectuate the decree of the court[ ] to seize it.'" (quoting *Boynton v. Moffat Tunnel Improvement Dist.*, 57 F.2d 772, 778 (10th Cir. 1932) (noting the latter cases are referred to as quasi in rem))). This exception "requires more than a relationship between the suits and the property; both suits must also be in rem or quasi in rem proceedings." *Toole Cnty. v. United States*, 820 F.3d at 1189 (citing *Denver–Greeley Valley Water Users Ass'n v. McNeil*, 131 F.2d 67, 71 (10th Cir. 1942) ("The mere fact that...two suits relate to the same physical property does not justify a restraint of the second suit by the court first acquiring jurisdiction.")).

Here, Movants provide scant analysis in support of their contention that both the federal and state-court suits are in rem proceedings. Movants provide no support for their contention that the state-court proceeding is in rem, and it is not apparent that the state-court proceeding is in rem. Instead, Movants appear to rely on the fact that the two suits relate to the same property, but as stated above, this fact alone does not justify the extraordinary measure of enjoining the state-court proceeding. Indeed, the state-court action appears to be based on the court's authority over the individual defendants and making the state-court proceeding in personam. *Id.* (citing

*Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated 'in personam.'")). Thus, the Court finds the second exception does not apply and therefore declines to enjoin the state-court proceeding based on this exception. *See Toole Cnty.*, 820 F.3d at 1188 (citing *Smith*, 564 U.S. at 306) ("Courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue.").

2. *Necessary to Protect or Effectuate Court's Previous Judgment Exception*

The third exception—the relitigation exception—allows a federal court to prevent state litigation of an issue previously presented to and decided by the federal court. *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1108 (10th Cir. 2007) (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149 (1988)). Like the second exception, the scope of this exception is narrow. Importantly, "the [relitigation] exception does not authorize a federal court to protect the full res judicata effect of its decisions. Instead, it authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.'" *Id.* at 1110 (quoting *Chick Kam Choo*, 486 U.S. at 149 (1988)). The Tenth Circuit explained that "the main concern raised by subsequent state litigation is harassment of the opposing party." *Id.* While this is a serious concern, "it is the province of res judicata, a defense that a party is free to raise in the subsequent state-court suit." *Id.* at 1110–11 (citing *Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 643 (2d Cir. 1989).

Although David Wellington's state court action appears to be an attempt to collaterally attack this Court's prior judgments, Movants do not indicate which claims, exactly, fit within the relitigation exception. For example, it is not apparent that either Count 1 or Count 3 in the state court complaint fits into the narrow relitigation exception. In Count 1, Mr. Wellington brings a Malicious Abuse of Process claim against the state court defendants. (Doc. 307-3) at 8.

Movants point to New Mexico decisional authority to argue that the state court is precluded from granting Mr. Wellington relief based on his malicious abuse of process claim because MTGLQ prevailed in its federal lawsuit. (Doc. 306) at 29 (citing *O'Brien v Behles*, 2020-NMCA-032, ¶ 55). Even if this is true, Movants fail to explain how the relitigation exception applies to Count 1. *See Weyerhaeuser Co.* 505 F.3d at 1108 (citing *Chick Kam Choo*, 486 U.S. at 148) ("[T]he [relitigation] exception does not authorize a federal court to protect the full res judicata effect of its decisions."). Because the relitigation exception only authorizes an injunction against state adjudication of issues that this Court has decided on the merits—and does not protect the full res judicata effect of this Court's decision—the Court does not find the relitigation exception applies to Count 1.

In Count 3, David Wellington brings an Intentional Infliction of Emotion Distress (IIED) claim against the state court defendants. (Doc. 307-3) at 14. But like Count 1, Movants do not explain how the relitigation exception applies to David Wellington's IIED claim. The Court again does not find the relitigation exception applies to this Count.

Counts 2, 4, 5, and 6 differ from Counts 1 and 3 because these counts are based on issues this Court has previously adjudicated. Each of these counts directly relate to an issue this Court addressed in its Amended Writ of Assistance: namely, the disposition of any personal property not removed from the Property by 5:00 pm on July 3, 2023. This Court's Amended Writ of Assistance ordered Mr. Wellington to "cooperate with MTGLQ to remove any personal property no later than 5:00 pm on July 3, 2023." (Doc. 297) at 2. And Mr. Wellington's "[f]ailure to comply will result in the forfeiture of any personal property left at the property to MTGLQ." *Id.* Clearly, Mr. Wellington did not comply, as evidenced by his state court complaint. Now, he

attempts to avoid the consequences of his noncompliance by asserting ownership of the personal property at issue here.

Notwithstanding the fact that Counts 2, 4, 5, and 6 appear to fall within the relitigation exception, the Court finds no reason that the state court cannot resolve all the claims in front of it. Like the Tenth Circuit, this Court presumes state courts are competent to resolve claims involving res judicata. *See Weyerhaeuser Co.*, 505 F.3d at 1110–11 (citing *Chick Kam Choo*, 486 U.S. at 150); *see also Staffer*, 878 F.2d at 643 ("Here, the proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court…."). Thus, while some of the state court claims appear to fit within the relitigation exception, the Court declines to enjoin the state-court proceeding for the reasons stated below.

B. *Injunction Relief*

Although the Anti-Injunction's Act relitigation exception appears to apply to some of the state-court claims, the Court concludes injunctive relief is not necessary. As Movants acknowledge, injunctive relief is an extraordinary remedy. (Doc. 306) at 26; *see also Gen. Motors Corp.*, 500 F.3d at 1226 ("[A preliminary injunction] is the exception rather than the rule."). Because a preliminary injunction is extraordinary relief, it should only be granted when it is clearly necessary. *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla.*, 883 F.2d 888–89. As mentioned above, to be entitled to injunctive relief, a party must demonstrate that all four injunctive factors weigh in its favor. Because Movants must prove all four injunctive factors, the failure to prove any one factor precludes the Court from granting injunctive relief.

Here, the Court focuses on Movants' argument with respect to the last injunctive factor: that the injunction is not adverse to the public interest. Movants argue a preliminary injunction

9

is not adverse to the public interest because "[t]here is great public interest in ensuring that this Court's orders are obeyed." (Doc. 306) at 30. Of course, there is great interest in ensuring this Court's orders are obeyed. Movants, however, do not address why the state court is an inadequate forum to make this argument. Indeed, the state-court defendants have raised a res judicata defense that the state court has yet to rule on. *See* Memorandum Opinion and Order, *Wellington v. Krotzer*, D-202-CV-2023-05422 (2d Jud. Dist. Ct. Apr. 9, 2024). Moreover, there is great public interest in preserving principles of comity and federalism. And the Court finds no reason to upset the principles of comity and federalism by enjoining the state-court proceeding when the state-court defendants can find the relief they seek in state court. The Court determines that enjoining the state-court proceedings would be against the public interest and therefore denies Movants request for injunctive relief. Furthermore, even had MTGLQ satisfied all four injunctive factors, the overriding issues of comity would counsel this Court, in its discretion, to deny enjoining the state-court proceeding. *See Chick Kam Choo*, 486 U.S. at 150 ("[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.").

*C. Forfeited Personal Property*

The Court next turns to MTGLQ's request regarding the personal property left at the Property after the July 3, 2023 deadline. MTGLQ contends that Monica Wellington and David Wellington forfeited any personal property they failed to remove from the Property before 5:00 pm on July 3, 2023. (Doc. 306) at 30–31. In support, they cite to this Court's Amended Writ of Assistance, which, as mentioned above, clearly warned Monica Wellington and David Wellington that their failure to remove any personal property before 5:00 pm on July 3, 2023, "will result in the forfeiture of any personal property left at the property to MTGLQ." (Doc. 297) at 2. Thus, as indicated by this Court's Amended Writ of Assistance, the Court

declares that neither Monica Wellington nor David Wellington has any right, title, claim or interest in any of the personal property they failed to remove from the Property by 5:00 pm on July 3, 2023. MTGLQ may dispose of the property however it deems necessary.

D. *Show Cause*

Movants also argue that Monica Wellington and David Wellington should "show cause why they should not be held in contempt of this Court's amended writ of assistance." (Doc. 306) at 22. As mentioned above, the Amended Writ of Assistance was clear, Monica Wellington and David Wellington's failure to comply with the writ resulted in the forfeiture of any personal property left at the Property to MTGLQ. (Doc. 297) at 2. Movants further argue that Monica Wellington and David Wellington have "fail[ed] to comply with this Courts…other orders." Movants, however, do not point to any other specific orders that either Monica Wellington or David Wellington have failed to comply with. Thus, the Court declines Movants request for this Court to issue an order summoning Monica Wellington and David Wellington to show cause why they should not be held in contempt.

E. *Vexatious Litigants*

Lastly, the Court addresses Movants' request that the Court declare Monica Wellington and David Wellington vexatious litigants and "issue an appropriate order." (Doc. 306) at 21. As far as this Court can tell, the "appropriate order" Movants request is an order that:

(1) Wellington immediately dismiss the Wellington III action without prejudice;
(2) Wellington and Defendant immediately seek a stay of the 7th Appeal until further notice from this Court;
(3) Wellington and Defendant are prohibited from filing any motions in any lawsuit herein mentioned; and
(4) Wellington and Defendant are enjoined from commencing any further lawsuit in any court that arises from the same subject matter as MTGLQ I–V or Wellington I–III

11

*Id.* at 20. Having declined Movants' request for injunctive relief, the Court also declines to declare Monica and David Wellington vexatious litigants. As previously mentioned, under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the All Writs Act, like the Anti-Injunction Act, does not mandate that the Court take specific action.

At this time, the Court does not find it appropriate to declare Monica Wellington and David Wellington vexatious litigants. As mentioned above, the state court is fully capable of adjudicating its case. The Court finds it equally unnecessary to stay the pending Ninth Circuit proceedings. Movants have not indicated that either Monica Wellington or David Wellington have filed any additional actions arising from the same subject matter as MTGLQ I–V or Wellington I–III. The Court therefore denies MTGLQ's request to declare Monica Wellington and David Wellington vexatious litigants.

## IV. *Conclusion*

For the reasons discussed—and noting the extraordinary remedy of enjoining the state-court proceeding—the Court:

(1) denies Movants' request for injunctive relief, finding that Movants have not clearly and unequivocally demonstrated that all four factors tip in their favor,

(2) denies Movants' request for an order Declaring Monica Wellington and David Wellington Vexatious Litigants,

(3) denies Movants' request for an Order to Show Cause, and

(4) grants MTGLQ's request Approving the Destruction of Forfeited Abandoned Personal Property.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE